UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISTO CORPORATION,<br><br>       Plaintiff,<br><br>    v.<br><br>SPROQIT TECHNOLOGIES, INC.<br><br>       Defendant.<br>_____/ | No. C-04-0651 EMC<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR FURTHER STAY OF LITIGATION PENDING OUTCOME OF REEXAMINATION PROCEEDING; AND SETTING CASE MANAGEMENT SCHEDULE**<br>**(Docket No. 90)** |

       Defendant Sproqit Technologies, Inc. has filed a motion for further stay of litigation pending the outcome of a reexamination proceeding for the '708 patent. Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel, and good cause appearing therefor, the Court hereby DENIES the motion and establishes new case management dates.

       **I.    FACTUAL & PROCEDURAL BACKGROUND**

       Plaintiff Visto Corporation originally filed suit against Sproqit on February 15, 2004. *See* Docket No. 1 (complaint). The complaint alleged infringement of Visto's '192 patent. Subsequently, on March 9, 2004, Sproqit filed a motion to dismiss or, in the alternative, stay or transfer based on litigation taking place in a federal court in Minnesota. *See* Docket No. 5 (motion). On April 26, 2004, the Court issued an order suspending the hearing on Sproqit's motion until after the Minnesota court first ruled on a motion to dismiss or transfer that had been filed by Visto. *See* Docket No. 29 (order). The Minnesota court did not issue its ruling until some six months later. *See*

Docket No. 37 (letter). In its ruling, the court transferred the case from Minnesota to this District. This Court then issued an order on November 12, 2004, denying Sproqit's motion to dismiss as moot. *See* Docket No. 38 (order).

Subsequently, Sproqit filed its answer to Visto's complaint and also asserted several counterclaims. *See* Docket No. 41 (answer and counterclaims). Included in its counterclaims were claims for a declaratory judgment not only with respect to Visto's '192 patent but also a second patent owned by Visto, *i.e.*, the '708 patent.

The first case management conference was subsequently held on January 5, 2005. Shortly thereafter, Sproqit sought a stay of this case pending a reexamination by the PTO of the '192 patent. *See* Docket No. 60 (motion). Visto then amended its complaint pursuant to stipulation of the parties and order of the Court. *See* Docket No. 81 (amended complaint). In the amended complaint, Visto asserted patent infringement with respect to a total of four patents: the '192 patent, the '708 patent, the '131 patent, and the '221 patent. Approximately a week later, on April 20, 2005, the Court issued an order granting Sproqit's motion to stay. *See* Docket No. 82 (order). The Court stayed the entirety of the litigation given the relatedness of the four patents.

On August 9, 2005 -- almost 14 months after the request for reexamination of the '192 patent was initially made (by a third party, Seven) -- the PTO issued a notice of intent to issue ex parte reexamination certification for the '192 patent. Final agency action on the reexamination is expected to issue soon and Visto thus anticipated that the stay herein would be lifted shortly. However, on November 7, 2005, Sproqit filed the instant motion seeking a further stay because Seven had filed a request for a reexamination of the '708 patent on February 15, 2005, and the PTO had granted that request on April 8, 2005.

## II. DISCUSSION

In ruling on Sproqit's request for an additional stay, the Court considers whether the stay would unduly prejudice or present a clear tactical disadvantage the nonmoving party, whether a stay will simplify the issues in question and trial of the case, whether discovery is completed, and whether a trial date has been set. *See Target Therapeutics, Inc. v. Scimed Life Systems, Inc.*, 33 U.S.P.Q.2d 2022, 2023 (N.D.Cal. 1995).

As to prejudice to Visto, the Court notes that this case has now been pending for some 21 months with no substantive action, exchange of preliminary infringement or invalidity contentions, or discovery having taken place. This case was stayed shortly after the first case management conference. The trial date of June 5, 2006, has been set in this matter, but, given that the stay that has been in effect pending the PTO's reexamination of the '192 patent, that date is not longer realistic. As indicated herein, assuming the stay is lifted once the impending PTO final action is taken for the '192 patent, a trial date will likely be reset for late spring of 2007, more than three years after the case was filed.

Visto argues prejudice because the software field at issue in this case is subject to rapid developments and changes in technology and market conditions. Although, should Visto prevail on the merits of its infringement claims, it will be entitled to monetary damages, uncertainty and imprecision in the valuation of damages and consequential effects of infringement may render such an award less than completely adequate. Consequently, a substantial delay could result in significant prejudice to Visto in the marketplace.

