With the submission of the enclosed information, Applicant believes the duty to disclose to the Office, all information known to be material to the patentability of this reexamination proceeding, is now satisfied.

In the event any fees are required in connection with the filing of this 2nd supplemental filing, the Commissioner is hereby authorized to charge the fees associated with this filing to the Deposit Account of Manatt, Phelps & Phillips, LLP, Account No. **50**-1847.

Respectfully submitted,

MANATT, PHELPS & PHILLIPS
Attorneys for Applicants

Date: 18 July 2005

Pamela S. Merkadeau
Registration Number 53,318

Manatt, Phelps, & Phillips, LLP
1001 Page Mill Road, Bldg 2
Palo Alto, CA 94304
Tel: 650-812-1300
Fax: 650-213-0260

20138728.1

Approved for use through 10/31/2006. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449A/PTO **ORIGINAL** INFORMATION DISCLOSURE STATEMENT BY APPLICANT | Complete if Known | |
|---|---|---|
| | Application Number | 90/007,093 |
| | Filing Date | 06/18/2004 |
| | First Named Inventor | Daniel J. Mendez |
| | Art Unit | 2163 |
| | Examiner Name | Alford W. Kindred |
| Sheet 1 of 1 | Attorney Docket Number | 25587-033-005 RE |

## NON PATENT LITERATURE DOCUMENTS

| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city | T[2] |
|---|---|---|---|
| | A | IntelliLink Corporation, ItelliLink for Windows Release 3.0, "User's Guide" 1994, Nashua, NH | |
| | B | Lotus Development Corporation, Lotus Notes Release 4, "Application Developer's Guide" 1995, Cambridge, MA | |
| | C | Lotus Development Corporation, Lotus Notes Release 3.3 North American Server Edition, "Lotus Notes, the Groupware Standard" 1994, Cambridge, MA | |
| | D | Sams Publishing, Dahl, Andrew, "Lotus Notes 4 Administrator's Survival Guide," 1996, Indianapolis, IN | |
| | E | Sams Publishing, Tamura, et al., "Lotus Notes 4 Unleashed," 1996, Indianapolis, IN | |
| | F | Advisor Publications – Lotus Notes Advisor, Pyle, Hugh, "The Notes Architecture," 1995 | |
| | G | Advisor Publications – Lotus Notes Advisor, Augun, Audry, "Integrating Lotus Notes with Enterprise Data," 1996 | |
| | H | Advisor Publications – Lotus Notes Advisor, Opyt, Barbara and Dale, Robert, "Use the Internet as Your Lotus Notes WAN," 1996 | |
| | I | Lotus Development Corporation, Lotus Notes Knowledge Base, "What is the Notes Replicator?" 1995, Cambridge, MA | |
| | J | Lotus Development Corporation, Lotus Notes Knowledge Base, "Firewall Security Overview and How Firewalls Relate to Lotus Notes" 1996, Cambridge, MA | |
| | K | Network Computing, Frenkel, Garry, "Pumping for Info: Notes and Database Integration," 1996 | |
| | L | IBM Corporation, Hawker et al., "Secrets to Running Lotus Notes: The Decisions No One Tells You How to Make," 1996, Research Triangle Park, NC | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|
| | | | |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
1 Applicant's unique citation designation number (optional). 2 Applicant is to place a check mark here if English language Translation is attached.
This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.
If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

Approved for use through 07/31/2006. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449A/PTO | **Complete if Known** | |
|---|---|---|
| | Application Number | 90/007,093 |
| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | Filing Date | 06/18/2004 |
| | First Named Inventor | Daniel J. Mendez |
| | Art Unit | 2163 |
| | Examiner Name | Alford W. Kindred |
| Sheet | 1 | of | 1 | Attorney Docket Number | 25587-033-005 RE |

## NON PATENT LITERATURE DOCUMENTS

| Examiner Initials* | Cite No.[1] | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city | T[2] |
|---|---|---|---|
| | A | IntelliLink Corporation, ItelliLink for Windows Release 3.0, "User's Guide" 1994, Nashua, NH | |
| | B | Lotus Development Corporation, Lotus Notes Release 4, "Application Developer's Guide" 1995, Cambridge, MA | |
| | C | Lotus Development Corporation, Lotus Notes Release 3.3 North American Server Edition, "Lotus Notes, the Groupware Standard" 1994, Cambridge, MA | |
| | D | Sams Publishing, Dahl, Andrew, "Lotus Notes 4 Administrator's Survival Guide," 1996, Indianapolis, IN | |
| | E | Sams Publishing, Tamura, et al., "Lotus Notes 4 Unleashed," 1996, Indianapolis, IN | |
| | F | Advisor Publications – Lotus Notes Advisor, Pyle, Hugh, "The Notes Architecture," 1995 | |
| | G | Advisor Publications – Lotus Notes Advisor, Augun, Audry, "Integrating Lotus Notes with Enterprise Data," 1996 | |
| | H | Advisor Publications – Lotus Notes Advisor, Opyt, Barbara and Dale, Robert, "Use the Internet as Your Lotus Notes WAN," 1996 | |
| | I | Lotus Development Corporation, Lotus Notes Knowledge Base, "What is the Notes Replicator?" 1995, Cambridge, MA | |
| | J | Lotus Development Corporation, Lotus Notes Knowledge Base, "Firewall Security Overview and How Firewalls Relate to Lotus Notes" 1996, Cambridge, MA | |
| | K | Network Computing, Frenkel, Garry, "Pumping for Info: Notes and Database Integration," 1996 | |
| | L | IBM Corporation, Hawker et al., "Secrets to Running Lotus Notes: The Decisions No One Tells You How to Make," 1996, Research Triangle Park, NC | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
1 Applicant's unique citation designation number (optional). 2 Applicant is to place a check mark here if English language Translation is attached.
This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.
If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

**Fax Transmission**

# manatt
manatt | phelps | phillips

Manatt, Phelps & Phillips, LLP
1001 Page Mill Road, Building 2, Palo Alto, California 94304-1006
Telephone: 650.812.1300 Fax: 650.213.0260

Client\Matter: 25587-061          Time in:

                                  Fax Number:              Confirmation Number:

To:          **USPTO**
             **Examiner Alford W. Kindred**     **(571) 273-0100**      **(571) 272-4037**
             **Group Art Unit 2163**

From:        **Vivian Y. Buijten for Pamela S. Merkadeau**

Date:        **July 7, 2005**

Pages including
cover:       **46**

             If you do not receive all of the pages please call (650) 812-1325 as soon as
             possible. Thank you.

Sender's Comments:     Re:  Applicant:              **Visto Corporation**
                            Patent No.:             **6,085,192**
                            Application/Control No.: **90/007,093**
                            Filed:                  **06/18/2004**
                            For:   **SYSTEM AND METHOD FOR SECURELY
                                   SYNCHRONIZING MULTIPLE COPIES OF A WORKSPACE
                                   ELEMENT IN A NETWORK**
                            Confirmation No.:       **9956**
                            Attorney(s):            **Pamela S. Merkadeau,
                                                    Manatt, Phelps & Phillips, LLP**
                            Docket No.:             **25587-033-005 RE**

This message is intended only for the use of the individual or entity to which it is addressed, and
may contain information that is privileged, confidential and exempt from disclosure under
applicable law. If the reader of this message is not the intended recipient, you are hereby
notified that any dissemination, distribution or copying of this communication is strictly prohibited.
If you have received this communication in error, please notify us immediately by telephone and
return the original message to us at the above address via the U.S. postal service. Thank you.

Operator Use Only    Operator's Name                    Comments:

                     Total Pages:            Time transmission completed:      a.m.
                                             p.m.

USPTO
Examiner Alford W. Kindred
Group Art Unit 2163
July 7, 2005
Page 2

Examiner Kindred:

Since there was a question as to whether or not an Examiner's Amendment could be entered, attached is an Amendment. The Amendment is consistent with the Communication previously sent and discussed at the Interview of July 6, 2005.

We also realized you do not have a copy of the Claim Construction Order entered by the Court in Case No. 2:03-CV-333-TJW, United States District Court For the Eastern District of Texas, Marshall Division. A copy is enclosed for your consideration.

I look forward to hearing from you and receiving a Notice of Intent to Issue Certification of Reexamination in accordance with our conversation.

Kindest Regards,

Pam Merkadeau

UPON RECEIPT OF THIS TRANSMISSION, PLEASE HAVE THE ENTIRE TRANSMISSION ( 46 PAGES TOTAL, INCLUDING THIS COVER) DELIVERED TO EXAMINER ALFORD W. KINDRED, GROUP ART UNIT 2163.

20138042.1

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. postal service. Thank you.

Operator Use Only

Operator's Name                    Comments:

Total Pages:                       Time transmission completed:       a.m.
                                                                      p.m.

PATENT
Serial No. 90/007,093

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re reexamination of: 6,085,192 | Confirmation No.: 9956 |
| First Named Inventor: Daniel J. Mendez | Examiner: Alford W. Kindred |
| Control No.: 90/007,093 | Group Art Unit: 2163 |
| Filed: 06/18/2004 | Attorney Docket No.: 25587-033-005 RE |
| For: SYSTEM AND METHOD FOR SECURELY SYNCHRONIZING MULTIPLE COPIES OF A WORKSPACE ELEMENT IN A NETWORK | |

## AMENDMENT UNDER 37 CFR 1.116

Mail Stop AF
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

The following amendments and remarks are filed under the provisions of 37 CFR 1.116 in response to the Final Office Action mailed June 13, 2005, and the Examiner Interview of July 6, 2005.

Amendments to the Claims are reflected in the listing of claims which begins on page 2 of this paper.

Remarks/Arguments begin on page 10 of this paper.

1

PATENT
· Serial No. 90/007,093

IN THE CLAIMS:

Claims 1, 2, 6-8, 10, 11 and 21-25 have been amended herein.  Claim 19 has been cancelled without prejudice or disclaimer.  Please note that all claims currently pending and under consideration in the referenced application are shown below.  Please enter these claims as amended.  This listing of claims will replace all prior versions and listings of claims in the application.

Listing of Claims:

1. (Currently Amended)  A computer-based method comprising the steps of:

(a) establishing a communications channel through a firewall using an HTTP port or an SSL port;

(a) (b) generating first examination results from first version information which indicates whether a first workspace element stored at a first store within a the firewall has been modified;

(b) (c) generating second examination results from second version information which indicates whether an independently-modifiable copy of the first workspace element has been modified, the copy being stored at a second store on a smart phone outside the firewall;

(c) (d) initiating steps (a) (b) and (b) (c) from within the firewall through the communications channel when predetermined criteria have been satisfied;

(d) (e) generating a preferred version from the first workspace element and from the copy based on the first and second examination results, wherein if only one of the first workspace element and the copy has been modified, then the step of generating includes selecting the one as the preferred version; and

(e) (f) storing the preferred version at the first store and at the second store.

2. (Currently Amended)  A computer-based method comprising the steps of:

(a) generating first examination results from first version information which indicates whether a first workspace element stored at a first store within a firewall has been modified;

(b) generating second examination results from second version information which indicates whether an independently-modifiable copy of the first workspace element has been modified, the copy being stored at a second store outside the firewall;

2

PATENT
Serial No. 90/007,093

(c) initiating steps (a) and (b) from within the firewall when predetermined criteria have been

satisfied.

(d) generating a preferred version from the first workspace element and from the copy based on

the first and second examination results; and

(e) storing the preferred version at the first store and at the second store;

~~The method of claim 1~~ wherein the second store is on a global server outside the firewall and

which is protected by a global firewall.

3. (Original) The method of claim 1 wherein the first version information includes the

date and time the first workspace element was last modified and the second version information

includes the date and time the copy was last modified.

4. (Original) The method of claim 3 wherein generating the first examination results

includes the step of comparing the first version information against a date and time of last

synchronization.

5. (Original) The method of claim 3 wherein generating the second examination results

includes the step of comparing the second version information against a date and time of last

synchronization.

6. (Currently Amended) A computer-based method comprising the steps of:

(a) generating first examination results from first version information which indicates whether a

first workspace element stored at a first store within a firewall has been modified;

(b) generating second examination results from second version information which indicates

whether an independently-modifiable copy of the first workspace element has been

modified, the copy being stored at a second store outside the firewall;

(c) initiating steps (a) and (b) from within the firewall when predetermined criteria have been

satisfied;

(d) generating a preferred version from the first workspace element and from the copy based on

the first and second examination results;

(e) storing the preferred version at the first store and at the second store; and

3

PATENT
Serial No. 90/007,093

~~The method of claim 1 further comprising,~~ before generating the first examination results, the

step of updating the first version information whenever the first workspace element is

modified.

7. (Currently Amended) A computer based method comprising the steps of:

(a) generating first examination results from first version information which indicates whether a

first workspace element stored at a first store within a firewall has been modified;

(b) generating second examination results from second version information which indicates

whether an independently-modifiable copy of the first workspace element has been

modified, the copy being stored at a second store outside the firewall;

(c) initiating steps (a) and (b) from within the firewall when predetermined criteria have been

satisfied;

(d) generating a preferred version from the first workspace element and from the copy based on

the first and second examination results;

(e) storing the preferred version at the first store and at the second store; and

~~The method of claim~~ 1 ~~further comprising,~~ before generating the second examination results, the

step of updating the second version information whenever the copy is modified.

8. (Currently Amended) A computer-based method comprising the steps of:

(a) generating first examination results from first version information which indicates whether a

first workspace element stored at a first store within a firewall has been modified;

(b) generating second examination results from second version information which indicates

whether an independently-modifiable copy of the first workspace element has been

modified, the copy being stored at a second store outside the firewall;

(c) initiating steps (a) and (b) from within the firewall when predetermined criteria have been

satisfied;

(d) generating a preferred version from the first workspace element and from the copy based on

the first and second examination results;

(e) storing the preferred version at the first store and at the second store; and

~~The method of claim~~ 1 wherein if only one of the first workspace element and the copy has been

modified, then the step of generating includes selecting the one as the preferred version.

