**MANATT, PHELPS & PHILLIPS, LLP**
RONALD S. KATZ (State Bar No. 85713)
ROBERT D. BECKER (State Bar No. 160648)
BRUCE J. MCCUBBREY (State Bar No. 38817)
MICHELLE GILLETTE (State Bar No. 178734)
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

*Attorneys for Plaintiff*
VISTO CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT

SAN FRANCISCO DIVISION

| | |
|---|---|
| VISTO CORPORATION,<br><br>    Plaintiff<br><br>    v.<br><br>SPROQIT TECHNOLOGIES, INC.,<br><br>    Defendant | Case No. C 04-0651 EMC<br><br>**VISTO CORPORATION'S SUPPLEMENTAL FILING REGARDING MOTION FOR PRELIMINARY INJUNCTION**<br><br>Hearing Date: January 18, 2006<br>Time: 10:30 a.m.<br>Courtroom: C, 15th Floor<br>Judge: Hon. Edward M. Chen |

In response to the Court's request at the Preliminary Injunction Hearing on January 18, 2006, Visto Corporation hereby submits the following citations regarding the disclosure of "bookmark" workspace elements.

The specification of U.S. Patent No. 6,085,192 ("the '192 patent")(attached as Exh. A) discloses that corporate LAN 135 includes "an e-mail server 145 having e-mail data 165 ... a file server 150 having file data 170 ... a calendar server 155 having calendar data 175 and ... a desktop computer 160 having user data 180." (Exh. A, Col. 3, ll. 13-17 and FIG. 1.) "[T]he e-mail data 165, file data 170, calendar data 175 and user data 180 may each be divided into workspace elements, wherein each workspace element is identified by particular version information 255 (described below with reference to FIG. 2)." (Exh. A, Col. 3, ll. 25-31.)

"FIG. 2 is a block diagram illustrating details of a service server 200, wherein each of the

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

VISTO'S SUPPLEMENTAL FILING
REGARDING PI MOTION
CASE NO. C 04-0651 EMC

e-mail server 145, the file server 150, the calendar server 155 and the desktop computer 160 is an instance thereof." (Exh. A, Col. 4, ll. 7-10.)  The '192 patent discloses that these servers include a service engine 245, which is described as follows:

> A service engine 245 includes a program for performing a particular service such as maintaining an e-mail data base, a calendar data base, **a bookmarks data base** or another file data base ... To perform a service, the service engine 245 operates on service data 250 (e.g., the e-mail data 165, the file data 170, the calendar data 175 or the user data 180), which is typically stored in the data storage device 250. The service data 250 includes version information 255 indicating the date and time of the last modification. The service engine 245 operates to update the version information 255 whenever modifications are made.  (Exh. A, Col. 4, ll. 23-35.)(Emphasis added.)

In addition to the above, the '192 patent incorporates by reference the specifications of co-pending patent application 08/766,307 (now U.S. Patent No. 6,131,116 ("the '116 patent"), attached as Exh. B) and co-pending patent application 08/841,950 ("the '950 application")(attached as Exh. C).  The specification of the '116 patent illustrates that a remote client 150 may access services and data on local clients 110, 160 via a master server 130:

> The master server 130 includes a web page engine 133 for maintaining and providing access to an internet web page which is enabled to forward applets 136 to the web browser 155 of the remote client 150. A user can select a particular service which corresponds to one of the applets 136, thereby causing the web browser 155 of the remote client 150 to initiate execution of the corresponding applet 130 [*sic*]. Execution of the applet 130 [*sic*] causes the appropriate service engine 115 or 165 [on local clients 110, 160] to execute the particular service. (Exh. B, Col. 3, ll. 15-24.)(Bracketing added.)

> The master server 130 further includes configuration data 137, which the remote client 150 can download to gain access to the desired service and to configure the functionality, look and feel of the web browser 155. The configuration data 137 may include operating system settings such as TCP protocol data and the domain name server address, user preferences, **bookmarks**, services, service addresses, etc. (Exh. B, Col. 3, ll. 30-36)(Emphasis added.)

