1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DORSEY & WHITNEY LLP
Sri K. Sankaran (State Bar No. 236584)
555 California Street, Suite 1000
San Francisco, CA  94104-1513
Telephone:  (415) 781-1989
Facsimile:  (415) 398-3249

Devan V. Padmanabhan (Admitted *pro hac vice*)
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600
Facsimile:  (612) 340-8856

Attorneys for Defendant
Sproqit Technologies, Inc.

# E-FILING

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| Visto Corporation<br><br>                              Plaintiff,<br><br>          v.<br><br>Sproqit Technologies, Inc.<br><br>                              Defendant. | )  CASE NO.: 04-0651 EMC<br>)<br>)  Before the Honorable Edward M. Chen<br>)<br>)<br>)  **RESPONSE TO VISTO CORPORATION'S**<br>)  **SUPPLEMENTAL FILING REGARDING**<br>)  **MOTION FOR PRELIMINARY**<br>)  **INJUNCTION**<br>)<br>)<br>)  **Hearing Date:**        January 18, 2006<br>)  **Time:**                    2:30 PM<br>)  **Courtroom:**          Courtroom C, 15th Floor<br>)  **Judge:**                  Edward M. Chen |

The Court asked Visto to explain the use of the term "bookmark" in the '192 Patent,

which is the only patent at issue in Visto's motion for a preliminary injunction.  Instead, Visto

spends the bulk of its supplemental memorandum discussing five *other* patents – including

patents that were filed after the '192 Patent.  The mere fact that Visto finds it necessary to seek

1

4842-6148-3776\1

succor in these other patents demonstrates that a substantial question exists about the '192 Patent. The existence of a substantial question defeats the motion for preliminary injunction. Amazon.com, Inc. v. Barnesandnoble.com, Inc., 239 F.3d 1343, 1350-51 (Fed. Cir. 2001).

Moreover, Visto's desperate attempt to take refuge in the language of the other patents constitutes an admission that the language Visto needs is not in the '192 Patent itself. This further bolsters Sproqit's argument that a substantial question exists regarding the '192 Patent. At best, the evidence from these other patents raises a complicated issue of claim construction that should be handled pursuant the Patent Local Rules' orderly claim-construction procedure – not disposed of on a motion for preliminary injunction. The motion for preliminary injunction should therefore be denied.

In any event, Visto cannot retroactively expand the disclosure of the '192 Patent and broaden the scope of its claims by relying on language included in later applications that claim priority to the '192 Patent. Visto refers, for example, to language from the written description of the '606 Patent, which issued from an application filed in 1998. The language Visto cites from the written description of the '606 Patent does not appear in the '192 Patent. Section 112 of the patent statute, 35 U.S.C. § 112(1), requires that a patent contain a written description of the invention. The written description requirement is intended to "put the public in possession of what the party claims as his invention." Vas-Cath v. Mahurkar, 935 F.2d 1555, 1561 (Fed. Cir. 1991), quoting Evans v. Eaton, 20 U.S. 356, 434 (1822). The written description requirement prevents a patentee from later claiming more than he invented:

> Adequate description of the invention guards against the inventor's overreaching by insisting that he recount his invention in such detail that his future claims can be determined to be encompassed within his original creation.

2

Vas-Cath, 935 F.2d at 1561, quoting Rengo Co. v. Molins Mach. Co., 657 F.2d 535, 551 (3d Cir.), cert. denied, 454 U.S. 1055 (1981).

Visto does not cite any cases which permit the use of new matter added to the written description of a continuation-in-part application to expand the scope of the parent application. In Jonnson v. The Stanley Works, 903 F.2d 812 (Fed. Cir. 1990), there were two sibling patents (the '251 and '912 Patents) which shared a common parent application (the '008 Application). Id. at 817. The court used the prosecution history of the parent '008 Application and the previously-issued sibling '251 Patent to construe the claims of the '912 Patent. Id. at 817-18. In Abtox, Inc. v. Exitron Corp., 122 F.3d 1019, 1027 (Fed. Cir. 1997), as amended, 131 F.3d 1009 (Fed. Cir. 1997), the court cited Jonnson for the proposition that "prosecution history of parent application is relevant to understanding scope of claims issuing in a continuation-in-part application." The Court proceeded to use the prosecution history of the parent application to construe the claims of the child patent. Id. at 1009 ("To properly construe the claims, the district court needed only to focus on the meaning of the claim language 'gas-confining chamber' as interpreted in light of the specification and the parent application.").

In neither case cited by Visto, nor in any other that Sproqit has found, did the court use new matter from the written description of a continuation-in-part application to construe the claim of the parent patent. Indeed such an approach would effectively allow a patentee to use continuation-in-part applications to retroactively expand the disclosure of the parent application, in violation of the written description requirement. For these reasons, the Court should not consider new matter from the written descriptions of later-filed patent applications when construing claim 10 of the '192 Patent.

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted

DORSEY & WHITNEY LLP

Dated:  February 3, 2006

_____/s/_____
Sri K. Sankaran
Attorneys for Defendant
Sproqit Technologies, Inc.

4