1  **MANATT, PHELPS & PHILLIPS, LLP**
   RONALD S. KATZ (State Bar No. 85713)
2  ROBERT D. BECKER (State Bar No. 160648)
   BRUCE J. MCCUBBREY (State Bar No. 38817)
3  GREG T. WARDER (State Bar No. 209966)
   1001 Page Mill Road, Building 2
4  Palo Alto, CA 94304-1006
   Telephone:    (650) 812-1300
5  Facsimile:    (650) 213-0260

6  *Attorneys for Plaintiff*
   VISTO CORPORATION
7

8              UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT

10                SAN FRANCISCO DIVISION

11 | VISTO CORPORATION, | Case No. C 04-0651 EMC |
|---|---|
12 | Plaintiff | **REPLY TO VISTO CORPORATION'S SUPPLEMENTAL FILING REGARDING MOTION FOR PRELIMINARY INJUNCTION** |
13 | v. | |
14 | SPROQIT TECHNOLOGIES, INC., | |
15 | Defendant | Hearing Date: January 18, 2006<br>Time: 10:30 a.m.<br>Courtroom: C, 15th Floor<br>Judge: Hon. Edward M. Chen |

17

18  Sproqit's argument that Visto is attempting to broaden the scope of the '192 patent claims

19 by adding new matter from later applications mischaracterizes the information submitted by Visto

20 and is completely off-point.

21  In response to Visto's present Motion for Preliminary Injunction, Sproqit has taken the

22 unsupported position that a "workspace element" as recited in the claims must be a complete

23 email, and cannot comprise a different subset of email or other data. (Sproqit's Opposition to

24 Motion for Preliminary Injunction, Docket No. 110, pp. 4-5.) Sproqit argues that this is

25 consistent with the '192 patent's definition of the term, and selectively cites to the specification

26 for proof. *Id*. The construction of the Texas court stipulated to by the parties, however, broadly

27 defines a workspace element as "a subset of workspace data," and the specification of the '192

28 patent clearly does not limit the definition to a complete email as suggested by Sproqit.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

REPLY TO VISTO'S SUPPLEMENTAL
FILING REGARDING PI MOTION
CASE NO. C 04-0651 EMC

1  To demonstrate this fact during the motion hearing on January 18, 2006, Visto pointed-out
2  that the '192 patent discloses workspace elements may comprise smaller subsets of workspace
3  data than a complete email, such as bookmarks, and that bookmark workspace elements were
4  extensively discussed in specifications related to the '192 patent. The Court requested that Visto
5  provide further information on this discussion, which Visto has done in its supplemental filing.

6  This information is not relied on to broaden the scope of the '192 patent claims. It merely
7  illustrates that there is nothing in the '192 patent to limit the definition of a workspace element in
8  the manner proposed by Sproqit, and that to do so would be improper. "[T]he claims of the
9  patent will not be read restrictively unless the patentee has demonstrated a clear intention to limit
10 the claim scope using words or expressions of manifest exclusion or restriction." *Liebel-*
11 *Flarsheim Co. v. Medrad, Inc.*, 358 F.3d 898, 906-09 (Fed. Cir. 2004). "A patentee may claim an
12 invention broadly and expect enforcement of the full scope of that language absent a clear
13 disavowal or contrary definition in the specification." *Home Diagnostics, Inc. v. LifeScan, Inc.*,
14 381 F.3d 1352, 1357 (Fed. Cir. 2004).

15 There is no basis for Sproqit's assertion that considering related patents to assist in
16 determining the scope of the invention disclosed in the '192 patent is somehow adding new
17 matter. First, *the entire specifications* of the '116 patent and '950 application cited by Visto are
18 incorporated by reference into the disclosure of the '192 patent. (Visto's Supplemental Filing,
19 Docket No. 131, pp. 2-3.) The disclosures of patents that are incorporated by reference "are
20 highly relevant to one of ordinary skill in the art for ascertaining the breadth of the claim term."
21 *AquaTex Indus. v. Techniche Solutions*, 419 F.3d 1374, 1381 (Fed. Cir. 2005).

22 Second, and contrary Sproqit's suggestion, it has been well established by case law that
23 related patents may be considered to determine the scope of claim terms. Similar to *Jonnson v.*
24 *Stanley Works*, 903 F.2d 812 (Fed. Cir. 1990), which Sproqit attempts to distinguish, the '606
25 patent cited by Visto claims priority to and incorporates the same specifications of the '116 patent
26 and '950 application that the '192 patent does. (Visto's Supplemental Filing, Exh. E, Col. 1, ll. 7-
27 15.) Sproqit itself acknowledges that the court in *Jonnson* considered a sibling patent to construe
28 claims of another continuation-in-part patent where the two had a common parent application.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

2

REPLY TO VISTO'S SUPPLEMENTAL
FILING REGARDING PI MOTION
CASE NO. C 04-0651 EMC

(Sproqit's Response to Visto's Supplemental Filing, Docket No. 132, p. 3.) The '708 patent cited by Visto also incorporates the specification of the '192 patent, and the '221 patent is a continuation-in-part of the '192 patent. (Visto's Supplemental Filing, p. 3.) The Federal Circuit has held that even subsequent, related patent applications may be relevant to construing the claims of earlier patents. *Microsoft Corp. v. Multi-Tech Sys.*, 357 F.3d 1340, 1349 (Fed. Cir. 2004)("Multi-Tech's statement made during prosecution of the '627 patent is relevant to an understanding of the common disclosure in the sibling '649 and '532 patents.") *See also*, *Id*. at 1350, citing *Georgia Pacific Corp. v. U.S. Gypsum Co.*, 195 F.3d 1322 (Fed. Cir. 1999); and *Cummins-Allison Corp. v. Glory, Ltd.*, 2005 WL 711991 at 8 (N.D. Ill. 2005)(Relying on the specification of a continuation-in-part patent application to construe language in the specification of a patent to which it claimed priority.)

In sum, the statement of facts submitted by Visto in its Supplemental Filing does not add new matter or impermissibly broaden the scope of the '192 patent claims. Sproqit's contention that it raises a substantial question or a complicated issue of claim construction is nothing but an attempt to distract the Court. The disclosure from specifications directly related to the '192 patent may properly be considered to assist the Court in reaching its conclusions.

Dated: February 7, 2006

Respectfully submitted,

MANATT, PHELPS & PHILLIPS, LLP

/s/ Greg T. Warder
Greg T. Warder
1001 Page Mill Road, Building 2
Palo Alto, CA 94304
Telephone: 650-812-1300
Facsimile: 650-213-0260

*Attorneys for Plaintiff*
*Visto Corporation*

*Filer's Attestation: Pursuant to General Order No. 45, Section X(B) regarding signatures, Robert D. Becker hereby attests that concurrence in the filing of this document has been obtained.*

20151739.1

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

3

REPLY TO VISTO'S SUPPLEMENTAL
FILING REGARDING PI MOTION
CASE NO. C 04-0651 EMC