SRI K. SANKARAN (SBN 0204304)
DORSEY & WHITNEY LLP
555 California Street
Suite 1000
San Francisco, CA 94104-1513
Telephone: (612) 340-2600
Facsimile:  (612) 340-2868

Devan V. Padmanabhan (admitted *pro hac vice*)
Bart B. Torvik (admitted *pro hac vice*)

Attorneys for
Sproqit Technologies, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Visto Corporation<br><br>                    Plaintiff,<br><br>v.<br><br>Sproqit Technologies, Inc.<br><br>                    Defendant. | NO.: 04-CV-651 (EMC)<br><br>**SPROQIT'S OPPOSITION TO VISTO'S MOTION TO CONTINUE THE CLAIM CONSTRUCTION HEARING**<br><br>Judge:  Edward M. Chen |

Visto's Motion to Continue is a sham.  Visto is trying to engineer a crisis because it is afraid that this Court will consider issues and arguments that were not presented in the Texas litigation and construe the claims of Visto's patents in a way that is unfavorable to Visto.  A negative ruling on new issues and arguments could be a serious problem for Visto in its suits against Microsoft, Research in Motion, and other competitors in the Eastern District of Texas.  Further, Visto has manufactured this effort to dismiss this case in order to provide cover for its false comments to Judge Folsom in Texas that "the Sproqit case is about to end."  These comments were made in open Court while opposing Microsoft's Motion to Transfer Venue to this District.

The only discovery issue in this case is Visto's inability to schedule depositions as required by the Local Rules.  Before addressing the purported basis for Visto's motion, however, it is important to address some of Visto's atmospherics.

Sproqit may not have any employees, but it is complying with its discovery obligations and other litigation obligations in order to vindicate its right to practice the accused technology.  Sproqit has pending counterclaims seeking declaratory judgments of noninfringement and invalidity.  Sproqit has fought back Visto's preliminary injunction motion and Visto's motion for leave to reconsider the preliminary injunction denial, and has fully complied with all of its obligations with regard to claim construction.  There is no argument by Visto that the court lacks subject matter jurisdiction, that there is no justiciable case or controversy, or that there is any lack of standing.  The truth is that this case has never been about large sales made by Sproqit or collecting massive damages.  Rather, it is about the promise of Sproqit's superior technology.  The preliminary injunction briefing made clear that Sproqit's sales were minimal, yet Visto persisted with the case to try and keep Sproqit's technology off the market.

The crisis that Visto has tried to engineer relates to a Rule 30(b)(6) deposition on technical issues.  If Visto were seriously interested in learning about Sproqit's technology, Visto would have taken the deposition of Barry Roitblat, Sproqit's former Chief Technical Officer.  Visto knows that Mr. Roitblat is no longer with Sproqit.  Visto actually subpoenaed Mr. Roitblat and noticed his deposition.  Then Visto cancelled that deposition, and never rescheduled it.  Any serious effort to learn about Sproqit's technology would include a deposition of Mr. Roitblat, who developed it.  Instead, Visto chose to demand a Rule 30(b)(6) designee to speak for the company, knowing that it would take time for Sproqit to get a witness ready.  Sproqit has engaged an expert to study the code of the Sproqit products and testify on behalf of the company.  Sproqit engaged this expert even **before** Visto served any Rule 30(b)(6) deposition notice on technical topics.  This expert has spent more than 100 hours analyzing the Sproqit code and is making substantial progress in his work, and should be in a position to testify in the next 30 to 60 days.  Visto would have known this if it had conferred with Sproqit as required by the Local Rules instead of sending notices demanding testimony on 8 days' notice.

Visto's motion to continue is based on the assertion that preparing for the claim construction hearing will be a waste of resources because (1) Sproqit cannot fulfill its discovery obligations, and (2) Visto's motion to dismiss as a discovery sanction will be granted, mooting any need for claim construction.  See Motion to Continue at p. 4.  Both these premises are false.  First, Sproqit is cooperating in discovery and fulfilling its other obligations in this litigation, as it seeks to remove the cloud that Visto's claims of infringement have placed over its technology.  Second, no sanctions of any kind—let alone the ultimate sanction of dismissal—are available on the facts present here.  Because Sproqit is complying with its discovery obligations and Visto's Motion for Sanctions is risible, there is no reason to continue the claim construction hearing.  And, in any event, there is no authority to support Visto's argument that a case should be stayed pending a motion for discovery sanctions.  Visto's Motion to Continue should be denied and this case should go forward as scheduled.  The discovery that Visto supposedly wants has no bearing on claim construction, and Visto does not argue to the contrary.

