United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VISTO CORPORATION,

Plaintiff,

v.

SPROQIT TECHNOLOGIES, INC.

Defendant.

___________________________________/

No. C-04-0651 EMC

**ORDER DENYING PLAINTIFF'S MOTION TO CONTINUE (Docket No. 175)**

Visto has filed a motion to continue the claim construction hearing, currently set for July 5, 2006. Having considered the parties' briefs and accompanying submissions, the Court hereby **DENIES** the motion.

Visto asserts that the claim construction hearing should be continued – more specifically, until after a decision is rendered on a recently filed motion for dismissal sanctions – because (1) Sproqit has not complied with its discovery obligations and (2) by its own admission, Sproqit cannot comply now or in the future with its discovery obligations. Neither argument is persuasive.

First, it is not clear that Sproqit has not complied with its discovery obligations. According to Visto, Sproqit has not complied with its discovery obligations because it refused to produce at 30(b)(6) witness who can testify about, *inter alia*, technological matters. However, based on the evidence submitted, Sproqit never said that it would *not* produce a witness. Rather, counsel for Sproqit informed counsel for Visto that Sproqit was not in a position to produce a witness on the date desired by Visto. Admittedly, counsel for Sproqit did say that Sproqit would produce a witness

"to the extent that [it] is even possible" but this is not yet an outright refusal to comply with discovery.[1] There is no evidence that Visto needs the 30(b)(6) deposition for the claim construction hearing.

Second, to the extent Visto argues that the claim construction hearing should be continued because Sproqit cannot comply with discovery in the future, this argument rests on the premise that Sproqit is no longer a functioning business. However, it is not clear at this juncture that Sproqit is out of business and cannot comply with its litigation obligations. A 30(b)(6) witness who testified on behalf of Sproqit did say that Sproqit had no employees but that was in terms of being paid a salary or wage. Moreover, the witness testified that Sproqit still has a president and the president is restructuring the company. Counsel for Sproqit also informed Visto that Sproqit's president is restructuring the company. Visto's contention that it is *impossible* for Sproqit to comply with discovery is premature. Even if Sproqit is no longer a functioning business, that does not mean that it cannot pursue this litigation. In fact, the opposite seems to be true as Sproqit has, for example, provided an extensive opposition to this motion to continue as well as a full brief for the claim construction hearing.

The Court acknowledges Visto's statements in its motion that it will file (and now has in fact filed) a motion for dismissal sanctions, which if granted would make the claim construction hearing moot. However, at this point, although Visto has filed a dismissal motion, it has not requested that that motion be heard on shortened time (*i.e.*, prior to the claim construction hearing). The Court cannot prejudge the likelihood such a motion will be successful.

Accordingly, Visto's motion to continue the claim construction hearing is DENIED. The parties are advised to meet and confer regarding a tutorial, as previously instructed by the Court. The parties are reminded that the meet and confer should address, *inter alia*, the length each side will be permitted to have and the exchange of any demonstratives prior to the tutorial (so that there will no objections during the tutorial). The parties are also reminded that no argument should be presented during the tutorial. The parties should provide a joint letter to the Court by June 29, 2006,

[1] According to Sproqit, it has hired an expert to study its source code and software, and this expert will be its 30(b)(6) designee on technical matters. *See* Opp'n at 7.

United States District Court
For the Northern District of California

stating the proposed length of the tutorial and certifying that all demonstratives have been exchanged and agreed upon. The tutorial shall be held on July 5, 2006 at 2:30 p.m. The claim construction hearing shall be held on July 6, 2006, at 2:30 p.m.

This order disposes of Docket No. 175.

IT IS SO ORDERED.

Dated: June 26, 2006

EDWARD M. CHEN
United States Magistrate Judge