DORSEY & WHITNEY LLP
SRI K. SANKARAN (Cal. Bar. No. 236584)
555 California Street
Suite 1000
San Francisco, CA 94104-1513
Telephone: (415) 544-7038
Facsimile:  (415) 398-3249

DEVAN V. PADMANABHAN (admitted *pro hac vice*)
Suite 1500
50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

Attorneys for Defendant
Sproqit Technologies, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISTO CORPORATION<br><br>Plaintiff,<br><br>v.<br><br>SPROQIT TECHNOLOGIES, INC.<br><br>Defendant. | NO.: 04-CV-651 (EMC)<br><br>**SPROQIT'S SUPPLEMENTAL BRIEF ON CLAIM CONSTRUCTION** |

Sproqit submits this Supplemental Brief on the three claims terms as to which the parties were ordered to further confer at the July 6, 2006 claim construction hearing.

## I. "Means for translating between the first format and the second format"

Sproqit believes that the structure which corresponds to this mean-plus-function limitation is the Global Translator which translates between the Global Format, Format A and the Format B. The Global Translator is the only structure described by the '708 Patent for performing the function of translating between the first format and the second format. The Global Translator is discussed not just in the description of preferred embodiments, but also in the Abstract, the Background of the Invention and the Summary of the Invention sections of the patent. The Global Translator and is also called out in the very title of the '708 Patent – "System and Method for Using a **Global Translator** to Synchronize Workspace Elements Across a Network" (emphasis added).

At oral argument Visto, relied on the words "a translator" in the first full paragraph in Column 2 of the '708 Patent, and contended that this disclosed a structure other than the Global Translator for performing the recited function. This argument fails for three reasons. <u>First</u>, read in context, "a translator" is a reference back to the "global translator" discussed in the previous paragraph of the patent and highlighted in the patent's title. The same usage can be seen in the Abstract of the patent, where a reference to "a global translator" at the beginning of the Abstract is later followed by a reference to "a translator."

<u>Second</u>, the patent's file history explains that "a translator" is a reference to a "global translator." The words "a translator" on which Visto relies on are found once in the Abstract and once in the first full paragraph of Column 2 of the '708 Patent. In each instance, the words appear in a passage that basically repeats language from Claim 1: "a translator for translating between the first format and the second format." The prosecution history of the '708 Patent, explains that Claim 1 of the '708 Patent recites "a global translator":

> [I]ndependent claims 1 and 17 **recite** a system and method, respectively, for synchronizing two versions of a workspace element across a network using **a global translator**."

Sankaran Declaration (Document 169, filed June 13, 2006), Exhibit M at page 4 of 7 (excerpt from '708 Patent file history) (emphasis added). Thus, not only the context of the written description, but

the express statement of the patentee in the public record make clear that "a translator" referenced in the written description and in Claim 1 is, in fact, the Global Translator.

Third, a patentee that opts to use means-plus-function language must disclose the corresponding structure with a degree of specificity and detail – a passing reference to "a translator" is not enough. This court has previously addressed the level of specificity and detail required. Faroudja Laboratories, Inc. v. Dwin Electronics, Inc., 76 F.Supp.2d 999, 1010-13 (N.D. Cal. 1999) (Williams, J.). In Faroudja, the patent contained a detailed disclosure of a "field comparator" including its various subcomponents. Id. at 1012. A sentence in the patent, however, also referred more generically to a "field comparator 23," and a drawing in the patent showed a box 23 simply labeled "field comparator." Id. In construing the claim term "means for comparing. . . ," the Court held that the corresponding structure was the specific field comparator described in detail with its various subcomponents, and not just any generic field comparator:

> The general description of the comparing means as a "field comparator 23," however, does not sufficiently describe any particular structure. **Allowing the structure to be any "field comparator" would not provide the readers of the patent with adequate notice of the invention's scope**.

Id. at 1012 (footnote omitted) (emphasis added). Similarly, in NOMOS Corporation v. BrainLAB, Inc., 195 F.Supp.2d 606, 613 (D. Del. 2002), the patent recited a "means for indicating" the position of a lesion in a patient's body. The Court construed the corresponding structure to be an ultrasound probe with light emitting diodes or ultrasonic emitters, which the patent described in detail, even though the patent also included language stating that the means for indicating was "a positioning sensing system," and that "any number of convention[al] position sensing systems can be used . . . ." Id. at 614. The Court found that "although the specification suggests that that other possibilities may exist for the position sensing system, these possibilities are not identified or described **in any detail**." Id. at 615 (emphasis added). Consistent with Faroudja and NOMOS, the '708 Patent's passing reference to "a translator" is not sufficiently specific or detailed to constitute structure corresponding to the "means for translating." The structure corresponding to this means-plus-function limitation is the Global Translator which translates between the Global Format, Format A and the Format B.

**II.     "First Format"/"Second Format"**

There are two possible constructions of "first format" and "second format" as used in the claims of the '708 Patent.  <u>The first possible construction</u> is driven by common sense and the plain language of the claims.  Each independent claim of the '708 Patent recites "translating between the first format and the second format."  The claims refer to this translating as a fact, not as a possibility; the claims do not say "translating between the first format and second format **<u>if they are different</u>**."  Common sense dictates that one does not translate between things that are in the same language.  Accordingly, the language of the claim requires that the first and second formats be different.  Claims 2 and 19 are meaningless, which is probably why Visto has not asserted those claims.  Claim differentiation is a presumption which can be overcome (as it is in this case) and which cannot be used to "broaden the claims beyond their meaning in light of the specification. . . ."  <u>The Toro Co. v. White Consolidated Industries, Inc.</u>, 199 F.3d 1295, 1302 (Fed. Cir. 1999).

<u>The second possible construction</u>, which Sproqit prefers, is driven by the prosecution history.  This second approach preserves claims 2 and 19 and harmonizes the language of the claim with the focus of the invention.  The prosecution history explains that Claims 1 and 17 "recite a system and method, respectively, for synchronizing two versions of a workspace element across a network **<u>using a global translator</u>**."  Sankaran Declaration (Document 169, filed June 13, 2006), Exhibit M at page 4 of 7 (excerpt from '708 Patent file history) (emphasis added).  The same argument was also asserted with respect to the other independent claims of the '708 Patent.  <u>Id.</u> at pages 5 of 7 and 6 of 7 (asserting same arguments with respect to independent claims 33 and 34). The written description of the patent teaches that the Global Translator translates through the Global Format:

> The global translator 122 incorporates all the information required by both formats (Format A and Format B) to create the Global Format.

'708 Patent, Column 8, Lines 48-50.

> [The Global Format] is selected to be easily translatable by the global translator 122 to and from Format A and to and from Format B.

'708 Patent, Column 4, Lines 12-14.

Because, as the prosecution history explains, the claims "recite a  system and method . . . using a global translator," the fact of translation does not require that the first and second formats be

different.  Even when the first and second formats are the same, translation still occurs because the global translator translates them into and out of the global format.

Accordingly, the first and second format can be the same or they can be different, but this construction only applies if the claims are also construed to require the use of the Global Translator and Global Format.

**III.    "Initiating steps __ and __ from within the firewall"**

For the reasons set forth in Sproqit's initial claim construction brief and at oral argument, this term should be construed to mean causing the referenced steps to be executed by sending an instruction from within (but not necessarily through) the firewall.

                                        Respectfully submitted,

Dated:  July 24, 2006                        DORSEY & WHITNEY LLP

By: /s/ Sri K. Sankaran _____
     Sri K. Sankaran
     Attorney for Defendant
     Sproqit Technologies, Inc.