DORSEY & WHITNEY LLP
SRI K. SANKARAN (Cal. Bar. No. 236584)
Suite 1000
555 California Street
San Francisco, CA 94104-1513
Telephone: (415) 544-7038
Facsimile: (415) 398-3249

DEVAN V. PADMANABHAN (admitted *pro hac vice*)
Suite 1500
50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

Attorneys for Defendant
Sproqit Technologies, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISTO CORPORATION<br><br>           Plaintiff,<br><br>v.<br><br>SPROQIT TECHNOLOGIES, INC.<br><br>           Defendant. | NO.: 04-CV-651 (EMC)<br><br>**SPROQIT'S SECOND SUPPLEMENTAL MEMORANDUM ON CLAIM CONSTRUCTION** |

Pursuant to the Court's Order of August 4, 2006 ("Order"), Defendant Sproqit submits this Second Supplemental Brief on Claim Construction, addressing the Court's tentative construction of the term "workspace element."

**A.      Statement Regarding Whether Sproqit Agrees With Tentative Construction**

Although the Court's tentative construction of "workspace element" is far superior to that proposed by Visto, Sproqit must respectfully decline to agree with it.  Sproqit believes that its own prior proposed construction of "workspace element" is the most appropriate construction.

**B.     Comments On Tentative Construction**

Sproqit believes that its previously proposed construction of "workspace element" is the construction that is most consistent with the claim language, the written description and the prosecution history.  The patentee, in crafting the patents, defined the basic unit of data as an email in the case of email data, a file in the case of file data, a calendar entry in the case of calendar data, and so on.  As the Court noted in its August 4 Order,

> **<u>Nowhere in the specifications is it suggested that a portion of an e-mail can be considered a workspace element.</u>**

Order at 12 (emphasis added).  Sproqit's proposed construction would merely hold the patentee to the claim scope defined by the teaching of the patent, the prosecution history and the claim language itself.

The Court's Order suggests that Sproqit's proposed construction is too extreme because, if even a single insignificant field were omitted the "workspace element" (such as an e-mail) would cease to be a workspace element.  Order at 13.  Sproqit respectfully submits that the appropriate vehicle for addressing the Court's concern with the omission of insignificant fields is not claim construction, but the doctrine of equivalents.  See <u>Wham-O Inc. v. Sport Dimension, Inc.</u>, 398 F.Supp.2d 1082, 1084 (N.D. Cal. 2005) (noting distinction between claim construction and application of doctrine of equivalents).  The doctrine of equivalents addresses situations where an accused structure is not literally within the scope of the claim, but the differences between the accused structure and the claimed structure are "insubstantial."  <u>Warner-Jenkinson Co. v. Hilton Davis Chemical Co.</u>, 520 U.S. 17, 39-40 (1997).  The impact of omitting insignificant or unimportant fields can be best addressed under the doctrine of equivalents and the various limits on that doctrine.

**C.     Alternative Construction/Proposed Modification To Tentative Construction**

In construing the term workspace element, the Court noted the testimony of Visto's expert, Dr. Head.  Dr. Head identified some of the important and significant fields of an e-mail when he stated that

> the term "e-mail" refers to the message headers, the message body, status indicators (such as (opened/unopened, deleted/undeleted, and other parameters such as urgency, and other message or system dependent parameters, etc.).

Head Decl. at ¶28 (quoted in Order at 14). Sproqit proposes that the Court include the fields identified by Dr. Head as examples, in the context of an e-mail, of some of the fields that the are important or significant. Dr. Head's statement is more an admission by Visto, rather than classic extrinsic evidence.

Accordingly, Sproqit proposed that the Court modify its construction of the term "workspace element" for the '192, '131 and '708 Patents to include a new last sentence that reads:

> Examples of fields that are important or significant in the context of an e-mail include: the message headers, the message body, status indicators (such as opened/unopened, deleted/undeleted), and other parameters (such as urgency), and other message or system dependent parameters, etc.

### D. Comments On Visto's Proposed Alternative Construction

Visto's proposed alternative construction is not supported by, and is contrary to, the intrinsic evidence. Visto proposes that for the '192 and '131 Patents "workspace element" be defined as:

> A portion of workspace data such as an e-mail, file, bookmark, calendar, document, or other user data. While a portion of workspace data is not necessarily a workspace element, a portion is still a workspace element so long as it may be modified and synchronized with an independently modifiable copy of the workspace element.

(Visto's proposed construction for the '708 Patent is similar, but adds reference to "e-mail folders," "file folders," etc.)

Visto's proposal eliminates the statement in the Court's tentative construction that a workspace element is "[a] basic unit of workspace data such as an e-mail, file, bookmark, or calendar," and omits any requirement that "all significant or important components of that unit" be present. Visto's construction would simply allow any portion of an e-mail or calendar entry, etc., to constitute a workspace element. Visto has not identified, and Sproqit cannot comment on, any limits imposed by the words "so long as it may be modified and synchronized." In the past, Visto has argued that even a single field of an e-mail is a workspace element that could by synchronized with its single-field counterpart. Visto's approach should be rejected for the reasons previously articulated by Sproqit and for the reasons stated by the Court in its Order.

1
2  Dated: August 14, 2006
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Respectfully submitted,

DORSEY & WHITNEY LLP

By       /s/
   Sri K. Sankaran
   Attorney for Defendant
   Sproqit Technologies, Inc.