1   MANATT, PHELPS & PHILLIPS, LLP
    RONALD S. KATZ (State Bar No. 85713)
2   rkatz@manatt.com
    ROBERT D. BECKER (State Bar No. 160648)
3   rbecker@manatt.com
    GREG WARDER (State Bar No. 209966)
4   gwarder@manatt.com
    1001 Page Mill Road, Building 2
5   Palo Alto, CA  94304-1006
    Telephone:     (650) 812-1300
6   Facsimile:     (650) 213-0260

7   Attorneys for Plaintiff
    VISTO CORPORATION
8

9                 UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11                  SAN FRANCISCO DIVISION

12

13  VISTO CORPORATION,                Case No.  C 04-0651 EMC

14          Plaintiff,                **VISTO'S REPLY BRIEF IN SUPPORT OF
                                       MOTION TO DISMISS ENTIRE ACTION,**
15      v.                            **INCLUDING COUNTERCLAIMS**

16  SPROQIT TECHNOLOGIES, INC.,       **FED. R. CIV. P. 12(b)(1), 41(a)(2)**

17          Defendant.                **Hearing:**
                                      Date:      August 30, 2006
18                                    Time:      10:30 a.m.
                                      Courtroom:  C
19

20  I.      INTRODUCTION

21          Sproqit has admitted that it is maintaining the instant litigation for the improper purpose

22  of seeking an advisory opinion concerning the value of Sproqit's *unused* technology.  Opposition

23  at 3, 7, 10.  Moreover, although Sproqit characterizes itself as a small company that Visto has

24  picked on, Sproqit neglects to mention that *it* initiated this litigation by suing Visto in the U.S.

25  District Court for the District of Minnesota over alleged tortious misconduct.  *Sproqit Tech. Inc.*

26  *v. Visto Corp.*, No. 04-CV-891(JMR/FLN), 2004 U.S. Dist. LEXIS 22156, *2-*3 (D. Minn.

27  Nov. 2, 2004).  In November 2004, the Minnesota court determined that it did not have personal

28

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Palo Alto

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
CASE NO. C 04-0651 EMC

1   jurisdiction over Visto, and transferred the litigation, including the declaratory relief claims

2   concerning Visto's patents, to the instant Court, which now oversees the matter. *Id.* at *15.

3   In the intervening years, Sproqit has gone out of business, and no longer makes *any* use of

4   the technology accused of infringement in this case. *See* Motion at 3 (and exhibits cited therein);

5   *see also* Declaration of Gerald Trooien In Support of Sproqit's Opposition ("Trooien Decl."), ¶¶4,

6   6.  Sproqit speculates about some future day, when, *assuming* it prevails in the instant litigation,

7   the company "will resume commercial operations."  Trooien Decl., ¶6.  However, Sproqit's use

8   of the future tense underscores that it has no current operations of any kind.

9   Accordingly, and sensibly, Visto seeks to drop its affirmative claims against Sproqit, and

10  will waive any damages for past infringement by Sproqit, which could not pay damages in any

11  event.  These proposed actions eliminate any danger or threat to Sproqit, meaning that there is no

12  valid reason for this litigation to continue.

13  Sproqit's allegation that it "invested millions of dollars and years of effort to develop the

14  accused technology," Opposition at 3, is not a valid reason for the litigation to continue.  This is

15  particularly so in light of Sproqit's refusal to make Mr. Trooien available to be deposed on his

16  declaration filed in support of Sproqit's Opposition.  *See* Declaration of Greg T. Warder In

17  Support Of Visto's Reply Brief In Support Of Motion To Dismiss Entire Action, Including

18  Counterclaims at ¶¶ 2-8, Exs. 1 and 2.  Nor is Sproqit's tough talk about how it is "not going to

19  walk away from that investment" without a determination whether Sproqit's technology infringes

20  Visto's patents a valid reason for continuing the litigation.  Opposition at 3.  On the contrary, it is

21  hard to imagine a clearer admission that Sproqit merely wants an advisory opinion from this

22  Court, although the Court cannot issue such opinions.  *Arrowhead Indus. Water, Inc v.*

23  *Ecolochem, Inc.*, 846 F.2d 731, 736 (Fed. Cir. 1988).

