1  DORSEY & WHITNEY LLP
   SRI K. SANKARAN (Cal. Bar. No. 236584)
2  Suite 1000
   555 California Street
3  San Francisco, CA 94104-1513
   Telephone: (415) 544-7038
4  Facsimile:  (415) 398-3249

5  DEVAN V. PADMANABHAN (admitted *pro hac vice*)
   Suite 1500
6  50 South Sixth Street
   Minneapolis, MN 55402-1498
7  Telephone: (612) 340-2600

8  Attorneys for Defendant
   Sproqit Technologies, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| VISTO CORPORATION<br><br>                       Plaintiff,<br><br>        v.<br><br>SPROQIT TECHNOLOGIES, INC.<br><br>                       Defendant. | NO.: C-04-0651 EMC<br><br>**MOTION FOR PROTECTIVE ORDER**<br><br>Date:          October 4, 2006<br>Time:         10:30 a.m.<br>Courtroom: C, 15th Floor<br>Judge:        Edward M. Chen |

PLEASE TAKE NOTICE that on October 4, 2006 at 10:30 a.m., or as soon thereafter as counsel may be heard, Defendant Sproqit Technologies Inc. ("Sproqit") will bring on for hearing before the Honorable Edward M. Chen, a motion for a Protective Order that the Deposition of Gerald Trooien, noticed by Plaintiff Visto Corporation ("Visto") for August 28, 2006 not proceed on the date noticed.  The grounds for this motion are set forth in this motion and the supporting Declaration of Sri K. Sankaran ("Sankaran Decl.") submitted herewith.  This motion is further based on all the files, records and proceedings in this case and on arguments to be presented by counsel at the hearing.

-1-

MOTION FOR PROTECTIVE ORDER – C-04-0651 EMC

This is another dispute over the timing of a deposition.

## GOOD FAITH EFFORTS TO RESOLVE DISPUTE

Counsel for Sproqit, Mr. Sankaran, has conferred with counsel for Visto, Mr. Warder and Ms. Gillette, in an effort to resolve this dispute and avoid this motion. Sankaran Decl. ¶ 2. This conference took place by telephone on August 11, 2006. Id. The conference took place by telephone as Sproqit's counsel was out of town during the week that this issue arose. Id. Consultations occurred thereafter by email. Id. Visto's final position was that it would not withdraw its Notice setting the deposition for August 28, and that the deposition must proceed prior to the August 30 hearing on its motion to dismiss. Id. Sproqit's final position was that: a) the witness could not be produced for deposition prior to the August 30 hearing; b) the witness was available for deposition on September 12; and c) Visto's desire to take the deposition prior to the hearing could be accommodated by Visto re-noticing the hearing for September 13, which is the Court's regular motion day, and the date on which the parties will appear before the Court for a status conference. Id.

## BACKGROUND

With its opposition to Visto's motion to dismiss, Sproqit submitted a two-page declaration from its president, Gerald Trooien. See Docket No. 202. The Trooien Declaration states that Sproqit is currently focused on fighting Visto's claims of infringement and that Sproqit will resume commercial operations once this case has been litigated to a successful conclusion. These facts have been known to Visto for months. See Docket No. 193, Exhibit D, Page 21 of 45.

Visto demanded that Mr. Trooien be produced for deposition before Monday, August 14, supposedly so that Visto could prepare its reply brief in support of the motion to dismiss. See Sankaran Decl. Ex. A. Sproqit responded that a short declaration stating facts long-known to Visto did not require an expedited deposition, and that a deposition on two business days notice was unreasonable. Id. Ex A. Counsel conferred by telephone on Friday, August 11. Id. ¶ 4. During that conference, Sproqit's counsel reiterated that a deposition on the short notice proposed by Visto was unreasonable. Id. During that conference, Visto's counsel for the first time suggested that dates

-2-

beyond August 14 might be acceptable.  Id.   Sproqit's counsel agreed to look in to other dates when Mr. Trooien might be available.  Id.[1]

Visto has noticed Mr. Trooien's deposition for August 28.  Sankaran Decl. Ex. B.  Visto insists that the deposition take place prior to the August 30 hearing on its motion to dismiss.  Id. ¶ 5.  Mr. Trooien cannot be produced for deposition prior to August 30, but Sproqit has offered to produce Mr. Trooien for deposition on the next available date, September 12.  Id.  Sproqit has suggested that if Visto needs the deposition before the hearing on its motion to dismiss, then Visto re-notice its motion for September 13 – which is the Court's regular motion day, and the date on which the parties will appear before the Court for a status conference.  Id.  Visto has refused.  Id.

**ARGUMENT**

There is no reason why Visto must take the deposition of Mr. Trooien prior the hearing on its motion to dismiss.  The facts stated in the Trooien Declaration have been long known to Visto.  If those facts made discovery necessary, then Visto should have undertaken that discovery before filing its motion to dismiss.  Nevertheless Sproqit has offered to produce Mr. Trooien on September 12.  Sproqit's response has been reasonable.  (By comparison, Visto still has not provided any available dates for Mr. Mendez or the other inventors named on the patents-in-suit, even though Sproqit requested available dates on August 2.)  Visto's asserted desire to take the deposition prior to the hearing on its motion to dismiss can be accommodated by Visto re-noticing its motion for September 13 and taking Mr. Trooien's deposition on September 12.

---

[1]   Sproqit could not provide deposition dates right away because Mr. Eck, who will be defending the deposition, was out of town for about a week starting on August 11 due to the death of his father.  Sankaran Decl. ¶ 4, Ex. A.

-3-

## CONCLUSION

For the reasons stated above, Sproqit's motion should be granted.

Respectfully submitted,

DATED:  August 25, 2006                    DORSEY & WHITNEY LLP


By: /s/ Sri K. Sankaran
    Sri K. Sankaran
    Attorneys for Defendant Sproqit
    Technologies, Inc.

4845-1073-6641\1