Although a trial date has been set, for the same reasons stated above, this case is in its very early stages. For example, no discovery has occurred. Since nothing has been invested or committed by the parties in this litigation, Visto will not be subject to a clear tactical disadvantage in the litigation were an additional stay granted. Furthermore, the Court notes that Sproqit was not the party that initiated the reexamination of either the '192 or '708 patent. Other than a general delay and the real world consequences thereof, Sproqit would gain no particular tactical advantage within this litigation were the additional stay granted.

The pivotal factor is the likelihood that the additional stay will significantly simplify the issues and trial. Concomitantly, the Court examines the degree of inefficiency, duplication, and prejudice that will accrue to Sproqit should the stay denied. Here, there are three other patents at issue in addition to the '708 patent. The '192 patent has already been subject to reexamination; the other two patents are not subject to any pending reexamination by the PTO. Thus, the pending reexamination affects only one of the patents at issue (*i.e.*, the '708 patent).

1  To be sure, these four patents are related (*e.g.*, same accused products, similar technology, and overlapping inventors). This suggests, as Sproqit contends, that, if the 708 patent were amended as a result of the reexamination months or years from now after discovery has commenced, (a) the parties may be required to amend the infringement and invalidity contentions as to the affected claims, (b) Sproqit may be required to take a supplemental deposition of the inventor, (c) amended expert reports may have to be filed and supplemental expert depositions taken (if reexamination is not completed prior to expert disclosure likely to occur in late 2006), and (d) additional terms may have to be construed.

But this degree of inefficiency and duplication is likely to be discrete, contained, and not overwhelming. The Court notes that the parallel Texas case has already proceeded through a Markman hearing and appears ready to proceed to trial within the next several months absent a new stay therein. Also, this Court now has the benefit of the PTO's reexamination of the '192 patent. If the '708 patent is reexamined and amended, the Court will then have the benefit in construing the claims of the PTO's action at that point.

Most important, apart from the duplication of effort and inefficiency of having to amend positions and take supplemental depositions, Sproqit has not identified any irreparable strategic prejudice that would accrue to it were the stay denied. At the hearing, it could not identify any position taken that it might not take which could not be fairly revised without prejudice in response to any subsequent reexamination by the PTO of the '708 patent.

On balance, the Court concludes that the degree of simplification of issues and efficiencies that might obtain is not substantial enough to warrant a further stay in the context of the entirety of this case, including the fact that this case has now been pending for 21 months without any progression. Accordingly, Sproqit's motion for an additional stay is denied.

### III.  CASE MANAGEMENT SCHEDULE

The Court also sets the new case management conference dates.

1. TRIAL DATE

    a. Jury trial will begin on **5/7/2007 at 8:30 a.m.** in Courtroom C, 15th Floor, 450 Golden Gate, San Francisco, CA 94102.

4

1  b. The length of the trial will be not more than **twenty (20)** days. Court hours for trial are 8:30 a.m. to 1:30 p.m. Wednesdays are reserved for law and motion and other matters.

2. DEADLINES

| Obligation or Deadline | Schedule |
|---|---|
| Visto's Disclosure of Asserted Claims & Preliminary Infringement Contentions | December 28, 2005 |
| Sproqit's Preliminary Invalidity Contentions | February 8, 2006 |
| Exchange of Proposed Terms and Claim Elements for Construction | February 22, 2006 |
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence | March 15, 2006 |
| Joint Claim Construction and Prehearing Statement | April 12, 2006 |
| Visto's Opening Claim Construction Brief | May 24, 2006 |
| Sproqit's Responsive Claim Construction Brief | June 7, 2006 |
| Visto's Reply Claim Construction Brief | June 16, 2006 |
| Claim Construction Hearing | July 5, 2006 |
| Ruling on Claim Construction | Court's Discretion |
| Visto's Final Infringement Contentions | 30 days after ruling on Claim Construction |
| Sproqit's Final Invalidity Contentions | 50 days after ruling on Claim Construction |
| Fact Discovery Cut-off | September 27, 2006 |
| Expert Reports Due | October 25, 2006 |

5

| Obligation or Deadline | Schedule |
|---|---|
| Rebuttal Expert Reports Due | November 15, 2006 |
| Expert Discovery Cut-off | December 27, 2006 |
| Last Day to File Motion for Summary Judgment | January 3, 2007 |
| Last Day to Hear Motion for Summary Judgment | February 7, 2007 |