4

PATENT
Serial No. 90/007,093

9. (Original) The method of claim 1 further comprising the step of locating the first workspace element, the first version information, the copy and the second version information.

10. (Currently Amended) A system comprising:

a communications channel through a firewall comprising one of an HTTP port and an SSL port;

a general synchronization module for operating within a the first firewall and for examining first version information to determine whether a first workspace element at a first store has been modified;

a synchronization agent for operating outside the first firewall and for forwarding to the general synchronization module second version information which indicates whether an independently modifiable copy of the first workspace element at a second store on a smart phone has been modified;

a synchronization-start module for operating within the first firewall and for initiating the general synchronization module and the synchronization agent when predetermined criteria have been satisfied;

means for generating a preferred version from the first workspace element and from the copy by comparing the first version information and the second version information, wherein if only one of the first workspace element and the copy has been modified, then the means for generating selects the one as the preferred version; and

means for storing the preferred version at the first store and at the second store.

11. (Currently Amended) The system of claim 10 further comprising a communications module for communicating through the first firewall, wherein the first firewall is positioned between a trusted network and the Internet.

12. (Original) The system of claim 10 wherein the synchronization agent and the second store are on a global server which is protected by a global firewall.

13. (Original) The system of claim 12 further comprising a communications module for communicating through the first firewall and through the global firewall.

5

PATENT
Serial No. 90/007,093

14. (Original) The system of claim 10 wherein the first version information includes the date and time the first workspace element was last modified and the second version information includes the date and time the copy was last modified.

15. (Original) The system of claim 14 wherein the general synchronization module compares the first version information against a date and time of last synchronization.

16. (Original) The system of claim 14 wherein the synchronization agent compares the second version information against the date and time of last synchronization.

17. (Original) The system of claim 10 further comprising means for updating the first version information whenever the first workspace element is modified.

18. (Original) The system of claim 10 further comprising means for updating the second version information whenever the copy is modified.

19. (Cancelled)

20. (Original) The system of claim 10 further comprising a locator module for locating the first store, the first workspace element, the first version information, the second store, the copy and the second version information.

21. (Currently Amended) A system comprising:

first means for generating first examination results from first version information which indicates
    whether a first workspace element stored at a first store within a firewall has been
    modified;

second means for generating second examination results from second version information which
    indicates whether an independently modifiable copy of the first workspace element has
    been modified, the copy being stored at a second store on a smart phone outside the
    firewall;

means for updating the first version information whenever the first workspace element is
    modified or updating the second version information whenever the copy is modified;

means for initiating the first and second means from within the firewall when predetermined
    criteria have been satisfied; .

PATENT
Serial No. 90/007,093

means for generating a preferred version from the first workspace element and from the copy

based on the first and second examination results; and

means for storing the preferred version at the first store and at the second store.

22. (Currently Amended) A computer-readable storage medium storing program code for

causing a computer-based system to perform the steps of:

(a) generating first examination results from first version information which indicates whether a

first workspace element stored at a first store within a firewall positioned between a

trusted network and the Internet has been modified;

(b) generating second examination results from second version information which indicates

whether an independently-modifiable copy of the first workspace element has been

modified, the copy being stored at a second store on a smart phone outside the firewall;

(c) initiating steps (a) and (b) from within the firewall through an Internet communications

channel when predetermined criteria have been satisfied;

(d) generating a preferred version from the first workspace element and from the copy based on

the first and second examination results, wherein if only one of the first workspace

element and the copy has been modified, then selecting the one as the preferred version;

and

(e) storing the preferred version at the first store and at the second store.

23. (Currently Amended) A computer-based method comprising the steps of:

(a) establishing a secure communications channel through a firewall using an HTTP port or an

SSL port;

(a) (b) generating first examination results from first version information which indicates

whether a first workspace element stored at a first store within a the firewall has been modified;

(c) before generating the first examination results, the step of updating the first version

information whenever the first workspace element is modified;

(b) (d) generating second examination results from second version information which indicates

whether an independently-modifiable copy of the first workspace element has been

modified, the copy being stored at a second store outside the firewall;

(c) (e) initiating steps (a) (b) and (b) (d) from within the firewall when predetermined criteria

7

PATENT
Serial No. 90/007,093

have been satisfied;

(d) (f) determining based on the first and second examination results that both the first workspace element and the copy have been modified; and

(e) (g) storing both the first workspace element and the copy at the first store and at the second store, wherein the second store comprises a smart phone.

24. (Currently Amended) A system comprising:

first means for generating first examination results from first version information which indicates whether a first workspace element stored at a first store within a firewall has been modified;

second means for generating second examination results from second version information which indicates whether an independently-modifiable copy of the first workspace element has been modified, the copy being stored at a second store outside the firewall;

means for updating the first version information whenever the first workspace element is modified or updating the second version information whenever the copy is modified;

means for initiating the first and second means from within the firewall when predetermined criteria have been satisfied;

means for determining based on the first and second examination results that both the first workspace element and the copy have been modified; and

means for storing both the first workspace element and the copy at the first store and at the second store, wherein the second store comprises a smart phone.

25. (Currently Amended) A system comprising:

a global server for operating outside a firewall and including memory for storing first workspace data and corresponding first version information; and

a synchronization agent for managing the first workspace data and the corresponding first version information and for communicating with remote clients; and

means for updating the first version information whenever the first workspace element is modified;

a remote client for operating within the firewall and including memory for storing second workspace data and corresponding second version information;

8

⌐

PATENT
Serial No. 90/007,093

means for cooperating with the synchronization agent to synchronize the first workspace data

with the second workspace data by examining the first version information and the

second version information; and

a synchronization-start module for initiating workspace data synchronization between the global

server and the remote client.

9

PATENT
Serial No. 90/007,093

### REMARKS

In the Final Office Action mailed June 13, 2005, the Examiner confirmed the patentability of claims 2-8 and 12-19, and rejected claims 1, 9-11 and 20-25 under 35 U.S.C. § 103(a). Applicants have amended claims 2 and 6-8 below into independent form including all the limitations of base claim 1 from which claims 2 and 6-8 originally depended.

Applicants have amended claims 1, 10, 11 and 21-25 to recite limitations which the Examiner has indicated to be allowable subject matter at the recent interview of July 7, 2005, as well as to include limitations directed to further clarifying the features of previously recited claim elements.

As discussed with the Examiner at the Interview of July 6, 2005, the above-described amendments are supported by the as-filed specification and put all claims in condition for allowance.

Applicants have amended claims 1, 10 and 22 to include the limitations directed to selecting a preferred version previously recited in claims 8 and 19 which, in combination with other elements of the claims, the Examiner has indicated as being allowable subject matter in the Final Office Action. Claim 19 has been cancelled in accordance therewith. Claims 21 and 23-25 have been amended to recite limitations directed to the concept of updating version information when a workspace element has been modified, as previously recited in claims 6, 7, 17 and 18 which, in combination with other elements of the claims, the Examiner has also indicated as being allowable subject matter.

Claims 1, 10 and 21-24 have been further amended to clarify that the previously recited second store comprises a "smart phone." Support for this amendment can be found in the originally filed specification at page 9, lines 8-10. Claims 11 and 22 have been amended to clarify that the previously recited firewall is "positioned between a trusted network and the Internet." Support for this amendment can be found in the originally filed specification at page 7, lines 5-10, and further in the originally filed specification of pending U.S. Patent Application Serial No. 08/841,950 at page 2, lines 13-16, which is incorporated by reference into the specification of the present patent. Claims 1, 10 and 23 have also been amended to recite

10

limitations directed to the concept of a communications channel through the previously recited firewall using an HTTP port or an SSL port.  Support for this amendment can be found in the originally filed specification at page 7, lines 1-10 and page 12, lines 17-21, as well as in the originally filed specification of the incorporated 08/841,950 application at page 2, line 14 – page 3, line 15 and page 22, lines 4-12.

## CONCLUSION

Based on the foregoing, claims 1-18 and 20-23 are believed to be in condition for allowance, and Applicants respectfully request the case be passed to issuance.

Respectfully submitted,

Pamela Makradeau
Registration No. 53,318
Attorney for Patent Owner(s)

MANATT, PHELPS & PHILLIPS LLP
1001 Page Mill Rd, Bldg 2
Palo Alto, California 94304
650-812-1375  Telephone
650-213-0260  Facsimile

Date: July 7, 2005

20157924 1

11

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| VISTO CORPORATION | § | |
| v. | § | No. 2:03-CV-333-TJW |
| SEVEN NETWORKS, INC. | § | |

**E-filing**

**ORDER**

**1.     Introduction.**

Visto Corporation ("Visto") asserts that Seven Networks, Inc. ("Seven") infringes various claims of four United States Patents.  The parties filed briefs in support of their respective claim construction positions, and the court held a *Markman* hearing.  After considering the record, the arguments of counsel, and the applicable law, the court issues this opinion to construe the claims of the various patents in suit.

**2.     Description of the Technology.**

Visto asserts claims from four patents, all of which are related to data synchronization methods and systems.  To understand the claim terms and the parties' disputes, an examination of the technology is helpful.  The court will first discuss the '192 and the '131 patents.  Then, the court will examine the '221 patent.  Finally, the court will address the '708 patent.

Two of the patents, the '192 and the '131, are entitled "System and Method for Securely Synchronizing Multiple Copies of a Workspace Element in a Network."  The '131 Patent is a continuation of the application which led to the issuance of the '192 patent, and the two patents have

very similar specifications. In the specifications, the Summary of the Invention states that the invention "provides a system and method for synchronizing multiple copies of a workspace element in a secure network environment." *See* '192 Patent, Col. 1, ll. 52-54. The secure network environment includes a global server connected to multiple clients. *Id.* at ll. 54-55. Clients using the system and method can automatically synchronize workspace data between multiple sites independent of whether the sites are protected by site firewalls. *Id.* at ll. 56-59.

According to the patents, the system includes a general synchronization module at the client site for operating within a first firewall and for examining first version information to determine whether a first workspace element has been modified. The system further includes a synchronization agent at the global server for operating outside the first firewall and for forwarding to the general synchronization module second version information which indicates whether an independently modifiable copy of the first workspace element has been modified. The system includes means for generating a preferred version from the first workspace element and from the copy by comparing the first version information and the second version information, and means for storing the preferred version at the first store and at the second store. *Id.* at ll. 60-67; Col. 2, ll. 1-15.

Figure 1 depicts an overall system and includes a remote terminal linked to a global server protected by a global firewall. The global server, in turn, is linked via a communications channel to a corporate LAN protected by a corporate firewall. One copy of workspace data, such as e-mail information, file information, and calendar information, is stored on the global server and may be modified through the remote terminal by accessing the global server. The global server stores version information which indicates the date and time that the workspace data has been modified.

Figure 3 of the patent depicts a desktop computer on the LAN, with workspace data (called

2

"user data" in the drawing) as well as corresponding version information. In the drawing, the version information is depicted as a component of the user data stored in memory. The computer includes a base system 190 loaded into RAM along with the operating system and the desktop service engine. Figure 4 describes the base system as including various software modules. The base system includes a communications module for communicating through the communications interface shown in Figure 3. The base system also includes a user interface module with routines for communicating with a user such as through a graphical user interface. A locator module is also a component of the base system. That module includes code for determining the location in memory of workspace elements (subsets of workspace data).

The data synchronization process is initiated by the synchronization-start module. The patents explain, through their descriptions of the preferred embodiment, that synchronization may occur at predetermined times, such as start-up, shut-down, or timed intervals. The process begins when the general synchronization module issues a request from inside the LAN to a synchronization agent on the global server outside the LAN. The synchronization agent examines version information of an independently modifiable copy of workspace data stored on the global server and forwards back to the general synchronization module inside the LAN the version information of that data determined to be modified after the last synchronization. The general synchronization module has routines for examining version information from the workspace data stored inside the LAN and comparing it to the version information forwarded by the synchronization agent to determine, ultimately, a preferred version of the data. The software has routines when then store the preferred version in memory in both locations.

To handle the situation where both the version information stored on the LAN and the

3

independently modifiable copy of the version information stored on the global server have been modified since the last synchronization sequence, the base system includes a content-based synchronization module. This module includes routines which may, for example, prompt the user to select a preferred version, integrate the content of both changes, or store both versions at both memory locations.

The '192 and the '131 patents refer to a global server protected by a global firewall. The global server stores an independently modifiable copy of workspace data. In the invention described in the '221 patent, a user can gain secure access from a remote terminal to a global server using any terminal coupled through a communications channel (such as the Internet) to the global server. The global server, in turn, is coupled through a communications channel to a LAN.

In the description of the preferred embodiment of the '221 patent, a remote user seeks to access a service available on the global server. The global server might provide, for example, an e-mail service accessible from a remote terminal located outside the LAN. To access the e-mail service, the remote user initiates a communications link with the global server. The server downloads a security applet to the remote terminal.[1] '221 Patent, Col. 8, ll. 47-49. The applet polls the remote user for information and responds back to the global server, which examines the response and uses the information to identify and authenticate the user. Id. at 50-54. Once the user is "in," so-to-speak, he or she may then securely access the services provided on the global server. Depending on the level of security clearance enjoyed by the remote user, the system also describes an optional procedure for using the global server as a proxy to access the various services.

---

[1]     An applet is a small, self-contained program designed to be executed from within another application.

4

The global server incorporates a translator to aid in synchronizing multiple copies of workspace data. The patent refers to the translator as a "global translator." By using the global translator, the global server is able to store certain workspace data in a "global format" and may also determine the differences between workspace data stored on the LAN and the data stored in memory on a remote access device, such as a smart phone. Using the synchronization routines provided by software, clients on the system are able to synchronize data maintained on the remote device, the global server and the storage on the LAN.