The incorporated specification of the '950 application also addresses "user data" that may be downloaded to a remote client computer 114. (Exh. C, pp. 16-17.)[1]  As disclosed, "user data 392" downloaded to client computers 114 "may include user-and-service-specific information such as stored **bookmarks**, calendar data, pager numbers, etc. which was specifically stored on the global server 106 for easy access." *Id*. at 17. (Emphasis added.)  FIG. 1 of the '192 patent

---

[1] Exh. C is a copy of the '950 specification as filed with the PTO and posted on its official PAIR website.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

2

VISTO'S SUPPLEMENTAL FILING
REGARDING PI MOTION
CASE NO. C 04-0651 EMC

1   shows that "workspace data 185" encompasses "user data."

2       Finally, U.S. Patent No. 6,023,708 ("the '708 patent")(attached as Exh. D) and U.S. Patent
3   No. 6,151,606 ("the '606 patent")(attached as Exh. E), which are related to and incorporate the
4   specification of the '192 patent, and U.S. Patent No. 6,708,221 ("the '221 patent")(attached as
5   Exh. F), which is a continuation-in-part of the '192 patent, provide discussion of bookmark
6   workspace elements that may be considered by the Court.[2] *See, e.g.*, *Jonsson v. Stanley Works,*
7   903 F.2d 812, 818 (Fed. Cir. 1990)(construction of the same term in related patent relevant to an
8   understanding of that term in patent at issue); and *Abtox, Inc. v. Exitron Corp.,* 131 F.3d 1009,
9   1010 (Fed. Cir. 1997), modifying 122 F.3d 1019 (Fed. Cir. 1997)(improper to construe the same
10  term in related patents differently).

11      Both the '708 patent and the '221 patent provide examples of bookmark workspace
12  elements according to the patented invention. (Exh. D, FIG. 6 and Exh. F, FIG. 5.) In the
13  example provided below, the bookmark workspace element is in a global format and includes
14  information required for a copy of the bookmark workspace element stored on a corporate LAN
15  110 in Format A and a copy on a remote terminal 102 in Format B, wherein the copies may not
16  include identical information:

17      FIG. 6 illustrates an example bookmark workspace element in the global format. The
18  global translator 122 incorporates all the information needed by both formats (Format A and Format B) to create a Global Format. For example, if a bookmark in Format A needs elements X, Y and Z and a bookmark in Format B needs elements W, X and Y,
19  the global translator 122 incorporates elements W, X, Y and Z to create a bookmark in the global format. (Exh. D, Col. 8, ll. 47-54.)(See also, Exh. F, Col. 9, ll. 28-36.)
20  

21      The '606 patent also states: "Workspace data includes at least one workspace element,
22  such as an e-mail, a day of calendar data, a word document, a bookmark, a sheet of spreadsheet
23  data, or a portion thereof. Workspace data may include e-mails, calendar data, word documents,
24  **bookmarks**, spreadsheet data, or **portions thereof**." (Exh. E, Col. 3, ll. 47-53.)(Emphasis
25  added.)

---

[2] Infringement of the '708 and '221 patents is also at issue in the present action.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

3

VISTO'S SUPPLEMENTAL FILING
REGARDING PI MOTION
CASE NO. C 04-0651 EMC

1 | Dated: January 20, 2006            Respectfully submitted,

2 |                                     MANATT, PHELPS & PHILLIPS, LLP

3 |                                     /s/ Greg T. Warder
                                    Greg T. Warder
4 |                                     1001 Page Mill Road, Building 2
                                    Palo Alto, CA  94304
5 |                                     Telephone:  650-812-1300
                                    Facsimile:  650-213-0260

6 |

7 |                                     *Attorneys for Plaintiff*
                                           *Visto Corporation*
8 |

9 |          *Filer's Attestation: Pursuant to General Order No. 45, Section X(B) regarding signatures, Robert D. Becker hereby attests that concurrence in the filing of this document has been obtained.*

10 |

11 |

12 |

13 | 20150705.1

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

4

VISTO'S SUPPLEMENTAL FILING
REGARDING PI MOTION
CASE NO. C 04-0651 EMC