**FACTS**

On May 2, 2006, sent Sproqit a proposed Rule 30(b)(6) deposition notice, listing four non-technical topics regarding Sproqit's business structure and current sales activities.  Visto proposed that the deposition take place just eight days later on May 10.  See Exhibit A to the Declaration of Greg Warder in Support of the Motion to Continue ("Warder Decl.").

On May 3, Sproqit indicated that it would produce a witness to testify but could not do so until later in May.  Declaration of Sri K. Sankaran submitted herewith ("Sankaran Decl.") ¶2.  Sproqit indicated that May 10 was a particularly bad date because a hearing on Visto's motion for reconsideration was already set for that date.  Id.

On May 5, even though Sproqit said that it could not produce a witness on May 10, Visto went ahead and noticed the deposition for May 10, 2006.  Sankaran Decl. ¶2, Ex. A.  Because Visto intentionally set the deposition for a date on which Sproqit could not appear, Sproqit moved for a protective order.  Id.

On May 10, after addressing Visto's Motion for Reconsideration, the Court essentially mediated the discovery issue.  The end result was that Visto produced a witness to testify later in May,

which is what Sproqit had proposed to do all along. Sproqit designated Don Nicholson to testify on the four noticed, non-technical topics, and that deposition took place on May 31, 2006. Sankaran Decl. ¶2

Sproqit has engaged Dr. David Wilson to study Sproqit's source code and software in order to prepare to testify on Sproqit's behalf should it become necessary later in the litigation. Dr. Wilson has many years experience in software. A copy of his CV is attached as Exhibit B to the Sankaran Declaration. Sproqit engaged Dr. Wilson on May 11—**before** Visto served any deposition notice on technical issues. Dr. Wilson has spent more than 100 hours studying the Sproqit system. He is **not** assisted in his work by Barry Roitblat, Sproqit's former Chief Technical Officer, or by any other former Sproqit employee. Dr. Wilson should be in a position to testify on behalf of the company on technical matters in the next 30 to 60 days. See Sankaran Decl. ¶3.

By May 17, 2006 Visto clearly knew that key Sproqit technical staff had left the company, because on May 17 Visto also issued a subpoena and deposition notice to Sproqit's former Chief Technical Officer, Barry Roitblat, setting the deposition for May 30. Sankaran Decl. Ex. C. Visto cancelled the Roitblat deposition, and has made no apparent effort to reschedule it. Sankaran Decl. ¶4.

Also on May 17, 2006, Visto sent an expanded Rule 30(b)(6) deposition notice, listing eleven topics including highly technical matters. Warder Decl. Ex. B. Visto set the deposition for May 31, without obtaining Sproqit's agreement that it could provide a designee on those topics on that date. Sankaran Decl. ¶4.

Also on May 17, Visto counsel appeared at a hearing in front of Judge Folsom in its case against Microsoft in the Eastern District of Texas. Sankaran Decl. Ex. D. The hearing concerned Microsoft's Motion to Transfer Venue to this district. Visto counsel argued that there was no reason to transfer the case here because "the Sproqit case is about to end." Id. at p.20. Visto did not at that time claim that the Sproqit case was "about to end" as a sanction for any alleged discovery abuse.

On May 18, Sproqit explained that its designee on the four original topics would not be able to address the technical issues, but that Sproqit would try to provide dates when a witness could address those issues. Sankaran Decl. ¶5, Ex. E.

On May 19, Visto counsel Michelle Gillette wrote demanding that Sproqit produce a knowledgeable witness on May 31 or June 1.  Warder Decl. Ex. C.