24  Put another way, there is no "cloud" or "*danse macabre*" or "Damoclean threat" here.

25  There is *nothing* here – no threat of litigation and no company or activity to challenge.  The Court

26  should grant Visto's twin requests voluntarily to dismiss its affirmative claims and to dismiss

27  Sproqit's counterclaims for lack of jurisdiction.

28

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Palo Alto

2                              REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
CASE NO. C 04-0651 EMC

1   **II.     ARGUMENT**

2        **A.     This Court Can Dismiss Visto's Affirmative Claims Despite Sproqit's
3                 Counterclaims**

4        In its opening papers, Visto explained that courts generally allow plaintiffs to dismiss their

5   affirmative claims voluntarily under Federal Rule of Civil Procedure ("FRCP") 41(a)(2), and that

6   this Court should follow that well-worn path in the present case because such a dismissal benefits,

7   not prejudices, Sproqit.  Motion at 3-5.  Sproqit's fear of the re-filing of this litigation does not

8   constitute a sufficient basis to deny Visto its right to dismiss its affirmative claims.  *Read Corp. v.*

9   *Bibco Equip. Co., Inc.*, 145 F.R.D. 288, 290 (D.N.H. 1993).  If this lawsuit is dismissed without

10  prejudice as Visto requests, then Sproqit has the option of re-filing if and when a justiciable threat

11  to it arises *and* if it still exists.

12       In opposition, Sproqit argues that FRCP 41(a)(2) *prevents* Visto from voluntarily

13  dismissing its affirmative claims so long as Sproqit keeps pursuing its declaratory relief

14  counterclaims.  Opposition at 3.  Sproqit claims to find support for this argument in *SVG*

15  *Lithography Sys., Inc. v. Ultratech Stepper, Inc.*, 334 F. Supp. 2d 21, 26 (D. Mass. 2004), which

16  supposedly "hold[s] that infringement claims may not be dismissed under Rule 41(a)(2) where

17  declaratory judgment counterclaims were pending."  Opposition at 3.  In reality, however, the

18  *SVG* court *dismissed* both the patentee's affirmative claims and the accused infringer's

19  declaratory relief counterclaims.  *SVG,* 334 F. Supp. 2d at 26.

20       Sproqit is misreading the law.  The FRCP 41(a)(2) "bar" applies only if a counterclaim

21  lacks subject-matter jurisdiction in its own right.  *McGraw-Edison Co. v. Preformed Line Prods.*

22  *Co.,* 362 F.2d 339, 342 (9th Cir. 1966); *Bader v. Electronics for Imaging, Inc.*, 195 F.R.D. 659,

23  663-64 (N.D. Cal. 2000).  Multiple cases establish that patent-related declaratory judgment

24  counterclaims have an independent basis for subject-matter jurisdiction and may proceed even if

25  the Court dismisses the patentee's affirmative claims under FRCP 41(a)(2).  *Technimark Inc. v.*

26  *Crellin, Inc.*, 14 F. Supp. 2d 762, 767 (M.D.N.C. 1998); *Bioxy, Inc. v. Birko Corp.*, 935 F. Supp.

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

3

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
CASE NO. C 04-0651 EMC

737, 740 (E.D.N.C. 1996).[1]  However, as noted in the following section, such cases may not proceed where there is no case or controversy left.

Under this relevant authority, the Court can properly grant Visto's request voluntarily to dismiss its affirmative claims against Sproqit despite the presence of Sproqit's counterclaims.  As Visto stated in its opening papers, however, Visto seeks to dismiss its affirmative claims only if the Court also dismisses Sproqit's counterclaims.