3. PRETRIAL CONFERENCE

 a. A pretrial conference shall be held on **4/18/2007 at 3:00 p.m.** in Courtroom C, 15th Floor. Lead counsel who will try the case (or the party if *pro se*) must attend. The timing of disclosures required by Federal Rule of Civil Procedure 26(a)(3) and other pretrial disclosures shall be governed by this order.

 b. **3/19/2007,** thirty (30) days prior to the date of the pretrial conference, lead counsel shall meet and confer regarding:

  (1) Preparation and content of the joint pretrial conference statement;

  (2) Preparation and exchange of pretrial materials to be served and lodged pursuant to paragraph 5(c) below; and

  (3) Settlement of the action.

 c. **3/29/2007**, twenty (20) days prior to the pretrial conference, counsel and/or parties shall:

  (1) Serve and file a joint pretrial statement that includes the pretrial disclosures required by Federal Rule of Civil Procedure 26(a)(3) as well as the following supplemental information:

   (a) *The Action.*

    (i) <u>Substance of the Action.</u> A brief description of the substance of claims and defenses which remain to be decided.

6

  (ii) <u>Relief Prayed.</u> A detailed statement of all the relief claims, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

(b) *The Factual Basis of the Action.*

  (i) <u>Undisputed Facts.</u> A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

  (ii) <u>Disputed Factual Issues.</u> A plain and concise statement of all disputed factual issues which remain to be decided.

  (iii) <u>Agreed Statement.</u> A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

  (iv) <u>Stipulations.</u> A statement of stipulations requested or proposed for pretrial or trial purposes.

(c) *Disputed Legal Issues.*

Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief, citing supporting statues and decisions.

(d) *Trial Preparation.*

  (i) <u>Witnesses to Be Called.</u> With regard to witnesses disclosed pursuant to Federal Civil Rule of Civil Procedure 26(a)(3)(A), a brief statement describing the substance of the testimony to be given.

  (ii) <u>Estimate of Trial Time.</u> An estimate of the number of hours needed for the presentation of each party's case, indicating possible reductions in time through proposed stipulations,

agreed statements of facts, or expedited means of presenting testimony and exhibits.

   (iii) <u>Use of Discovery Responses.</u>  Designate excerpts from discovery that the parties intend to present at trial, other than solely for impeachment or rebuttal, from depositions specifying the witness page and line references, from interrogatory answers, or from responses to requests for admission.

 (e) *Trial Alternatives and Options.*

   (i) <u>Settlement Discussion.</u>  A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

   (ii) <u>Amendments, Dismissals.</u>  A statement of requested or proposed amendments to pleadings or dismissals of parties, claims or defenses.

 (f) *Miscellaneous.*

Any other subjects relevant to the trial of the action or material to its just, speedy and inexpensive determination.

(2) Serve and file trial briefs, motions <u>in limine</u> (including any motion regarding the qualifications or testimony or any expert witness), proposed voir dire questions, jury instructions, verdict forms and excerpts from discovery that will be offered at trial (include a copy of the deposition testimony or admission).  The parties shall submit proposed jury instructions jointly.  If there are any instructions on which the parties cannot agree, those instructions may be submitted separately;

(3) Serve and file an exhibit setting forth the qualifications and experience for each expert witness;

8

(4) Serve and file a list of each party's exhibits by number (plaintiff) or letter (defendant), including a brief statement describing the substance and purpose of each exhibit and the mane of the sponsoring witness;

(5) Exchange exhibits which shall be <u>premarked</u> (plaintiff shall use umbers; defendant shall use letters) and <u>tabbed</u>; and

(6) Deliver <u>two</u> sets of all premarked exhibits to chambers (exhibits are not to be filed).

No party shall be permitted to call any witness or offer any exhibit in its case in chief that is not disclosed in its pretrial statement without leave of the Court and for good cause.

d. **4/9/2007**, ten (10) days prior to the pretrial conference, after meeting and conferring in a good faith attempt to resolve any objections, counsel and/or parties shall serve and file: (1) any objections to exhibits or to use of deposition excerpts or other discovery; (2) any objections to witnesses, including the qualifications of an expert witness; (3) any objection to proposed voir dire questions, jury instructions and verdict forms that the parties have been unable in good faith to resolve; (4) any opposition to a motion <u>in limine</u>. No replies shall be filed.

e. All motions <u>in limine</u> and objections shall be heard at the pretrial conference.

### IV. <u>CONCLUSION</u>

For the foregoing reasons, Sproqit's motion for an additional stay is denied.

This order disposes of Docket No. 90.


IT IS SO ORDERED.


Dated: November 16, 2005

                                              EDWARD M. CHEN
                                              United States Magistrate Judge