As indicated, the global server described in the '221 patent refers to a global translator. The invention claimed by the '708 patent involves a translator used to maintain data consistency when a system synchronizes data stored in different formats at different locations. In the Background of the Invention, the inventors observe that data consistency problems may arise when using application programs from different vendors. A user who uses the Netscape Navigator browser at home, but the Internet Explorer browser at work, may have bookmarks saved in two different formats. Because the programs store the bookmarks in different formats and in different folders, the user runs the risk of having inconsistent bookmarks at each location. The invention of the '708 patent describes a global translator used to maintain data consistency when workspace data is stored in different formats.

In the preferred embodiment, workspace data may be stored in a corporate LAN in Format A. Workspace data may also be stored in Format B on a remote terminal. '708 Patent, Fig. 1, Col. 3, ll. 29-47.[2] The remote terminal is coupled through a communications channel to a global server,

---

[2]   The patent makes clear also that one of skill in the art would understand that each different type of workspace data (bookmarks, emails, documents, etc.) could be maintained in a different format in each of the locations. '708 Patent, ll. 36-41.

5

which, in turn, is coupled through a communications channel to the LAN.

The global server maintains a copy of workspace data in a "global format," which is selected to be easily translatable by the translator to and from Format A and to and from Format B. The global translator incorporates all of the information needed by both formats (Format A and Format B) to create the global format. For example, if a bookmark in Format A needs elements X, Y, and Z, and a bookmark in Format B needs elements W, X, and Y, then the global translator incorporates all four elements (W, X, Y, and Z) to create a bookmark in the global format. In addition, the global translator incorporates into the global format of the workspace element (in this case, the bookmark) all of the information needed by the synchronization means such as the last modified date.[1]

As illustrated in the flowchart of Figure 7, the process begins when a user selects a workspace element of workspace data to synchronize. The locator modules determine the memory location of the workspace elements in Format A, Format B and the global format. The general synchronization modules in the base system on the LAN and on the global server determine, by comparing the last date and type of modification with the last synchronization signature, whether any workspace elements stored in either location have been modified. Working in conjunction with the base systems and synchronization modules of the remote device and the base system and synchronization module on the LAN, the global translator is able to translate the updated versions into the formats used by the remote device and on the LAN. The system then stores the updated information at both locations, as well as in the global format on the global server. By doing so, the

_____

[1]      Thus, as illustrated in Figure 6 of the patent, a bookmark in the global format includes a user identification, an entry ID, a parent ID, a folder ID flag, a name, a description, the Uniform Resource Locator, the position, a deleted ID flag, a last modified date, a created date, and a separation ID flag.

6

invention described by the '708 patent maintains data consistency when synchronizing multiple
versions of workspace data maintained in different locations in different formats.

3.      **Legal Principles Applicable to Claim Construction.**

"A claim in a patent provides the metes and bounds of the right which the patent confers on
the patentee to exclude others from making, using or selling the protected invention." *Burke, Inc. v.
Bruno Indep. Living Aids, Inc.*, 183 F.3d 1334, 1340 (Fed. Cir. 1999). Claim construction is an issue
of law for the court to decide. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 970-71 (Fed.
Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996).

To ascertain the meaning of claims, the court looks to three primary sources: the claims, the
specification, and the prosecution history. *Markman*, 52 F.3d at 979. Under the patent law, the
specification must contain a written description of the invention that enables one of ordinary skill
in the art to make and use the invention. A patent's claims must be read in view of the specification,
of which they are a part. *Id.* For claim construction purposes, the description may act as a sort of
dictionary, which explains the invention and may define terms used in the claims. *Id.* "One purpose
for examining the specification is to determine if the patentee has limited the scope of the claims."
*Watts v. XL Sys., Inc.*, 232 F.3d 877, 882 (Fed. Cir. 2000).

Nonetheless, it is the function of the claims, not the specification, to set forth the limits of
the patentee's claims. Otherwise, there would be no need for claims. *SRI Int'l v. Matsushita Elec.
Corp.*, 775 F.2d 1107, 1121 (Fed. Cir. 1985) (en banc). The patentee is free to be his own
lexicographer, but any special definition given to a word must be clearly set forth in the
specification. *Intellicall, Inc. v. Phonometrics*, 952 F.2d 1384, 1388 (Fed. Cir. 1992). And, although
the specification may indicate that certain embodiments are preferred, particular embodiments

invention described by the '708 patent maintains data consistency when synchronizing multiple versions of workspace data maintained in different locations in different formats.

3.     **Legal Principles Applicable to Claim Construction.**

"A claim in a patent provides the metes and bounds of the right which the patent confers on the patentee to exclude others from making, using or selling the protected invention." *Burke, Inc. v. Bruno Indep. Living Aids, Inc.*, 183 F.3d 1334, 1340 (Fed. Cir. 1999). Claim construction is an issue of law for the court to decide. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 970-71 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996).

To ascertain the meaning of claims, the court looks to three primary sources: the claims, the specification, and the prosecution history. *Markman*, 52 F.3d at 979. Under the patent law, the specification must contain a written description of the invention that enables one of ordinary skill in the art to make and use the invention. A patent's claims must be read in view of the specification, of which they are a part. *Id.* For claim construction purposes, the description may act as a sort of dictionary, which explains the invention and may define terms used in the claims. *Id.* "One purpose for examining the specification is to determine if the patentee has limited the scope of the claims." *Watts v. XL Sys., Inc.*, 232 F.3d 877, 882 (Fed. Cir. 2000).

Nonetheless, it is the function of the claims, not the specification, to set forth the limits of the patentee's claims. Otherwise, there would be no need for claims. *SRI Int'l v. Matsushita Elec. Corp.*, 775 F.2d 1107, 1121 (Fed. Cir. 1985) (en banc). The patentee is free to be his own lexicographer, but any special definition given to a word must be clearly set forth in the specification. *Intellicall, Inc. v. Phonometrics*, 952 F.2d 1384, 1388 (Fed. Cir. 1992). And, although the specification may indicate that certain embodiments are preferred, particular embodiments

7

appearing in the specification will not be read into the claims when the claim language is broader than the embodiments. *Electro Med. Sys., S.A. v. Cooper Life Sciences, Inc.*, 34 F.3d 1048, 1054 (Fed. Cir. 1994).

To assess the ordinary meaning of terms used in a patent claim, a court may properly rely on dictionary definitions. The Federal Circuit has noted that "[i]t has long been recognized in the precedent of our predecessor court, the Court of Customs and Patent Appeals, that dictionaries, encyclopedias and treatises are particularly useful resources to assist the court in determining the ordinary and customary meaning of claim terms." *Texas Digital Sys., Inc. v. Telegenix, Inc.*, 308 F.3d 1193, 1202 (Fed. Cir. 2002). The court reasoned that such sources are objective resources that serve as reliable sources of information on the established meanings that would have been attributed to the terms of the claims by those of skill in the art. *Id.* at 1202-03. According to the court, dictionaries, encyclopedias, and treatises "constitute unbiased reflections of common understanding not influenced by expert testimony or events subsequent to the fixing of the intrinsic record by the grant of the patent, not colored by the motives of the parties, and not inspired by litigation." *Id.* at 1203. Bearing these standards in mind, the court now turns to the task of construing the claims in this case.

4.    Discussion.

At the outset, the addresses Seven's argument that the inventions described in the patents are limited to the context advocated in the briefs and at oral argument. Seven argues that the patents in suit contain an explicit disclaimer of systems and methods that do not use a "global server." Seven therefore urges that, despite the language of several of the claims, a global server limitation pervades every claim. According to Seven, systems not incorporating a global server are outside the reach of any of the patents. As will be demonstrated, this argument is undermined by the plain language of

8

the claims, when read in light of the patent specifications and the prosecution history. The most important piece of prosecution history involves the re-examination proceedings currently underway to which both parties alluded to at the *Markman* hearing. That re-examination involves the claims of the '192 patent.

In any claim construction endeavor, the court must begin with the plain language of the claims. In this case, the language of the claims counsels against Seven's attempt to read in a global server limitation because some of the independent claims expressly require a global server and others do not. In particular, the two independent claims of the '221 patent require a global server. *See* '221 Patent, claims 1 and 8. At the same time, none of the independent claims of the '708 patent recites the limitation of a global server, although the specification repeatedly refers to a global server. The claims of the '131 patent also do not appear to require a global server, although the specification of that patent is replete with references to an environment which incorporates a global server. Finally, as issued, certain independent claims of the '192 patent do not require the presence of a global server, *e.g.* claim 1, but others, such as dependent claim 2, expressly require the presence of a global server. '192 patent, claim 2 (claiming "[t]he method of claim 1 wherein the second store is on a global server outside the firewall and which is protected by a global firewall."). As a matter of claim construction law, the doctrine of claim differentiation normally suggests that limitations stated in dependent claims are not to be incorporated into independent claims from which they depend. *Karlin Technology Inc. v. Surgical Dynamics, Inc.*, 177 F.3d 968, 972-73 (Fed. Cir. 1999). The language of the claims therefore cuts against Seven's argument.

Nevertheless, reading the '708 and the '131 patents in isolation, it could be argued that the statements made in the Summary of Invention portions of the patents implicitly require a global

9

server in all embodiments. A narrow reading of the patents might lead one to conclude that the invention provides a system and method for using a global translator *only* in a secure network environment that *must* include a *global server* connected to multiple clients. *See* '708 Patent, Col. 1, ll. 59-63.[4] On the other hand, a broader reading of the patents suggests that the setting described in the patents (a secure network environment which includes a global server) is illustrative only and that the inventions described in the claims might have applications in other settings, limited only by the language of the claims. To resolve any ambiguity, the court has considered the prosecution history, including the proceedings involving the re-examination of the '192 patent. These proceedings (at least as conducted so far), coupled with the language of the claims, resolve any ambiguity.

To understand why the prosecution history relating to the reexamination proceedings involving the '192 patent is relevant, one must remember that the '192 patent and the '131 patent have very similar specifications. Dependent claim 2 of the '192 patent, as originally issued, required a global server. Several others, including independent claim 1, did not. One would therefore expect if the specification of the '131 patent reflected an intent to incorporate the implicit limitation of a global server into all of the claims, then the same might be said in the context of the '192 patent. That is not the case.

---

[4] The cited portion of the patent states in full:

The present invention provides a method for using a global translator to synchronize multiple copies of a workspace element in a secure network environment. The secure network environment includes a global server connected to multiple clients.

'708 Patent, Col. 1, ll. 59-63.

10

During the re-examination proceedings, the examiner recently rejected claims 1, 9-11, and 20-25 as being unpatentable over the Wright and Hawkins references. The examiner has indicated, however, that claims 2-8 and 12-19 of the '192 patent are allowable if the patentee re-writes those claims in independent form to include all of the limitations of the base claim and any intervening claims. This determination is important because dependent claim 2 is now allowable. That claim explicitly requires the limitation of a global server. At the same time, however, dependent claim 3 also claims allowable subject matter. That claim does not explicitly require a global server. Several of the other dependent claims now determined to be allowable also do not recite the limitation of a global server. See, e.g., '192 Patent, claims 4, 5, 6, 7, 8, 14, 15, 16, 17, and 18. The examiner's reasons for allowance do not indicate that the claims were allowed because they were limited to environments which included a global server.[5] In the court's view, this determination is highly relevant to the resolution of this dispute. The re-examination history indicates that the presence of a global server is not required for patentability. The doctrine of claim differentiation indicates that the global server is not an implicit limitation in all of the claims. Under these circumstances, the court rejects Seven's argument on this issue and turns to the disputed terms of the four patents in suit.

A.   Communications Channel

The parties first dispute the meaning of the term "communications channel," used in claims 5, 7, and 8 of the '708 patent. Visto proposes the term means "a path or link by which information

_____

[5]   The examiner's reasons for allowance indicate that the prior art of record fails to teach or suggest the generation of first and second examination results and the generation of a preferred version based on the examination results combined with the comparison of the first version information against a date and time of last synchronization.

11

is passed between two locations. A communications channel can be a physical or wireless link."

Seven suggests that the term means "a path or link by which information is passed between a remote

computer terminal and a global server (i.e. second store) or between the global server and a first store

within the firewall-protected corporate LAN. A communications channel may be a physical or

wireless link."

The court adopts Visto's proposed definition, with slight modifications. As the parties'

proposals suggest, a common area of disagreement which pervades the claim construction briefing

is whether the inventions are limited to the preferred embodiments described in the specification.

Seven's proposed definition, to illustrate, incorporates the limitations of a "global server" and a

"firewall-protected corporate LAN." Seven thus urges that the patentee either explicitly or implicitly

incorporated these requirements into the patents. The court rejects these arguments. The court

defines "communications channel" to mean "a medium for transferring information. A

communications channel can be a physical or wireless link."

B.    Communications Module

Visto proposes that the term "communications module," as used in claim 11 of the 192

patent, means "software routines or code that perform the task of communicating." Seven urges that

the term means "a computer software module having routines for compressing data and

communicating with a synchronization agent on a global server." Again, Seven has incorporated the

limitations of a synchronization agent and a global server into its definition of communications

module despite the fact that the claim language supports a broader meaning. Seven also asserts that

the inventors defined this term by implication by referring to the communications module as having

routines for compressing data. Definition by implication is a tough climb. Seven has not persuaded

12



UNITED STATES PATENT AND TRADEMARK OFFICE
Patent and Trademark Office

Address: ASSISTANT COMMISSIONER FOR PATENTS
Washington, D.C. 20231

| APPLICATION NO./ CONTROL NO. | FILING DATE | FIRST NAMED INVENTOR / PATENT IN REEXAMINATION | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 90/007,093 | 06/18/2004 | 6085192 | 035754-007 |

Jinntung Su
Manatt, Phelps & Phillips LLP
1001 Page Mill Road
Building 2
Palo Alto, CA 94304

| EXAMINER |
|---|
| |

| ART UNIT | PAPER |
|---|---|
| | |

DATE MAILED: 07/07/2005

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

cc:  Robert E. Krebs
     P.O. Box 640640
     San Jose, CA 95164

PTO-90C (Rev.3-98)



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

Robert E. Krebs
P.O. Box 640640
San Jose CA 95164

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/007,093*.