On May 24, Sproqit explained that it could not produce a witness to testify on the new, highly technical topics on May 31 or June 1, because Sproqit's "employees are no longer with the company." Warder Decl. Ex. D.  (Visto's suggestion there is some effort to "cover up" the fact that Sproqit's employees had left the company, see Visto Br. At 2, is false.)  Sproqit's counsel also objected that the topics were vague and that Visto had purported to serve the notice without conferring on the scheduling of the deposition as required by the Local Rules.  Despite these failings, Sproqit indicated that it would work to get a witness ready on technical topics:

> We hope and expect Visto will work with us to clarify and identify with reasonable particularity the matters on which testimony is sought and comply with the Local Rules regarding scheduling.
>
> In anticipation of those efforts, we will endeavor to produce a witness who is able to testify on the topics identified with reasonable particularity.  As indicated in my letter of May 18, however, we cannot do so on May 31.  As you know, Sproqit is restructuring.  Sproqit's current focus is on vindicating its right to practice the accused technology.  While Sproqit is a going concern and plans to resume operations after the successful conclusion of this litigation, its employees are no longer with the company.  Because the individuals who were involved in developing and promoting the accused technology are no longer with the company, preparing a designee to testify on the matters identified in your most recent notice, to the extent that is even possible, will require a review of corporate records and/or source code.  We are undertaking that review, but this is a slow and cumbersome process.  We will update you on our progress within 30 days.
>
> Please let us know whether Visto will withdraw the May 17 Notice so that we may address scheduling as required by the Local Rules, and define with reasonable particularity the matters on which examination is requested.

Warder Decl. Ex. E.

The following day, May 25, Visto counsel Shawn Hansen agreed that the new topics in the May 17 Notice would not be part of the May 31 deposition, so that the parties could meet and confer about them.  Sankaran Decl. ¶6, Ex. E.  Mr. Hansen agreed that the May 31 deposition would proceed exclusively on the four non-technical topics identified in the May 5 deposition notice.  Sankaran Decl.

Ex. E.  Mr. Hansen agreed to meet and confer the following week regarding the scheduling of the deposition on technical topics.  Id.

Visto never initiated the meet and confer proposed by Mr. Hansen in his May 25 email, and that meet-and-confer did not take place.  Instead, at 5:07 p.m. on Thursday, June 8, while Sproqit was in the midst of preparing its claim construction brief which was due on June 13, Visto counsel Michelle Gillette sent a letter unilaterally setting the deposition for June 16, just eight days later.  Warder Decl. Ex. E.  This letter makes no reference to Mr. Hansen's May 25 email or his agreement to meet and confer regarding the deposition.

On the afternoon of June 12, Sproqit's counsel responded that "we are not in a position to produce a witness on Friday," June 16, as demanded by Visto.  Warder Decl. Ex. F.

A few hours later, Ms. Gillette told Mr. Sankaran that Visto would be "moving for a motion to compel" the designation of the Sproqit's 30(b)(6) witness on the technical topics, and proposed a shortened briefing schedule.  See Sankaran Decl. Ex. G.

Sproqit responded that evening by email, inquiring why there was such urgency to brief and hear a discovery matter that had nothing to do with the claim construction hearing.  Sankaran Decl. Ex. G.

Visto never filed the motion to compel that was the subject of Ms. Gillette's June 12th email.  Instead Visto filed this Motion to Continue and the Motion for Discovery Sanctions.

## ARGUMENT

**I.   Visto's Motion to Continue Should be Denied Because Sproqit Is Complying with its Discovery Obligations**

Visto's primary contention seems to be that this case should be dismissed because Sproqit has no employees and therefore cannot comply with its "discovery obligations."  This is nonsense.  First, even though Sproqit does not have any employees, Sproqit is committed to vindicating its right to practice the accused technology.  Sproqit has pending counterclaims seeking declaratory judgments of noninfringement and invalidity.  Sproqit has retained consultants where necessary to review corporate records and testify on behalf of the company.  Having employees is not a prerequisite to litigating a case.  Second, Sproqit has fulfilled and will continue fulfill all discovery obligations imposed by the Rules and ordered by the Court.   Accordingly, there is no reason whatsoever that the claim

construction hearing—which the parties have spent the last six months preparing for—should be postponed or continued.

### A. Sproqit Has Complied with All Discovery Allegations and Will Continue to Do So

Visto's assertion that "Sproqit is engaged in a pattern of discovery abuse," Visto Br. at 3, is wrong.  To the contrary, Sproqit has tried to cooperate with Visto to schedule the Rule 30(b)(6) deposition that Visto claims it needs.  The only problem is that Visto demands the production of a witness on an unreasonably short period of time.  Visto has **never** moved to compel **any** discovery—not even now.  Yet Visto now seeks to have the case **dismissed** for non-existent discovery "abuses" that have not even been the subject of prior motion practice.