**B.      The Court Lacks Subject-Matter Jurisdiction Over Sproqit's Counterclaims**

In its opening papers, Visto explained that, in combination with Visto's concessions to Sproqit (dismissal of Visto's affirmative claims for patent infringement and waiver of damages for past infringement), Sproqit's cessation of the activity that allegedly infringed Visto's patents eliminates any actual case or controversy and strips this Court of subject-matter jurisdiction over Sproqit's declaratory relief counterclaims.  Motion at 5-7.  *See also Interdigital Tech. Corp. v. OKI Amer., Inc.*, 845 F. Supp. 276, 287 (E.D. Pa. 1994) (because defendant had abandoned its efforts toward making, selling, or using allegedly infringing products, and was not currently engaging in any activity directed toward possible infringement, dismissal of declaratory relief claims was proper); *Spectronics Corp. v. H.B. Fuller Co.*, 940 F.2d 631, 635-36 (Fed. Cir. 1991) (subject-matter jurisdiction over declaratory judgment action must exist at the time the complaint was filed and continue throughout the action), *abrogation on other grounds recognized by Liquid Dynamics Corp. v. Vaughn Co., Inc.*, 353 F.3d 1361, 1370-71 (Fed. Cir. 2004).

Furthermore, Visto cited two cases, *SVG*, 335 F. Supp. 2d 21, and *Hereema Marine Contractors v. Santa Fe Int'l Corp.*, 582 F. Supp. 445, 450 (C.D. Cal. 1984), that hold that an accused infringer which has ceased the allegedly infringing activity cannot perpetuate subject-matter jurisdiction by submitting an affidavit or other statement of general intent to resume the allegedly infringing activity.  In determining that subject matter jurisdiction was absent for declaratory relief counterclaims, the *SVG* Court observed that a "'current desire' and amorphous

---

[1] *See also Halliburton Energy Servs., Inc. v. Weatherford Int'l, Inc.*, No. Civ.A.3:02-CV-1347-N, 2004 WL 2599454, *2 (N.D. Tex. 2004) (To the extent that [defendants] request declaratory judgment simply in order to limit a plaintiff's ability to move for dismissal of his claims, as expressly permitted under Rule 41, that would appear to be a disfavored use of the declaratory judgment process.") (case not reported in official case reporter).

'plans' to use the [accused components] in future [products] . . . are not sufficiently concrete steps to support an Article III case or controversy." *SVG*, 334 F. Supp. 2d at 25. The same can be said of Sproqit's professed "plans" to resume commercial operations at some uncertain future date *if* it prevails in the present litigation.

"When the evidence does not unambiguously demonstrate that a plaintiff immediately intends to engage in the potentially infringing activity . . . declaratory relief is inappropriate." *Hereema*, 582 F. Supp. at 450. *See also BP Chem., Ltd. v. Union Carbide Corp.*, 4 F.3d 975, 980 (Fed. Cir. 1993) (subject-matter jurisdiction for declaratory judgment claim requires present activity which could constitute infringement; a mere interest in practicing the allegedly infringing technology does not satisfy "actual controversy" requirement).

In opposition, instead of contending that it immediately intends to engage in activity potentially infringing Visto's patents, Sproqit readily concedes that its business is over, and might never be revived: "Sproqit intends to fight Visto's claims of infringement and vindicate its right to make, use, offer and sell the accused technology and products. This is the current focus of Sproqit's business." Trooien Decl., ¶4. "*Once this case is litigated to a successful conclusion* Sproqit will resume commercial operations, marketing its technology and products as superior solutions that are free of any claim of infringement." *Id.*, ¶5 (emphasis added). Sproqit gives no details about how it could, or what it is doing to, get the business off the ground again.

These admissions actually support Visto's contention that there is no present case or controversy. Sproqit's business failed, presumably because of its own problems. Sproqit has no set plans to resurrect the failed business. Rather, Sproqit is waiting for an advisory opinion from this Court, which *might* indicate that Sproqit's technology has value because it does not infringe Visto's patents, before deciding what, if anything, to do.

In this fundamental way, Sproqit's situation differs significantly from the potential infringers *on the verge of launching products* in several of the cases (*e.g., Kos Pharm. v. Barr Labs., Inc.*, 242 F. Supp. 2d 311 (S.D.N.Y. 2003)) that Sproqit cites in its Opposition (at 7-10). Unlike those potential infringers and their adverse patentees, Sproqit has no brewing case or

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
CASE NO. C 04-0651 EMC

1  controversy with Visto.  Sproqit's empty protestation that it has not abandoned the accused

2  technology (Opposition at 10) does not change this circumstance.