PATENT NO. *6085192*.

ART UNIT *2163*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

| **Ex.Parte Reexamination Interview Summary** | Control No.<br>90/007,093 | Patent Under Reexamination<br>6085192 | |
|---|---|---|---|
| | Examiner<br>Alford W. Kindred | Art Unit<br>2163 | |

All participants (USPTO personnel, patent owner, patent owner's representative):

(1) _Alford W. Kindred_          (3) _____

(2) _Pam Merkadeau_          (4) _____

Date of Interview: _06 June 2005_

Type:  a)☒ Telephonic   b)☐ Video Conference
      c)☐ Personal (copy given to:  1)☐ patent owner    2)☐ patent owner's representative)

Exhibit shown or demonstration conducted:   d)☐ Yes    e)☒ No.
   If Yes, brief description: _____

Agreement with respect to the claims f)☐ was reached.  g)☒ was not reached.  h)☐ N/A.
Any other agreement(s) are set forth below under "Description of the general nature of what was agreed to..."

Claim(s) discussed: _1-25_.

Identification of prior art discussed: _____.

Description of the general nature of what was agreed to if an agreement was reached, or any other comments:
_Applicant's attorney (Pamela Merkadeau) proposed amending claims to incorporate the allowable subject matter into the_
_rejected independent claims.  Examiner informed Mrs. Merkadeau that the proposal will be considered but no decision_
_has been made._

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims
patentable, if available, must be attached.  Also, where no copy of the amendments that would render the claims
patentable is available, a summary thereof must be attached.)

A FORMAL WRITTEN RESPONSE TO THE LAST OFFICE ACTION MUST INCLUDE PATENT OWNER'S
STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.  (See MPEP § 2281). IF A RESPONSE TO THE
LAST OFFICE ACTION HAS ALREADY BEEN FILED, THEN PATENT OWNER IS GIVEN **ONE MONTH** FROM THIS
INTERVIEW DATE TO PROVIDE THE MANDATORY STATEMENT OF THE SUBSTANCE OF THE INTERVIEW
(37 CFR 1.560(b)). THE REQUIREMENT FOR PATENT OWNER'S STATEMENT CAN NOT BE WAIVED. **EXTENSIONS
OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

cc: Requester (if third party requester)          _____
                                                  Examiner's signature, if required

U.S. Patent and Trademark Office
PTOL-474 (Rev. 04-01)          *Ex Parte* Reexamination Interview Summary          Paper No. 20050607


manatt | phelps | phillips

**Fax Transmission**

Manatt, Phelps & Phillips, LLP
1001 Page Mill Road, Building 2, Palo Alto, California 94304-1006
Telephone: 650.812.1300  Fax: 650.213.0260

| | | | |
|---|---|---|---|
| Client/Matter: 25587-033-005 | Time in: | | |
| | | Fax Number: | Confirmation Number: |
| To: | Examiner Alford W. Kindred<br>Art Unit 2163<br>United States Patent and Trademark Office | (571) 273 -0100 | (571) 272-4037 |
| From: | Pamela S. Merkadeau | | |
| Date: | July 1, 2005 | | |
| Pages including cover: | 12 | | |

If you do not receive all of the pages please call (650) 812-1300 as soon as possible. Thank you.

Sender's Comments:

proposed claim amendments for your review.

This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via the U.S. postal service. Thank you.

Operator Use Only

| Operator's Name | Comments: |
|---|---|

PATENT
Serial No. 90/897,003

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re reexamination of: 6,085,192

First Named Inventor: Daniel J. Mendez

Control No.: 90/007,093

Filed: 06/18/2004

For: SYSTEM AND METHOD FOR
SECURELY SYNCHRONIZING
MULTIPLE COPIES OF A
WORKSPACE ELEMENT IN A
NETWORK

Confirmation No.: 9956

Examiner: Alford W. Kindred

Group Art Unit: 2163

Attorney Docket No.: 25587-033-005 RE

## COMMUNICATION

VIA FACSIMILE AND E-MAIL
(571) 273-0100

To:    Examiner Kindred
Re:    Proposed amendments for discussion at examiner interview.
June 30, 2005

Sir:

In response to your request during the teleconference of June 28, 2005, included below is a listing of the claims currently under reexamination with proposed amendments for discussion at the upcoming Examiner interview.

In the Final Office Action mailed June 13, 2005, the Examiner confirmed the patentability of claims 2-8 and 12-19, and rejected claims 1, 9-11 and 20-25 under 35 U.S.C. § 103(a). Applicants have amended claims 2 and 6-8 below into independent form including all the limitations of base claim 1 from which claims 2 and 6-8 originally depended.

In order to put the remaining claims in condition for allowance, Applicants propose to amend claims 1, 10, 11 and 21-25 to recite limitations which the Examiner has indicated to be

PATENT
Serial No. 90/897,003

allowable subject matter, as well as to include limitations directed to further clarifying the features of previously recited claim elements.

Applicants have amended claims 1, 10 and 22 to include the limitations directed to selecting a preferred version previously recited in claims 8 and 19 which, in combination with other elements of the claims, the Examiner has indicated as being allowable subject matter in the Final Office Action. Claim 19 has been cancelled in accordance therewith. Claims 21 and 23-25 have been amended to recite limitations directed to the concept of updating version information when a workspace element has been modified, as previously recited in claims 6, 7, 17 and 18 which, in combination with other elements of the claims, the Examiner has also indicated as being allowable subject matter.

Claims 1, 10 and 21-24 have been further amended to clarify that the previously recited second store comprises a "smart phone." Support for this amendment can be found in the originally filed specification at page 9, lines 8-10. Claims 11 and 22 have been amended to clarify that the previously recited firewall is "positioned between a trusted network and the Internet." Support for this amendment can be found in the originally filed specification at page 7, lines 5-10, and further in the originally filed specification of pending U.S. Patent Application Serial No. 08/841,950 at page 2, lines 13-16, which is incorporated by reference into the specification of the present patent. Claims 1, 10 and 23 have also been amended to recite limitations directed to the concept of a communications channel through the previously recited firewall using an HTTP port or an SSL port. Support for this amendment can be found in the originally filed specification at page 7, lines 1-10 and page 12, lines 17-21, as well as in the originally filed specification of the incorporated 08/841,950 application at page 2, line 14 – page 3, line 15 and page 22, lines 4-12.

Based on the foregoing, Applicants believe the following claim amendments put all claims in condition for allowance:

PATENT
Serial No. 90/897,003

**Listing of Claims with proposed amendments:**

1. (Amended)  A computer-based method comprising the steps of:

(a) establishing a communications channel through a firewall using an HTTP port or an SSL port;

~~(a)~~ (b) generating first examination results from first version information which indicates whether a first workspace element stored at a first store within ~~a~~ the firewall has been modified;

~~(b)~~ (c) generating second examination results from second version information which indicates whether an independently-modifiable copy of the first workspace element has been modified, the copy being stored at a second store on a smart phone outside the firewall;

~~(c)~~ (d) initiating steps ~~(a)~~ (b) and ~~(b)~~ (c) from within the firewall through the communications channel when predetermined criteria have been satisfied;

~~(d)~~ (e) generating a preferred version from the first workspace element and from the copy based on the first and second examination results, wherein if only one of the first workspace element and the copy has been modified, then the step of generating includes selecting the one as the preferred version; and

~~(e)~~ (f) storing the preferred version at the first store and at the second store.

2. (Amended) A computer-based method comprising the steps of:

(a) generating first examination results from first version information which indicates whether a first workspace element stored at a first store within a firewall has been modified;

(b) generating second examination results from second version information which indicates whether an independently-modifiable copy of the first workspace element has been modified, the copy being stored at a second store outside the firewall;

(c) initiating steps (a) and (b) from within the firewall when predetermined criteria have been satisfied;

(d) generating a preferred version from the first workspace element and from the copy based on the first and second examination results; and

(e) storing the preferred version at the first store and at the second store;

~~The method of claim 1~~ wherein the second store is on a global server outside the firewall and which is protected by a global firewall.

PATENT
Serial No. 90/897,003

3. (Original) The method of claim 1 wherein the first version information includes the date and time the first workspace element was last modified and the second version information includes the date and time the copy was last modified.

4. (Original) The method of claim 3 wherein generating the first examination results includes the step of comparing the first version information against a date and time of last synchronization.

5. (Original) The method of claim 3 wherein generating the second examination results includes the step of comparing the second version information against a date and time of last synchronization.

6. (Amended) A computer-based method comprising the steps of:

(a) generating first examination results from first version information which indicates whether a first workspace element stored at a first store within a firewall has been modified;

(b) generating second examination results from second version information which indicates whether an independently-modifiable copy of the first workspace element has been modified, the copy being stored at a second store outside the firewall;

(c) initiating steps (a) and (b) from within the firewall when predetermined criteria have been satisfied;

(d) generating a preferred version from the first workspace element and from the copy based on the first and second examination results;

(e) storing the preferred version at the first store and at the second store; and

The method of claim 1 further comprising, before generating the first examination results, the step of updating the first version information whenever the first workspace element is modified.

PATENT
Serial No. 90/897,003

7. (Amended) A computer-based method comprising the steps of:

(a) generating first examination results from first version information which indicates whether a
    first workspace element stored at a first store within a firewall has been modified;

(b) generating second examination results from second version information which indicates
    whether an independently-modifiable copy of the first workspace element has been
    modified, the copy being stored at a second store outside the firewall];

(c) initiating steps (a) and (b) from within the firewall when predetermined criteria have been
    satisfied;

(d) generating a preferred version from the first workspace element and from the copy based on
    the first and second examination results;

(e) storing the preferred version at the first store and at the second store; and

The method of claim 1 further comprising, before generating the second examination results, the
    step of updating the second version information whenever the copy is modified.


8. (Amended) A computer-based method comprising the steps of:

(a) generating first examination results from first version information which indicates whether a
    first workspace element stored at a first store within a firewall has been modified;

(b) generating second examination results from second version information which indicates
    whether an independently-modifiable copy of the first workspace element has been
    modified, the copy being stored at a second store outside the firewall;

(c) initiating steps (a) and (b) from within the firewall when predetermined criteria have been
    satisfied;

(d) generating a preferred version from the first workspace element and from the copy based on
    the first and second examination results;

(e) storing the preferred version at the first store and at the second store; and

The method of claim 1 wherein if only one of the first workspace element and the copy has been
    modified, then the step of generating includes selecting the one as the preferred version.


9. (Original) The method of claim 1 further comprising the step of locating the first
workspace element, the first version information, the copy and the second version information.

PATENT
Serial No. 90/897,003

10. (Amended) A system comprising:

a communications channel through a firewall comprising one of an HTTP port and an SSL port;

a general synchronization module for operating within a the first firewall and for examining first
version information to determine whether a first workspace element at a first store has
been modified;

a synchronization agent for operating outside the first firewall and for forwarding to the general
synchronization module second version information which indicates whether an
independently modifiable copy of the first workspace element at a second store on a smart
phone has been modified;

a synchronization-start module for operating within the first firewall and for initiating the general
synchronization module and the synchronization agent when predetermined criteria have
been satisfied;

means for generating a preferred version from the first workspace element and from the copy by
comparing the first version information and the second version information, wherein if
only one of the first workspace element and the copy has been modified, then the means
for generating selects the one as the preferred version; and

means for storing the preferred version at the first store and at the second store.


11. (Amended) The system of claim 10 further comprising a communications module for
communicating through the first firewall, wherein the first firewall is positioned between a
trusted network and the Internet.


12. (Original) The system of claim 10 wherein the synchronization agent and the second
store are on a global server which is protected by a global firewall.


13. (Original) The system of claim 12 further comprising a communications module for
communicating through the first firewall and through the global firewall.

PATENT
Serial No. 90/897,003

14. (Original) The system of claim 10 wherein the first version information includes the date and time the first workspace element was last modified and the second version information includes the date and time the copy was last modified.

15. (Original) The system of claim 14 wherein the general synchronization module compares the first version information against a date and time of last synchronization.

16. (Original) The system of claim 14 wherein the synchronization agent compares the second version information against the date and time of last synchronization.

17. (Original) The system of claim 10 further comprising means for updating the first version information whenever the first workspace element is modified.

18. (Original) The system of claim 10 further comprising means for updating the second version information whenever the copy is modified.

19. (Cancelled)

20. (Original) The system of claim 10 further comprising a locator module for locating the first store, the first workspace element, the first version information, the second store, the copy and the second version information.

21. (Amended) A system comprising:

first means for generating first examination results from first version information which indicates
    whether a first workspace element stored at a first store within a firewall has been
      modified;

second means for generating second examination results from second version information which
        indicates whether an independently-modifiable copy of the first workspace element has
        been modified, the copy being stored at a second store on a smart phone outside the
        firewall;

means for updating the first version information whenever the first workspace element is
        modified or updating the second version information whenever the copy is modified;

means for initiating the first and second means from within the firewall when predetermined
        criteria have been satisfied;

means for generating a preferred version from the first workspace element and from the copy

PATENT
Serial No. 90/897,003

based on the first and second examination results; and

means for storing the preferred version at the first store and at the second store.