There is a good reason, however, that Visto has never made a motion to compel:  Sproqit has not engaged in any discovery abuse of any kind.  Sproqit duly designated produced a Rule 30(b)(6) witness to testify on its behalf regarding the topics contained in Visto's original Rule 30(b)(6) notice.  And even before Visto expanded the list of topics to include the technical matters, Sproqit had engaged an expert to study its source code and software.  Sankaran Decl. ¶3.  Dr. Wilson's preparation is ongoing, and he should be in a position to testify on technical issues in 30 to 60 days.  Id.  Thus, Sproqit is doing what is reasonable under the circumstances.[1]

The only conceivable complaint that Visto can make is delay.  That complaint rings hollow.  There is no reason why Visto needs to conduct this deposition immediately.  These topics have nothing to do with the upcoming claim construction hearing, and Visto does not even attempt to argue that they do.  Visto only began insisting on this deposition after it knew that Barry Roitblat, Sproqit's Chief Technical Officer was no longer with the company.  Visto's 30(b)(6) Notice on technical topics and its subpoena to Mr. Roitblat were issued on the same day.  If Visto really had an urgent need to understand Sproqit's technology, it would have proceeded with Mr. Roitblat's deposition.

---

[1] Counsel for Sproqit never "admit[ed] that production of a witness is not possible," see Visto Br. at 4.

## II. Visto's Motion to Continue Should be Denied as Futile Because the Motion for Sanctions is Procedurally and Substantively Defective

Visto also contends that preparing for the claim construction hearing will be a waste of resources because its motion to dismiss this case as a discovery sanction will be granted, mooting any need for claim construction. In particular, Visto alleges that Sproqit has violated the discovery rules by failing to designate a Rule 30(b)(6) witness to testify on technical matters. First, what Visto seeks, in effect, is to stay this case while its Motion for Sanctions is pending. Visto cites no authority that supports its position, and Sproqit has found none. For this reason alone, Visto's Motion to Continue should be denied.

Moreover, continuing the claim construction hearing on this basis would be a waste of time because Visto's Motion for Sanctions is both procedurally and substantively defective. It is procedurally defective because Visto may not move for sanctions for a failure to designate until after it after it has made and won a motion to compel. It is substantively defective because, even if any sanction were appropriate under the rules, the ultimate sanction of dismissal would not be appropriate.

### A. Visto's Motion for Sanctions is Procedurally Barred Because it Never Moved to Compel

Visto bases it motion on Rule 37(d). But Rule 37(d) does not apply to a corporate party until after there is a "person designated under Rule 30(b)(6)." Fed. R. Civ. P. 37(d). Instead, Visto's remedy for an alleged failure to designate a witness under Rule 30(b)(6) is to make a motion to compel such a designation under Rule 37(a)(2)(B):

> If . . . a corporation or other entity fails to make a designation under Rule 30(b)(6) . . . the discovering party may move for an order compelling . . . a designation . . . in accordance with the request.

Fed. R. Civ. P. 37(a)(2)(B); see also 23 Am. Jur. 2d Depositions & Discovery, § 92 (2d Ed. 2005) ("If an entity fails to make a designation, the discovering party may move for an order compelling a designation"); Dean v. Ellington, 115 F.R.D. 576, 578 (N.D. Ga. 1987) ("[D]efendants' correct action in this instance would have been to move to compel discovery."). Until Visto makes and wins such a motion, Sproqit's alleged failure to designate a 30(b)(6) witness cannot give rise to *any* sanction, much less the ultimate sanction of dismissal. Cates v. LTV Aerospace Corp., 480 F.2d 620, 623 (5th Cir. 1973) ("In any event, no sanction could be imposed absent a failure and refusal to comply with the

court order."); Wright & Miller, Federal Practice & Proc., § 2103 n.5 ("If a corporate party fails to make a designation *after being ordered to do so by the court*, sanctions can be imposed under Rule 37(b)(2).") (emphasis added); Marlin M. Volz, Depositions Of Organizations: the Designation Procedure Under the Federal Rules, 33 S.D. L. Rev. 236, 245 n.67 (1988) ("[N]o sanction may be imposed absent a failure and refusal to comply with the court order.").

Visto does not cite Rule 37(a)(2)(b)—the only applicable Rule—in either of its pending motions. Instead, Visto makes it appear that Rule 37(d) applies to situations where a party fails to designate a witness under 30(b)(6) by deliberately leaving out the bold, bracketed language in the following block quote:

> [i]f a party or an officer, director, or managing agent of a party [**or a person designated under Rule 30(b)(6)**] fails (1) to appear before the officer who is to take the deposition, after being served with proper notice, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just.