3        Furthermore, Sproqit's attempt to distinguish the instant case factually from *SVG*, where

4  the court dismissed declaratory relief counterclaims, is disingenuous.  Sproqit claims that

5  Ultratech, the potential infringer in *SVG*, argued that it was developing a *new* "stepper" product

6  with an unknown relationship to the patents-in-suit, whereas Sproqit contends that it may

7  manufacture and market the <u>same</u> products that Visto accused of infringement in this case.

8  Opposition at 8.  On the contrary, Ultratech maintained that "[t]he 'product' at issue here is the

9  mirror mount, *not* a new model of stepper into which that mount will be incorporated.  *It is*

10 *undisputed that the mount at issue was made, used, and sold well before SVGL filed its motion to*

11 *dismiss*… [The potential infringer's] plans…evidence 'concrete steps' to resume the use of *the*

12 *very same mirror-mount* at issue in this case." *SVG*, 334 F. Supp. 2d at 25 (emphasis added).

13 These assertions fairly echo Sproqit's to the effect that the products accused of infringement in

14 this case will return to production in the future.

15       Notably, the *SVG* court found that Ultratech's cessation of the potentially infringing

16 activity ended the case or controversy: notwithstanding Ultratech's stated intention to resume use

17 of the accused products shortly, Ultratech's plans were not sufficiently "concrete."  *SVG*, 334 F.

18 Supp. 2d at 25.  Similarly, this Court should disregard Sproqit's vague and conditional plans to

19 resume use of the accused products some day, depending on how this litigation turns out.  At this

20 time, such resumption of Sproqit's business is pure speculation.  Thus, Sproqit has not

21 demonstrated the existence of an actual case or controversy with Visto.

22     **C.**    **The Court Should Exercise Its Discretion To Decline Subject-Matter**
                  **Jurisdiction Here**

23

24       Visto and Sproqit agree that the Court has discretion to decline to exercise subject-matter

25 jurisdiction here, even if such jurisdiction exists.  Motion at 7; Opposition at 11; See also

26 *Supermicro Computer, Inc. v. Digitechnic, S.A.*, 145 F. Supp. 2d 1147, 1150 (N.D. Cal. 2001)

27 (holding as well-settled district court's discretion to decline to hear declaratory relief claims even

28 if jurisdiction exists); *McGraw*, 362 F.2d at 343 ("a declaratory judgment may be refused where it

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

6

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
CASE NO. C 04-0651 EMC

1    would serve no useful purpose"). Assuming *arguendo* that the Court determines that subject-

2    matter jurisdiction exists, the Court should decline to exercise that jurisdiction because no useful

3    purpose would be served by perpetuating this dead dispute.

4        Sproqit does not currently make, use, sell, offer to sell, or make any other use of the

5    accused technology.  Visto wishes to dismiss all of its affirmative claims, and will not seek

6    damages for past infringement by Sproqit.

7        On the other hand, this Court has a full docket of cases where money or rights are at stake,

8    with more cases coming each day.  Visto respectfully suggests that the Court should spend its

9    precious time and resources on those other cases, rather than this empty shell of a case.

10   **III.    CONCLUSION**

11       For the foregoing reasons, Visto respectfully requests that the Court both dismiss Visto's

12   affirmative claims against Sproqit without prejudice, under FRCP 41(a)(2), and also dismiss

13   without prejudice Sproqit's counterclaims against Visto, under FRCP 12(b)(1).  Visto seeks both

14   aspects of that relief and expressly is not moving for partial relief.

15

16   Dated:  August 16, 2006                     MANATT, PHELPS & PHILLIPS, LLP

17

18                                               By:  /s/ Ronald S. Katz
                                                      Ronald S. Katz
19                                                    *Attorneys for Plaintiff*
                                                      VISTO CORPORATION
20

21

22

23

24   20163933.3

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

7                     REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
                      CASE NO. C 04-0651 EMC