22. (Amended) A computer-readable storage medium storing program code for causing a computer-based system to perform the steps of:

(a) generating first examination results from first version information which indicates whether a first workspace element stored at a first store within a firewall positioned between a trusted network and the Internet has been modified;

(b) generating second examination results from second version information which indicates whether an independently-modifiable copy of the first workspace element has been modified, the copy being stored at a second store on a smart phone outside the firewall;

(c) initiating steps (a) and (b) from within the firewall through an Internet communications channel when predetermined criteria have been satisfied;

(d) generating a preferred version from the first workspace element and from the copy based on the first and second examination results, wherein if only one of the first workspace element and the copy has been modified, then selecting the one as the preferred version; and

(e) storing the preferred version at the first store and at the second store.

23. (Amended) A computer-based method comprising the steps of:

(a) establishing a secure communications channel through a firewall using an HTTP port or an SSL port;

(a) (b) generating first examination results from first version information which indicates whether a first workspace element stored at a first store within a the firewall has been modified;

(c) before generating the first examination results, the step of updating the first version information whenever the first workspace element is modified;

(b) (d) generating second examination results from second version information which indicates whether an independently-modifiable copy of the first workspace element has been modified, the copy being stored at a second store outside the firewall;

(c) (e) initiating steps (a) (b) and (b) (d) from within the firewall when predetermined criteria have been satisfied;

PATENT
Serial No. 90/897,003

~~(d)~~ (f) determining based on the first and second examination results that both the first workspace
element and the copy have been modified; and

~~(e)~~ (g) storing both the first workspace element and the copy at the first store and at the second
store, wherein the second store comprises a smart phone.


24. (Amended) A system comprising:

first means for generating first examination results from first version information which indicates
whether a first workspace element stored at a first store within a firewall has been
modified;

second means for generating second examination results from second version information which
indicates whether an independently-modifiable copy of the first workspace element has
been modified, the copy being stored at a second store outside the firewall;

means for updating the first version information whenever the first workspace element is
modified or updating the second version information whenever the copy is modified;

means for initiating the first and second means from within the firewall when predetermined
criteria have been satisfied;

means for determining based on the first and second examination results that both the first
workspace element and the copy have been modified; and

means for storing both the first workspace element and the copy at the first store and at the
second store, wherein the second store comprises a smart phone.


25. (Amended) A system comprising:

a global server for operating outside a firewall and including memory for storing first workspace
data and corresponding first version information; and

a synchronization agent for managing the first workspace data and the corresponding first version
information and for communicating with remote clients; ~~and~~

means for updating the first version information whenever the first workspace element is
modified;

a remote client for operating within the firewall and including memory for storing second
workspace data and corresponding second version information;

means for cooperating with the synchronization agent to synchronize the first workspace data

PATENT
Serial No. 90/897,003

with the second workspace data by examining the first version information and the
second version information; and

a synchronization-start module for initiating workspace data synchronization between the global
server and the remote client.

PATENT
Serial No. 90/897,003

## CONCLUSION

Based on the foregoing, claims 1-18 and 20-25 are believed to be in condition for allowance, and Applicants respectfully request an Examiner interview to discuss passing the case to issuance.

Respectfully submitted,

Pamela Merkadeau
Registration No. 53,318
Attorney for Patent Owner(s)

MANATT, PHELPS & PHILLIPS LLP
1001 Page Mill Rd, Bldg 2
Palo Alto, California 94304
650-812-1375  Telephone
650-213-0260  Facsimile

Date: July 1, 2005

20131332.1

This Page is Inserted by IFW Indexing and Scanning
Operations and is not part of the Official Record

## BEST AVAILABLE IMAGES

Defective images within this document are accurate representations of the original
documents submitted by the applicant.

Defects in the images include but are not limited to the items checked:

    ❑ BLACK BORDERS

    ❑ IMAGE CUT OFF AT TOP, BOTTOM OR SIDES

    ❑ FADED TEXT OR DRAWING

    ❑ BLURRED OR ILLEGIBLE TEXT OR DRAWING

    ❑ SKEWED/SLANTED IMAGES

    ❑ COLOR OR BLACK AND WHITE PHOTOGRAPHS

    ❑ GRAY SCALE DOCUMENTS

    ☑ LINES OR MARKS ON ORIGINAL DOCUMENT

    ❑ REFERENCE(S) OR EXHIBIT(S) SUBMITTED ARE POOR QUALITY

    ❑ OTHER: _____

## IMAGES ARE BEST AVAILABLE COPY.

As rescanning these documents will not correct the image
problems checked, please do not report these problems to
the IFW Image Problem Mailbox.



UNITED STATES PATENT AND TRADEMARK OFFICE

**Patent and Trademark Office**

Address: ASSISTANT COMMISSIONER FOR PATENTS
Washington, D.C. 20231

| APPLICATION NO./ CONTROL NO. | FILING DATE | FIRST NAMED INVENTOR / PATENT IN REEXAMINATION | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 90/007,093 | 06/18/2004 | 6085192 | 035754-007 |

Jinntung Su
Manatt, Phelps & Phillips LLP
1001 Page Mill Road
Building 2
Palo Alto, CA 94304

| EXAMINER |
|---|
|  |

| ART UNIT | PAPER |
|---|---|
|  |  |

DATE MAILED: 06/28/2005

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

cc:   Robert E. Krebs
      P.O. Box 640640
      San Jose, CA 95164

UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

**DO NOT USE IN PALM PRINTER**

(THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS)

Robert E. Krebs
P.O. Box 640640
San Jose, CA 95164

# *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO. *90/007,093*.

PATENT NO. *6085192*.

ART UNIT *2163*.

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified *ex parte* reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the *ex parte* reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

PTOL-465 (Rev.07-04)

Application/Control Number: 90/007,093                                    Page 2
Art Unit: 2163

## *Reexamination*

1.    The IDS filed 5/13/05 has been considered.  The Examiner's response, issued on

6/13/05, is maintained.

Application/Control Number: 90/007,093                                    Page 3
Art Unit: 2163

### *Conclusion*

2.    Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Alford W. Kindred whose telephone number is 571-272-

4037. The examiner can normally be reached on Mon-Fri 9:00 am- 5:00 pm.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Safet Metjahic can be reached on (571) 272-4023. The fax phone number

for the organization where this application or proceeding is assigned is 703-872-9306.

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system. Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free).

Alford W. Kindred
Patent Examiner
Tech Ctr. 2100

Approved for use through 07/31/2006. OMB 0851-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449A/PTO | | | COPY | | Complete if Known | |
|---|---|---|---|---|---|---|
| INFORMATION DISCLOSURE STATEMENT BY APPLICANT | | | | | Application Number | 90/007,093 |
| | | | | | Filing Date | 06/18/2004 |
| | | | | | First Named Inventor | Daniel J. Mendez |
| | | | | | Art Unit | 2163 |
| | | | | | Examiner Name | Alford W. Kindred |
| Sheet | 1 | of | 1 | | Attorney Docket Number | 25587-033-005 RE |

### NON PATENT LITERATURE DOCUMENTS

| Examiner Initials* | Cite No.¹ | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city | T² |
|---|---|---|---|
| *[initials]* | A | Lotus Development Corporation, InterNotes Web Publisher Release 4, "InterNotes Wed Publisher Guide" 1996, Cambridge, MA | |
| | B | Lotus Development Corporation, Lotus Notes Release 4, "Database Manager's Guide" 1995, Cambridge, MA | |
| | C | Lotus Development Corporation, Lotus Notes Release 4, "Administrator's Guide" 1995, Cambridge, MA | |
| | D | Lotus Development Corporation, Lotus Notes Release 4, "Deployment Guide" 1995, Cambridge, MA | |
| | E | IBM Lotus Technical Library, Lotus Documentation, "Lotus Notes Internet Cookbook for Notes Release 3", 01/16/1996, Pages 1 - 26 http://www-12.lotus.com/ldd/doc/domino_notes/cookbook/cbookv4.nsf/e12503289bf7b3a385256 | |
| | F | John Wiley & Sons, Inc. - Wiley Computer Publishing, Falkner, Mike, "How to Plan, Develop, and Implement Lotus Notes in Your Organization"1996, USA4 | |
| | G | McGraw-Hill, Lamb, John P and Lew, Peter W., "Lotus Notes Network Design for Notes Release 3 and 4", 1996, Quebecor-Fairfield, PA | |
| | H | Lotus Notes, "Overview – What is Lotus NotesPump?", including "Notes Pump 1.0 Release Notes" | |
| | J | Lotus Development Corporation, Lotus Notes Release 3.1, The groupware standard, "Site and System Planning Guide" 1994, Cambridge, MA | |
| | K | Lotus Development Corporation, Lotus Notes Release 3.1. The groupwarestandard, "Administrator's Guide Server for NetWare, OS/2, and UNIX" 1994, Cambridge, MA | ﹍ |
| *[initials]* | L | IBM Lotus Technical Library, Lotus Documentation, "Lotus Notes Internet Cookbook for Notes Release 4", Date: 02/14/1996, Pages 1 - 30 http://www-12.lotus.com/ldd/doc/domino_notes/cookbook/cbookv4.nsf/e12503289bf7b3a385256 | |

| Examiner Signature | *[signature]* | Date Considered | 6/27/05 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 509. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
1 Applicant's unique citation designation number (optional). 2 Applicant is to place a check mark here if English language Translation is attached.
This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.
If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.



**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**

Address: ASSISTANT COMMISSIONER FOR PATENTS
Washington, D.C. 20231

| APPLICATION NO./ CONTROL NO. | FILING DATE | FIRST NAMED INVENTOR / PATENT IN REEXAMINATION | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 90/007,093 | 06/18/2004 | 6085192 | 035754-007 |

Jinntung Su
Manatt, Phelps & Phillips LLP
1001 Page Mill Road
Building 2
Palo Alto, CA 94304

| EXAMINER |
|---|

| ART UNIT | PAPER |
|---|---|

DATE MAILED: 06/13/2005

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

cc:  Robert E. Krebs
     P.O. Box 640640
     San Jose, CA 95164

| *Office Action in Ex Parte Reexamination* | Control No.<br>90/007,093 | | Patent Under Reexamination<br>6085192 | |
|---|---|---|---|---|
| | Examiner<br>Alford W. Kindred | | Art Unit<br>2163 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

a ☒ Responsive to the communication(s) filed on <u>18 June 2004</u> .    b ☒ This action is made FINAL.
c ☒ A statement under 37 CFR 1.530 has not been received from the patent owner.

A shortened statutory period for response to this action is set to expire <u>2</u> month(s) from the mailing date of this letter.
Failure to respond within the period for response will result in termination of the proceeding and issuance of an *ex parte* reexamination certificate in accordance with this action. 37 CFR 1.550(d). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**
If the period for response specified above is less than thirty (30) days, a response within the statutory minimum of thirty (30) days will be considered timely.

Part I    THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:

1. ☒ Notice of References Cited by Examiner, PTO-892.    3. ☐ Interview Summary, PTO-474.

2. ☐ Information Disclosure Statement, PTO-1449.    4. ☐ _____.

Part II    SUMMARY OF ACTION

1a. ☒ Claims *1-25* are subject to reexamination.

1b. ☐ Claims _____ are not subject to reexamination.

2. ☐ Claims _____ have been canceled in the present reexamination proceeding.

3. ☒ Claims *2-8 and 12-19* are patentable and/or confirmed.

4. ☒ Claims *1, 9-11, and 20-25* are rejected.

5. ☐ Claims _____ are objected to.

6. ☐ The drawings, filed on _____ are acceptable.

7. ☐ The proposed drawing correction, filed on _____ has been (7a)☐ approved (7b)☐ disapproved.

8. ☐ Acknowledgment is made of the priority claim under 35 U.S.C. § 119(a)-(d) or (f).

   a)☐ All  b)☐ Some*  c)☐ None    of the certified copies have

   1☐ been received.

   2☐ not been received.

   3☐ been filed in Application No. _____ .

   4☐ been filed in reexamination Control No. _____.

   5☐ been received by the International Bureau in PCT application No. _____.

   * See the attached detailed Office action for a list of the certified copies not received.

9. ☐ Since the proceeding appears to be in condition for issuance of an *ex parte* reexamination certificate except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte* Quayle, 1935 C.D. 11, 453 O.G. 213.

10. ☐ Other: _____

cc: Requester (if third party requester)
U.S. Patent and Trademark Office
PTOL-466 (Rev. 04-01)                Office Action in Ex Parte Reexamination                Part of Paper No. 20050125

### Detailed Action

1.      This action is responsive to communications: Re-exam filed on 06/18/04.

Pending claims are 1-25.


### Allowable Subject Matter

2.      Claims 2-8 and 12-19, are confirmed.

3.      The following is a statement of reasons for the indication of allowable subject

matter:

As per claims 2 and 12-13, The prior art of record fails to teach and /or suggest

"generating first examination results from first version . . . generating second

examination results from second version information . . . generating a preferred version

from the first work-space element and from the copy based on the first and second

examination results . . .", combined with wherein the second store is on a global server

outside the firewall protected by a global firewall.

As per claims 3-5 and 14-16, the prior art of record fails to teach and/or suggest

"generating first examination results from first version . . . generating second

examination results from second version information . . . generating a preferred version

from the first work-space element and from the copy based on the first and second

examination results . . .", combined with the first and second version information

includes the date and time the first workspace element was last modified.

As per claims 6-7 and 17-18 The prior art of record fails to teach and/or suggest

"generating first examination results from first version . . . generating second

Application/Control Number: 90/007,093                                   Page 3
Art Unit: 2163

examination results from second version information . . . generating a preferred version

from the first work-space element and from the copy based on the first and second

examination results . . .", combined with "before generating the first examination results,

the step of updating the first version information whenever the first works pace element

is modified."