Thus, as a law review article pointed out when Rule 37(d) was originally proposed, the rule provides "sanctions for failure of the designated person to appear, [but] no provision is made for a motion to compel an organization to designate, and **there is no sanction for its failure to do so**." Note, Proposed 1967 Amendments to the Federal Discovery Rules, 68 Col. L. Rev. 271, 298-99. In response to this law review article, the Rules Committee amended Rule **37(a)(2)(B)** to provide a mechanism for compelling a corporate party to designate a 30(b)(6) witness, allowing for sanctions under **37(b)(2)** only if the party subsequently violated a Court's Order to make the designation. Wright & Miller, Federal Practice & Proc., § 2103 n.5 (noting that Rule 37(a)(2)(B) was amended "to meet the objection of a commentator that the lack of a sanction for failure to designate someone to testify for a corporation was a serious flaw in the new procedure").

Although Visto sometimes says that its motion is based on Sproqit's "failure to attend" the deposition, that is wrong. Sproqit counsel explained that it would not be able to designate a witness by June 16 as Visto demanded, and that Sproqit would file a motion for a protective order if that was necessary. Warder Decl. Ex. F. Rather than require Sproqit to file a motion for a protective order, Visto counsel Michelle Gillette informed Sproqit on June 12 that it would be filing a motion to compel Sproqit to designate a Rule 30(b)(6), which, as noted above, is the proper process set out by Rule

37(a)(2)(B).  Accordingly, Sproqit did not file a motion for a protective order.  But instead of filing its motion to compel, Visto filed all three of these motions—*before* the deposition was even *scheduled* to occur.  Accordingly, the deposition was never properly noticed, the deposition never occurred, and no one from Sproqit "failed to attend" it.

Accordingly, the Motion for Sanctions is defective and it would be therefore be futile to put this case on hold and postpone the claim construction hearing in order to hear it.

### B. Even if Sanctions Were Available Dismissal Would be Inappropriate

Even if any sanctions were available, the ultimate sanction of dismissal surely is not.  Visto cites no case that dismisses a case or enters a default for a party's failure to designate a Rule 30(b)(6) witness in the absence of a Court order.  There is no such case because, as shown above, the rules do not allow *any* sanction for failing to designate in the absence of a Court order.  Even the cases Visto does cite prove that the sanction of dismissal is inappropriate here:  "When a **party fails to obey an order** to provide or permit discovery, the Court may make such orders as are just."  Motion to Continue at p.3 (citing Microsoft Corp. v. Wen, 2001 U.S.Dist. LEXIS 18777 at 9 (N.D. Cal. 2001)).  Visto does not even allege that Sproqit has failed to obey an order.

Most importantly, dismissal is an extreme sanction that should be granted only in extraordinary cases.  See, e.g., United States v. Kahaluu Constr. Co., 857 F.2d 600, 603 (9th Cir. 1988).  Even if Sproqit's conduct in this case were sanctionable at all—for instance, if it could be construed as a failure to attend a deposition rather than a failure to designate a witness—it hardly qualifies as an "extreme circumstance" warranting dismissal as a sanction.  Id.; see also Dean, 115 F.R.D. at 578 ("Here, defendants have not preceded their dismissal motion with a motion to compel. Plaintiff is in contempt of no specific court order. Less drastic alternatives have not been sought, much less tried.").  At worst, Visto's allegations amount to an accusation that Sproqit has inconvenienced Visto by delaying the deposition on the technical topics.  But a witness should be available to address technical issues in 30 to 60 days, long before discovery closes in this case. Visto will not be prejudiced at all.  Dismissal as a sanction would therefore be wholly inappropriate, even were sanctions available at all.  Kahaluu, 857 F.2d 605-06.

There is no reason to postpone any aspect of this case while the Motion for Sanctions is pending.

## **CONCLUSION**

For all of the foregoing reasons, Visto's Motion to Continue should be denied and claim construction should go forward as scheduled.

DATED:  June 21, 2006                                              DORSEY & WHITNEY LLP


                                                                           By:  /s/ Sri K. Sankaran         .
                                                                                    Sri K. Sankaran
                                                                                    Attorney for Defendant
                                                                                    Sproqit Technologies, Inc.