As per claims 8 and 19, the prior art of record fails to teach and/or suggest

"generating first examination results from first version . . . generating second

examination results from second version information . . . generating a preferred version

from the first work-space element and from the copy based on the first and second

examination results . . .", combined with "wherein if only one of the first workspace

element and the copy has been modified, then the step of generating includes selecting

the one as the preferred version."


## Claim Rejections - 35 USC § 103

4.      The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set
> forth in section 102 of this title, if the differences between the subject matter sought to be patented and
> the prior art are such that the subject matter as a whole would have been obvious at the time the
> invention was made to a person having ordinary skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which the invention was made.

5.      Claims 1, 9-11 and 20-25 are rejected under 35 U.S.C. 103(a) as being

unpatentable over Wright, US# 5,857,201, in view of Hawkins, US# 6,006,274.

As per claims 1, Wright teaches "generating first examination results from first

version information which indicates whether a first workspace element stored" (see col.

11, lines 2-30, whereas Wright's determinations of versions is equivalent to applicant's

claims language of "results from version information . . .") "generating second

examination results from second version information which indicates whether an

independently-modifiable copy of the first workspace element has been modified, the

copy being stored" (see col. 11, lines 2-26, whereas Wright's teachings of the checking

of profiles combined with client applications versioning element teaches applicant's

claim language above) "generating a preferred version from the first workspace element

and from the copy based on the first and second examination results" (see col. 11, lines

35) "storing the preferred version at the first store and at the second store" (see col. 11,

lines 6-33). **Wright** does not explicitly teach "initiating steps (a) and (b) from within the

firewall when predetermined criteria have been satisfied" -- Wright's enterprise

computer environment clearly included a firewall element for security reasons, but does

not explicitly teach a firewall element in a manner illustrated in applicant's claim

language.  Hawkins teaches "initiating steps (a) and (b) from within the firewall when

predetermined criteria have been satisfied" (see col. 10, lines 44-63, whereas Hawkins

firewall element teach applicant's claim language involving the use various firewalls for

security reasons and based on a criteria . . . therefore the teachings are synonymous).

It would have been obvious at the time of the invention for one ordinary skill in the art to

have combined the teachings of Wright and Hawkins, because using the steps of

"initiating steps (a) and (b) from within the firewall when predetermined criteria have

been satisfied" would have given those skilled in the art tools to provide an added

Application/Control Number: 90/007,093                                    Page 5
Art Unit: 2163

security measure, via a firewall, to network. This gives users the advantage of

protecting the integrity of data in a network environment more efficiently.

As per claim 9, this claim is rejected on grounds corresponding to the arguments

given above for rejected claim 1 and is similarly rejected.

As per claims 10-11, these claims are rejected on grounds corresponding to the

arguments given above for rejected claim and are similarly rejected including the

following:

--Wright teaches "a general synchronization module . . . for examining first

version information to determine whether a first workspace element has been modified"

(see col. 11, lines 6-34) "a synchronization agent for operating outside the first firewall

and for forwarding to the general synchronization module second version information

which indicates whether an independently modifiable copy of first workspace element

has been modified" (see col. 5, lines 30-59 and col. 11, lines 6-67) "a synchronization –

start module . . . agent when predetermined criteria have been satisfied" (see col. 5,

lines 46-64 and col. 11, lines 1-28).

As per claim 20, this claim is rejected on grounds corresponding to the

arguments given above for rejected claim 1 and is similarly rejected.

As per claims 21-22, these claims are rejected on grounds corresponding to the

arguments given above for rejected claim 1 and is similarly rejected.

As per claims 23-24, these claims are rejected on grounds corresponding to the

arguments given above for rejected claim 1 and are similarly rejected including the

following:

Application/Control Number: 90/007,093                                     Page 6
Art Unit: 2163

--Wright teaches storing both the first workspace element and the copy at the first

store and at the second store" (see col. 11, lines 10-24 and 30-50).

As per claim 25, this claim is rejected on grounds corresponding to the

arguments given above for rejected claim 1 and is similarly rejected including the

following:

--Wright teaches "a global server . ." (see col. 6, lines 23-44) "memory for storing

second workspace data . . ." (see col. 11, lines 2-34).


## Response to Arguments

6.      Applicant's arguments with respect to claims 1, 9-11, and 20-25 have been

considered but are moot in view of the new ground(s) of rejection.


## Conclusion

7.      ART CITED BY PATENT OWNER DURING PROSECUTION

Where art is submitted in a prior art citation under 37 CFR 1.501 and/or 37 CFR 1.555

(an IDS filed in a reexamination is construed as a prior art citation) and the submission

is not accompanied by a statement similar to that of 37 CFR 1.97(e), the examiner may

use the art submitted and make the next Office action final whether or not the claims

have been amended, provided that no other new ground of rejection is introduced by

the examiner based on the new art not cited in the prior art citation. See MPEP §

706.07(a).    [ MPEP 2271 ]

Application/Control Number: 90/007,093                                    Page 7
Art Unit: 2163

8.   **THIS ACTION IS MADE FINAL.**

A shortened statutory period for response to this action is set to expire 2 from the
mailing date of this action.

**Extensions of time under 37 CFR 1.136(a) do not apply in reexamination
proceedings.** The provisions of 37 CFR 1.136 apply only to "an applicant" and not to
parties in a reexamination proceeding.  Further, in 35 U.S.C. 305 and in 37 CFR
1.550(a), it is required that reexamination proceedings "will be conducted with special
dispatch within the Office."

**Extensions of time in reexamination proceedings are provided for in 37
CFR 1.550(c).**  A request for extension of time must be filed on or before the day on
which a response to this action is due.  The mere filing of a request will not effect any
extension of time.  An extension of time will be granted only for sufficient cause, and for
a reasonable time specified.

--The filing of a timely first response to this final rejection will be construed as
including a request to extend the shortened statutory period for an additional month,
which will be granted even if previous extensions have been granted.  In no event
however, will the statutory period for response expire later than SIX MONTHS from the
mailing date of the final action.  See MPEP § 2265.

--Extensions of time under 37 CFR 1.136(a) will not be permitted in these
proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and
not to parties in a reexamination proceeding.  Additionally, 35 U.S.C. 305 requires that
reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.550(a)).

Application/Control Number: 90/007,093                         Page 8
Art Unit: 2163

Extension of time in *ex parte* reexamination proceedings are provided for in 37 CFR
1.550(c).

--The patent owner is reminded of the continuing responsibility under 37 CFR
1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent
proceeding, involving Patent No. 6,085,192 throughout the course of this reexamination
proceeding. The third party requester is also reminded of the ability to similarly apprise
the Office of any such activity or proceeding throughout the course of this reexamination
proceeding. See MPEP §§ 2207, 2282 and 2286.

--A shortened statutory period for response to this action is set to expire 2
month(s) from the mailing date of this letter. Failure to respond within the period for
response will result in termination of the proceeding and issuance of an ex parte
reexamination certificate in accordance with this action. 37 CFR 1.550(d).
EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550( C) . If the period for
response specified above is less than thirty (30) days, a response within the statutory
minimum of thirty (30) days will be considered timely.

--Any inquiry concerning this communication or earlier communications from the
examiner should be directed to Alford W. Kindred whose telephone number is 571-272-
4037. The examiner can normally be reached on Mon-Fri 9:00 am- 5:00 pm.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's
supervisor, Safet Metjahic can be reached on (571) 272-4023. The fax phone number
for the Central Reexamination unit is assigned is 571-273-0100.

Application/Control Number: 90/007,093                                           Page 9
Art Unit: 2163

    Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system. Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free).

Alford W. Kindred
Patent Examiner
Tech Ctr. 2100

HOSAIN ALAM
SUPERVISORY PATENT EXAMINER

SAFET METJAHIC
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 2100

PTO/SB/08b (08-00)
Approved for use through 07/31/2006. OMB 0651-0031
U.S. Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449A/PTO **COPY** | | | Complete if Known | |
|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** | | | Application Number | 90/007,093 |
| | | | Filing Date | 06/18/2004 |
| | | | First Named Inventor | 6085192 |
| *(Use as many sheets as necessary)* | | | Art Unit | 2163 |
| | | | Examiner Name | Alford W. Kindred |
| Sheet | 1 | of | 16 | Attorney Docket Number | 25587-033-005 RE |

## U.S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Document Number — Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| AWK | A1 | US-4652698 | 03-24-1987 | Hale et al. | |
| | B1 | US-4714995 | 12-22-1987 | Materna et al. | |
| | C1 | US-4882752 | 11-21-1989 | Lindman et al. | |
| | D1 | US-4897781 | 01-30-1990 | Chang et al. | |
| | E1 | US-4916738 | 04-10-1990 | Chandra et al. | |
| | F1 | US-5048085 | 09-10-1991 | Abraham et al. | |
| | G1 | US-5150407 | 09-22-1992 | Chan | |
| | H1 | US-5220603 | 06-15-1993 | Parker | |
| | J1 | US-5265159 | 11-23-1993 | Kung | |
| | K1 | US-5333266 | 07-26-1994 | Boaz et al. | |
| | L1 | US-5373559 | 12-13-1994 | Kaufman et al. | |
| | M1 | US-5388255 | 02-07-1995 | Pytlik | |
| | N1 | US-5392390 | 02-21-1995 | Crozier | |
| | O1 | US-5420927 | 05-30-1995 | Micali | |
| | P1 | US-5425102 | 06-13-1995 | Moy | |
| | Q1 | US-5434918 | 07-18-1995 | Kung et al. | |
| | R1 | US-5483596 | 01-09-1996 | Rosenow et al. | |
| AWK | S1 | US-5491752 | 02-13-1996 | Kaufman et al. | |

## FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Foreign Patent Document — Country Code[3] Number[4] -Kind Code[5] (if known) | | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|---|
| AWK | T1 | CA | 2191505 | 06-30-1997 | Jones | | |
| | U1 | WO | 97/24678 | 07-10-1997 | Tso | | |
| | V1 | CA | 2210763 | 01-17-1999 | Kou | | |
| | W1 | EP | 0801478 | 10-15-1997 | Matyas et al. | | |
| AWK | X1 | WO | 97/04389 | 02-06-1997 | Collins et al. | | |

| Examiner Signature | (W KindreD) | Date Considered | 5/20/05 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1]Applicant's unique citation designation number (optional). [2]See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3]Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4]For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5]Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6]Applicant is to place a check mark here if English language Translation is attached.
This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/SB/08a (08-03)
Approved for use through 07/31/2006. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449A/PTO | | Complete if Known | |
|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | Application Number | 90/007,093 |
| | | Filing Date | 06/18/2004 |
| | | First Named Inventor | 6085192 |
| | | Art Unit | 2163 |
| | | Examiner Name | Alford W. Kindred |
| Sheet | 2 of- 16 | Attorney Docket Number | 25587-033-005 RE |

## U.S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Document Number Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| AWK | A2 | US-5495533 | 02-27-1996 | Linehan et al. | |
| | B2 | US-5510777 | 04-23-1996 | Pilc et al. | |
| | C2 | US-5544320 | 08-06-1996 | Konrad | |
| | D2 | US-5544322 | 05-09-1994 | Cheng et al. | |
| | E2 | US-5572643 | 11-05-1996 | Judson | |
| | F2 | US-5588132 | 12-24-1996 | Cardoza | |
| | G2 | US-5604788 | 02-18-1997 | Tett | |
| | H2 | US-5623601 | 04-22-1997 | Vu | |
| | J2 | US-5627997 | 05-06-1997 | Bray et al. | |
| | K2 | US-5632011 | 05-20-1997 | Landfield et al. | |
| | L2 | US-5634053 | 05-27-1997 | Noble et al. | |
| | M2 | US-5644354 | 07-01-1997 | Thompson et al. | |
| | N2 | US-5647002 | 07-08-1997 | Brunson | |
| | O2 | US-5652884 | 07-29-1997 | Palevich | |
| | P2 | US-5657390 | 08-12-1997 | Elgamal et al. | |
| | Q2 | US-5664207 | 09-02-1997 | Crumpler et al. | |
| | R2 | US-5666530 | 09-09-1997 | Clark et al. | |
| AWK | S2 | US-5675782 | 10-07-1997 | Montague et al. | |

## FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Foreign Patent Document Country Code[3] Number[4] -Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| AWK | T2 | WO 97/35265 | 09-25-1997 | Lim et al. | | |
| | U2 | WO 99/05620 | 02-04-1999 | Mendez | | |
| | V2 | WO 99/45451 | 09-10-1999 | Halim et al. | | |
| | W2 | JP 02000003314 | 01-07-2000 | Oda | | |
| AWK | X2 | EP 0820028 | 01-21-1998 | Anupam et al. | | |

| Examiner Signature | | Date Considered | 5/30/05 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional).
[2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04.
[3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3).
[4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document.
[5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible.
[6] Applicant is to place a check mark here if English language Translation is attached.

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/SB/08a (08-03)
Approved for use through 07/31/2006. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449A/PTO | Complete if Known | |
|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** | Application Number | 90/007,093 |
| | Filing Date | 06/18/2004 |
| | First Named Inventor | 6085192 |
| *(Use as many sheets as necessary)* | Art Unit | 2163 |
| | Examiner Name | Alford W. Kindred |
| Sheet | 3 | of | 16 | Attorney Docket Number | 25587-033-005 RE |

## U.S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Document Number — Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| Aue | A3 | US-5678039 | 10-14-1997 | Hinks et al. | |
| | B3 | US-5680542 | 10-21-1997 | Mulchandani | |
| | C3 | US-5682478 | 10-28-1997 | Watson et al. | |
| | D3 | US-5684984 | 11-04-1997 | Jones et al. | |
| | E3 | US-5684951 | 11-04-1997 | Goldman et al. | |
| | F3 | US-5687322 | 11-11-1997 | Deaton | |
| | G3 | US-5701400 | 12-23-1997 | Amado | |
| | H3 | US-5710922 | 01-20-1998 | Alley et al. | |
| | J3 | US-5713019 | 01-27-1998 | Keaten | |
| | K3 | US-5717925 | 02-10-1998 | Harper et al. | |
| | L3 | US-5721779 | 02-24-1998 | Funk | |
| | M3 | US-5727202 | 03-10-1998 | Kucala | |
| | N3 | US-5729735 | 03-17-1998 | Meyering | |
| | O3 | US-5742668 | 04-21-1998 | Pepe et al. | |
| | P3 | US-5752059 | 05-12-1998 | Holleran et al. | |
| | Q3 | US-5752246 | 05-12-1998 | Rogers et al. | |
| | R3 | US-5754830 | 05-19-1998 | Butts et al. | |
| Aue | S3 | US-5758150 | 05-26-1998 | Bell et al. | |

## FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Foreign Patent Document Country Code[3] Number[4] -Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | T3 | WO 96/17306 | 06-06-1996 | Laursen et al. | | |
| | U3 | WO 00/22543 | 04-20-2000 | Hong | | |
| | V3 | PCT 2002/0174372 | 11-21-2002 | Venkataraman | | |
| Aue | W3 | PCT 2002/0138599 | 09-26-2002 | Dilman et al. | | |

| Examiner Signature | alfJ W. K... | Date Considered | 5/20/05 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional).
[2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04.
[3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3).
[4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document.
[5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible.
[6] Applicant is to place a check mark here if English language Translation is attached.
This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/SB/08a (08-03 )
Approved for use through 07/31/2006. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449A/PTO | | Complete if Known | |
|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | Application Number | 90/007,093 |
| | | Filing Date | 06/18/2004 |
| | | First Named Inventor | 6085192 |
| | | Art Unit | 2163 |
| | | Examiner Name | Alford W. Kindred |
| Sheet | 4 | of | 16 | Attorney Docket Number | 25587-033-005 RE |

## U.S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Document Number — Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| ✓el | A4 | US-5758354 | 05-26-1998 | Huang et al. | |
| | B4 | US-5758355 | 05-26-1998 | Buchanan | |
| | C4 | US-5764902 | 06-09-1998 | Rothrock | |
| | D4 | US-5765171 | 06-09-1998 | Gehani et al. | |
| | E4 | US-5768510 | 06-16-1998 | Gish | |
| | F4 | US-5706427 | 06-27-1996 | Tabuki | |
| | G4 | US-5784463 | 07-21-1998 | Chen et al. | |
| | H4 | US-5784464 | 07-21-1998 | Akiyama et al. | |
| | J4 | US-5787172 | 07-28-1998 | Arnold | |
| | K4 | US-5790974 | 08-04-1998 | Tognazzini | |
| | L4 | US-5794252 | 08-11-1998 | Mosher | |
| | M4 | US-5799086 | 08-25-1998 | Sudia | |
| | N4 | US-5802530 | 09-01-1998 | Van Hoff | |
| | O4 | US-5812398 | 09-22-1998 | Nielsen | |
| | P4 | US-5812668 | 09-22-1998 | Weber | |
| | Q4 | US-5812773 | 09-22-1998 | Norin | |
| ✓ | R4 | US-5815683 | 09-29-1998 | Vogler | |
| ✓ | S4 | US-5818935 | 10-06-1998 | Maa | |

## FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Foreign Patent Document Country Code[3] Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | [signature] | Date Considered | 5/21/05 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional).
[2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04.
[3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3).
[4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document.
[5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible.
[6] Applicant is to place a check mark here if English language Translation is attached.
This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

PTO/SB/08a (08-03)
Approved for use through 07/31/2006. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449A/PTO | | Complete if Known | |
|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | Application Number | 90/007,093 |
| | | Filing Date | 06/18/2004 |
| | | First Named Inventor | 6085192 |
| | | Art Unit | 2163 |
| | | Examiner Name | Alford W. Kindred |
| Sheet | 5 of 16 | Attorney Docket Number | 25587-033-005 RE |

### U.S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Document Number Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| ✓ | A5 | US-5828840 | 10-27-1998 | Cowan et al. | |
| | B5 | US-5832483 | 11-03-1998 | Barker | |
| | C5 | US-5835087 | 11-10-1998 | Herz et al. | |
| | D5 | US-5835601 | 11-10-1998 | Shimbo et al. | |
| | E5 | US-5845282 | 12-01-1998 | Alley et al. | |
| | F5 | US-5862325 | 01-19-1999 | Reed et al. | |
| | G5 | US-5862346 | 01-19-1999 | Kley et al. | |
| | H5 | US-5870544 | 02-09-1999 | Curtis | |
| | J5 | US-5870759 | 02-09-1999 | Bauer et al. | |
| | K5 | US-5870765 | 02-09-1999 | Bauer et al. | |
| | L5 | US-5878230 | 03-02-1999 | Weber et al. | |
| | M5 | US-5909689 | 06-01-1999 | Van Ryzin | |
| | N5 | US-5924103 | 07-13-1999 | Ahmed et al. | |
| | O5 | US-5928329 | 07-27-1999 | Clark et al. | |
| | P5 | US-5943676 | 08-24-1999 | Boothby | |
| | Q5 | US-5951652 | 09-14-1999 | Ingrassia Jr. et al. | |
| | R5 | US-5961590 | 10-05-1999 | Mendez et al. | |
| | S5 | US-5966714 | 10-12-1999 | Huang et al. | |

### FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Foreign Patent Document Country Code[3] Number[4] Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | *[signature] W Kild* | Date Considered | 5/21/05 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.
This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/SB/08a (08-03)
Approved for use through 07/31/2006. OMB 0851-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449A/PTO | | **Complete if Known** | |
|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | Application Number | 90/007,093 |
| | | Filing Date | 06/18/2004 |
| | | First Named Inventor | 6085192 |
| | | Art Unit | 2163 |
| | | Examiner Name | Alford W. Kindred |
| Sheet | 6 of 16 | Attorney Docket Number | 25587-033-005 RE |

## U.S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Document Number Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| Alex | A6 | US-5968131 | 10-19-1999 | Mendez et al. | |
| | B6 | US-5974238 | 10-26-1999 | Chase, Jr. | |
| | C6 | US-5982898 | 11-09-1999 | Hsu et al. | |
| | D6 | US-5987609 | 11-16-1999 | Hasebe | |
| | E6 | US-5999932 | 12-07-1999 | Paul | |
| | F6 | US-5999947 | 12-07-1999 | Zollinger et al. | |
| | G6 | US-6006017 | 12-21-1999 | Joshi et al. | |
| | H6 | US-6020885 | 02-01-2000 | Honda | |
| | J6 | US-6021427 | 02-01-2000 | Spagna et al. | |
| | K6 | US-6023700 | 02-08-2000 | Owens et al. | |
| | L6 | US-6023708 | 02-08-2000 | Mendez et al. | |
| | M6 | US-6034621 | 03-07-2000 | Kaufman | |
| | N6 | US-6052735 | 04-18-2000 | Ulrich et al. | |
| | O6 | US-6073165 | 06-06-2000 | Narasimhan et al. | |
| | P6 | US-6094477 | 07-25-2000 | Nada et al. | |
| | Q6 | US-6125281 | 07-25-2000 | Wells et al. | |
| | R6 | US-6108691 | 08-22-2000 | Lee et al | |
| Alex | S6 | US-6108709 | 08-22-2000 | Shinomura et al. | |

## FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Foreign Patent Document Country Code[3] Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | [signature] W Kindred | Date Considered | 5/21/05 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

[1] Applicant's unique citation designation number (optional).
[2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04.
[3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3).
[4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document.
[5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible.
[6] Applicant is to place a check mark here if English language Translation is attached.

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/SB/08a (08-03 )
Approved for use through 07/31/2006. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449A/PTO | **Complete if Known** | |
|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** (Use as many sheets as necessary) | Application Number | 90/007,093 |
| | Filing Date | 06/18/2004 |
| | First Named Inventor | 6085192 |
| | Art Unit | 2163 |
| | Examiner Name | Alford W. Kindred |
| Sheet | 7 | of | 16 | Attorney Docket Number | 25587-033-005 RE |

## U.S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Document Number — Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| AWK | A7 | US-6118856 | 09-12-2000 | Paarsmarkt et al. | |
| | B7 | US-6131116 | 10-10-2000 | Riggins et al. | |
| | C7 | US-6131096 | 10-10-2000 | Ng et al. | |
| | D7 | US-6138146 | 10-24-2000 | Moon et al. | |
| | E7 | US-6151606 | 11-21-2000 | Mendez | |
| | F7 | US-6154844 | 11-28-2000 | Touboul et al. | |
| | G7 | US-6169986 | 01-02-2001 | Bowman et al. | |
| | H7 | US-6182118 | 01-30-2001 | Finney et al. | |
| | J7 | US-6212529 | 04-03-2001 | Boothby et al. | |
| | K7 | US-6249805 | 06-19-2001 | Fleming | |
| | L7 | US-6295541 | 09-25-2001 | Bodnar et al. | |
| | M7 | US-6304881 | 10-16-2001 | Halim et al. | |
| | N7 | US-6311186 | 10-30-2001 | Melampy et al. | |
| | O7 | US-6324542 | 11-27-2001 | Wright, Jr. et al. | |
| | P7 | US-6334140 | 12-25-2001 | Kawamata | |
| | Q7 | US-6343313 | 01-29-2002 | Salesky et al. | |
| | R7 | US-6389455 | 05-14-2002 | Fuisz | |
| AWK | S7 | US-6438583 | 08-20-2002 | McDowell et al. | |

## FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Foreign Patent Document Country Code[3] Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | _Alford W. Kindred_ | Date Considered | 5/22/05 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional).
[2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04.
[3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3).
[4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document.
[5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible.
[6] Applicant is to place a check mark here if English language Translation is attached.
This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending on the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/SB/08b (08-03)
Approved for use through 07/31/2006. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449A/PTO | | **Complete if Known** | |
|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | Application Number | 90/007,093 |
| | | Filing Date | 06/18/2004 |
| | | First Named Inventor | 6085192 |
| | | Art Unit | 2163 |
| | | Examiner Name | Alford W. Kindred |
| Sheet   8   of   16 | | Attorney Docket Number | 25587-033-005 RE |

## U.S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Document Number — Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| Awe | A8 | US-6446090 | 09-03-2002 | Hart | |
| | B8 | US-6477545 | 11-05-2002 | LaRue | |
| | C8 | US-6510455 | 01-21-2003 | Chen et al. | |
| | D8 | US-6564218 | 05-13-2003 | Roth | |
| | E8 | US-6631416 | 10-07-2003 | Bendinelli et al. | |
| Aw | F8 | US-6697942 | 02-24-2004 | L'Heureux et al. | |
| | G8 | | | | |
| | H8 | | | | |
| | J8 | | | | |
| | K8 | | | | |
| | L8 | | | | |
| | M8 | | | | |
| | N8 | | | | |
| | O8 | | | | |
| | P8 | | | | |
| | Q8 | | | | |
| | R8 | | | | |
| | S8 | | | | |

## FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Foreign Patent Document Country Code[3] Number[4]-Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | | Date Considered | 5/22/05 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
[1] Applicant's unique citation designation number (optional).
[2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04.
[3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3).
[4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document.
[5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible.
[6] Applicant is to place a check mark here if English language Translation is attached.

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/SB/08a (08-03)
Approved for use through 07/31/2008. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449A/PTO | | | | Complete if Known | |
|---|---|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | | | Application Number | 90/007,093 |
| | | | | Filing Date | 06/18/2004 |
| | | | | First Named Inventor | 6085192 |
| | | | | Art Unit | 2163 |
| | | | | Examiner Name | Alford W. Kindred |
| Sheet | 9 | of | 16 | Attorney Docket Number | 25587-033-005 RE |

| | | NON PATENT LITERATURE DOCUMENTS | | |
|---|---|---|---|---|
| Examiner Initials* | Cite No.¹ | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city | | T² |
| AW | A9 | Radosevich, Linda, "Users want unified mail directories," Computerworld, August 30, 1993, p. 12 | | |
| | B9 | Bruno, Charles, "Firm pushes E-mail limits beyond rivals'," Network World, August 12, 1991, pp. 33, 53 | | |
| | C9 | Sliwa, Carol and Cole, Barb, "MESA declares a groupware detente," Network World, August 5, 1996, p. 29 | | |
| | D9 | Grosse, Eric, "Repository Mirroring," ACM Transactions on Mathematical Software, Vol. 21, No. 1, March, 1995, pp. 89-97 | | |
| | E9 | Schilit, Bill N. and Theimer, Marvin M., "Disseminating Active Map Information to Mobile Hosts," IEEE Network, September/October 1994, pp. 22-32 | | |
| | F9 | Levy, Eliezer and Silberschatz, Abraham, "Distributed File Systems: Concepts and Examples," ACM Computing Surveys, Vol. 22, No. 4, December 1990, pp. 321-74 | | |
| | G9 | Rymer, John R., "The Muddle in the Middle," Byte, April 1996, pp. 67-70 | | |
| | H9 | Baum, David, "Intranet Politics and Technologies," Byte, May 1997, pp. 88A-88H | | |
| | J9 | Udell, Jon, "Push Me, Pull You," Byte, September 1996, pp. 117-120 | | |
| Aen | K9 | Kador, John, "The Ultimate Middleware," Byte, April 1996, pp. 79-83 | | |
| Examiner Signature | | [signature] | Date Considered | 5/22/05 | |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
1 Applicant's unique citation designation number (optional). 2 Applicant is to place a check mark here if English language Translation is attached.
This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/SB/08a (08-03)
Approved for use through 07/31/2006. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449A/PTO | | Complete if Known | |
|---|---|---|---|
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** *(Use as many sheets as necessary)* | | Application Number | 90/007,093 |
| | | Filing Date | 06/18/2004 |
| | | First Named Inventor | 6085192 |
| | | Art Unit | 2163 |
| | | Examiner Name | Alford W. Kindred |
| Sheet | 10 of 16 | Attorney Docket Number | 25587-033-005 RE |

| NON PATENT LITERATURE DOCUMENTS | | | |
|---|---|---|---|
| Examiner Initials* | Cite No.¹ | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city | T² |
| Plw | A10 | Brown, Mark, "Using Netscape 2," Que Corporation, 1995, pp. 885-907 | |
| | B10 | Kramer, Douglas, "The Java Platform," Javasoft, May 1996, pp. 1-25 | |
| | C10 | Package java.applet; java.net, http://www-nrg.ee.lbl.gov/j4/apibook/javaf.htm, javam.htm, 4/22/96 | |
| | D10 | Servlet Tutorial, http://mech.postech.ac.kr/Java/java.sun.com/products/jeeves/current release/doc/servlet_tutorial/servlet_tutorial.html | |
| | E10 | Freier et al., entitled "The SSL Protocol, Version 3.0," Netscape Communications, dated November 18, 1996, pages 1-59, Downloaded from URL=http://www.home.netscape.com/eng/ss13/draft302.txt | |
| | F10 | Java Servlet Application Programming Interface White Paper, http://mech.postech.ac.kr/Java/java.sun.com/products/jeeves/CurrentRelease/doc/api.html, August 1996, pp. 1-6 | |
| | G10 | Singhal, M., "Update transport: A new technique for update synchronization in replicated database systems," IEEE Transactions on Software Engineering, Vol. 16, No. 12, December 1990, pp 1325-1336 | |
| | H10 | Rao, H. & Skarra, A., "A transparent service for synchronized replication across loosely-connected file systems," IEEE Transactions on Software Engineering, April 1995, pp 110-117 | |
| | J10 | Crispin, M., "Internet Message Access Protocol - RFC 1730 Version 4," December 1994, pp 1 -52, http://www.faqs.org/rfcs/rfc1730.html | |
| Aw | K10 | Rao, Venkat & Aline, Mary, "Burrowing through firewalls," December 1996, pp 1-5, http://java.sun.com/developer/technicalArticles/InnerWorkings/Burrowing/ | |

| Examiner Signature | | Date Considered | 5/23/05 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
1 Applicant's unique citation designation number (optional). 2 Applicant is to place a check mark here if English language Translation is attached.
This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/SB/08B (08-03)
Approved for use through 07/31/2006. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| | | | | **Complete if Known** | |
|---|---|---|---|---|---|
| Substitute for form 1449A/PTO | | | Application Number | 90/007,093 |
| **INFORMATION DISCLOSURE** | | | Filing Date | 06/18/2004 |
| **STATEMENT BY APPLICANT** | | | First Named Inventor | 6085192 |
| | | | Art Unit | 2163 |
| | | | Examiner Name | Alford W. Kindred |
| Sheet | 11 | of | 16 | Attorney Docket Number | 25587-033-005 RE |

### NON PATENT LITERATURE DOCUMENTS

| Examiner Initials* | Cite No.¹ | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city | T² |
|---|---|---|---|
| Aw | A11 | Brown, Margaret J., "The Visto Briefcase Pro Puts Your PIM On The Internet," August 13, 1998, 1 page, URL:http://www.zdnet.com/zdnn/stories/zdnn_display/0,3440,341892,00.html | |
| | B11 | Tanenbaum, Andrew, "Computer Networks," Third Edition, Prentice-Hall, 1996, see entire document. | |
| | C11 | Knudsen, Jonathan, "Java Cryptography," O'Reilly, 1998, p. 79-91, 112, 160. | |
| | D11 | Verisign Press Release, "Verisign Enhances Digital IDS to Enable Universal Website Login and One-step Registration," <www.verisign.com/press/product/isv.html>, especially 2nd paragraph. | |
| | E11 | Crispin, M., "IMAP4 Compatibility With IMAP2BIS", Network Working Group RFC 2061, December 1996, XP002154026, <URL:http://www.imc.org/rfc2061>, retrieved 2000-11-28, page 1, last paragraph | |
| | F11 | "Configuration of a wireless-connected mobile computer," IBM Technical Disclosure Bulletin, US, IBM Corp., New York, vol. 38, no. 4, April 1, 1995, pp. 15-17, XP000516057, ISSN: 0018-8689, the whole document | |
| | G11 | Mason, Justin, "Tunneling over HTTP," December 11, 1996, pp 1-2 http://www.netsys.com/firewalls/firewalls-9612/0488.html | |
| | H11 | Elgamal, Taher, "The Secure Sockets Layer Protocol (SSL)," agenda for the Danvers IETF meeting, April 1995, pp 1-5 - http://www.ietf.cnri.reston.va.us/proceedings/95apr/sec/cat.elgamal.slides.html | |
| | J11 | Gray, Terry, "Message Access Paradigms and Protocols," revised September 28, 1995, pp 1-11 http://www.imap.org/imap.vs.pop.html | |
| Aw | K11 | Ouellette, Tim, "Data for everyone, bills for none?," Computerworld, March 17, 1997, pp. 43, 46 | |

| Examiner Signature | *(signature)* | Date Considered | 5/22/05 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
1 Applicant's unique citation designation number (optional). 2 Applicant is to place a check mark here if English language Translation is attached.

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

PTO/SB/08b (08-03)
Approved for use through 07/31/2006. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449A/PTO | **Complete if Known** | |
|---|---|---|
| | Application Number | 90/007,093 |
| **INFORMATION DISCLOSURE STATEMENT BY APPLICANT** | Filing Date | 06/18/2004 |
| | First Named Inventor | 6085192 |
| | Art Unit | 2163 |
| | Examiner Name | Alford W. Kindred |
| Sheet | 12 | of | 16 | Attorney Docket Number | 25587-033-005 RE |

| | | NON PATENT LITERATURE DOCUMENTS | |
|---|---|---|---|
| Examiner Initials* | Cite No.¹ | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city | T² |
| *Aek* | A12 | Research Disclosure: "Provide Auto-Forwarding Based On Criteria Selected by the User"; October 1, 1989; 1 page; No. 306; Kenneth Mason Publications; XP000085405; ISSN 0374-4353 | |
| | B12 | Chan, M.C. et al., "Application of Compaction Technique to Optimizing Wireless Email Transfer," IEEE Wireless Communications and Networking Conference 1999, p. 1535 Section A | |
| | C12 | Crispin, M., "Internet Message Access Protocol Version 4rev1," 1996 Section 2.3.1.1 | |
| | D12 | Jaeger and Prakash, "Implementation of a Discretionary Access Control Model for Script-based Systems," IEEE June 1995 | |
| | E12 | Adams, Charlotte, "Multilevel Secure Networking Charges Ahead," Federal Computer Week, April 12, 1993 | |
| | F12 | Kohl, John, "The Evolution of the Kerberos Authentication Service," 1991 | |
| | G12 | Young et al., "Deniable Password Snatching: On the Possibility of Evasive Electronic Espionage," 1997, IEEE, pp. 224-35 | |
| | H12 | Abel, Amee, "E-mail anywhere," May 1998, Time, pp. 1-4 | |
| | J12 | Gray, Emmett, "FETCH-O-MATIC by Emmett Gray," http://www.filmscouts.com/software/fomguide.asp, Version 2.5, 2001 | |
| | K12 | Satyanarayanan, M., "Integrating Security in a Large Distributed System," ACM Transactions on Computer Systems, Vol. 7, No. 3, August 1989, pp. 247-80. | |

| Examiner Signature | | Date Considered | 5/23/05 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
1 Applicant's unique citation designation number (optional). 2 Applicant is to place a check mark here if English language Translation is attached.

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

Approved for use through 07/31/2006. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449A/PTO | **Complete if Known** | |
|---|---|---|
| | Application Number | 90/007,093 |
| **INFORMATION DISCLOSURE** | Filing Date | 06/18/2004 |
| **STATEMENT BY APPLICANT** | First Named Inventor | 6085192 |
| | Art Unit | 2163 |
| | Examiner Name | Alford W. Kindred |
| Sheet    13    of    16 | Attorney Docket Number | 25587-033-005 RE |

### NON PATENT LITERATURE DOCUMENTS

| Examiner Initials* | Cite No.¹ | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city | T² |
|---|---|---|---|
| Jul | A13 | Kistler, James J. and Satyanarayanan, M., "Disconnected Operation in the Coda File System," ACM Transactions on Computer Systems, Vol. 10, No. 1, February 1992, pp. 3-25. | |
| | B13 | Hills, Alex and Johnson, David B., "Wireless Data Network Infrastructure at Carnegie Mellon University," IEEE Personal Communications, 3(1), February 1996. | |
| | C13 | Satyanarayanan, Mahadev, "Mobile Information Access," IEEE Personal Communications, February 1996, pp. 26-33. | |
| | D13 | Satyanarayanan, Mahadev et al., "Coda: A Highly Available File System for a Distributed Workstation Environment," IEEE Transactions on Computers, Vol. 39, No. 4, April 1990, pp. 447-59. | |
| | E13 | Satyanarayanan, Mahadev, "Scalable, Secure, and Highly Available Distributed File Access," Computer, May 1990, pp. 9-21. | |
| | F13 | Mummert, Lily B. et al., "Exploiting Weak Connectivity for Mobile File Access," SIGOPS '95, December 1995, pp. 143-55. | |
| | G13 | Terry, Douglas B. et al., "Managing Update Conflicts in Bayou, a Weakly Connected Replicated Storage System," SIGOPS '95, December 1995, pp. 172-183. | |
| | H13 | Demers, Alan et al., "The Bayou Architecture: Support for Data Sharing among Mobile Users," Proceedings of the Workshop on Mobile Computing Systems and Applications, Santa Cruz, California, December 1994, pages 2-7. | |
| | J13 | Petersen, Karin et al., "Bayou: Replicated Database Services for World-wide Applications," Proceedings Seventh ACM SIGOPS European Workshop (EuroSIGOPS '96), Connemara, Ireland, September 1996, pages 275-280. | |
| | K13 | Crocker, David H., "RFC822: Standard for ARPA Internet Text Messages," http://www.w3.org/Protocols/rfc822/ | |

| Examiner Signature | | Date Considered | 5/23/05 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
1 Applicant's unique citation designation number (optional). 2 Applicant is to place a check mark here if English language Translation is attached.

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/SB/08b (08-03)
Approved for use through 07/31/2006. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| Substitute for form 1449A/PTO | Complete if Known | |
|---|---|---|
| | Application Number | 90/007,093 |
| **INFORMATION DISCLOSURE** | Filing Date | 06/18/2004 |
| **STATEMENT BY APPLICANT** | First Named Inventor | 6085192 |
| | Art Unit | 2163 |
| | Examiner Name | Alford W. Kindred |
| Sheet | 14 | of | 16 | Attorney Docket Number | 25587-033-005 RE |

| NON PATENT LITERATURE DOCUMENTS | | | |
|---|---|---|---|
| Examiner Initials* | Cite No.¹ | Include name of the author (in CAPITAL LETTERS), title of the article (when appropriate), title of the item (book, magazine, journal, serial, symposium, catalog, etc.), date, page(s), volume-issue number(s), publisher, city | T² |
| *AK* | A14 | Theisen, Tim, "AFS distributed filesystem FAQ (1/2)," posted to uwisc.general newsgroup, July 25, 1994. | |
| | B14 | Theisen, Tim, "AFS distributed filesystem FAQ (2/2)," posted to uwisc.general newsgroup, July 25, 1994. | |
| | C14 | Schubert, Eric, "Re: telnet/internet and ... ," posted to comp.sys.hp.mpe newsgroup, June 30, 1995. | |
| | D14 | Glazman, Daniel, "SOFTWARE: HHTPtool [sic] 1.1, a file transfer utility over HTTP using PUT and GET," posted to comp.infosystems.www.announce newsgroup, May 17, 1995. | |
| | E14 | Glazman, Daniel, "SOFTWARE: HTTPtool v1.0 for Windows3.x, file transfer utility over HTTP," posted to comp.infosystems.www.announce newsgroup, March 21, 1996. | |
| | F14 | Angus, Jeffrey G., "Sales force automation has a GoldMine," Computerworld, October 7, 1996, p. 59 | |
| | G14 | Salamone, Salvatore, "Middle(ware) Management," Byte, April 1996, pp. 71-76 | |
| | H14 | Nance, Barry, "Balance the Load with Transaction Server," Byte, June 1997, pp. 81-84 | |
| | J14 | Francett, Barbara, "Replication on the Run," Software Magazine, August 1996, pp. 63-66 | |
| | K14 | Darling, Charles B., "EDA/SQL Loses a Little and Gains a Lot," Datamation, May 1, 1996, p. 12 | |
| | L14 | Varney, Sarah E., "Arm your salesforce with the Web," Datamation, October 1996, pp. 72-74 | |
| | M14 | Fulcher, Jim, "Is it or isn't it?," Manufacturing Systems, October 1996, pp. 56-61 | |
| | N14 | Lamb, John and Cusato, Tony, "LAN-Based Office for the Enterprise, A Case Study," Proceedings, 19th Conference on Local Computer Networks, Minneapolis, Minnesota, October 2-5, 1994, pp. 440-447 | |
| *AK* | O14 | Kawell Jr., Leonard et al., "Replicated Document Management In A Group Communication System," presented at the Second Conference on Computer-Supported Cooperative Work, Portland, Oregon, September 26-28, 1988, as printed in Groupware: Software for Computer-Supported Cooperative Work, IEEE Computer Society Press, pp. 226-235 | |

| Examiner Signature | | Date Considered | 5/23/05 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MEPE 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.
1 Applicant's unique citation designation number (optional). 2 Applicant is to place a check mark here if English language Translation is attached.
This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*