MANATT, PHELPS & PHILLIPS, LLP
RONALD S. KATZ (State Bar No. 85713)
rkatz@manatt.com
ROBERT D. BECKER (State Bar No. 160648)
rbecker@manatt.com
SHAWN G. HANSEN (State Bar No. 197033)
shansen@manatt.com
1001 Page Mill Road, Building 2
Palo Alto, CA  94304-1006
Telephone:     (650) 812-1300
Facsimile:      (650) 213-0260

Attorneys for Plaintiff
VISTO CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| VISTO CORPORATION,<br><br>            Plaintiff,<br><br>      v.<br><br>SPROQIT TECHNOLOGIES, INC.,<br><br>            Defendants. | Case No.  C 04-0651 EMC<br><br>**MOTION TO VACATE INTERLOCUTORY ORDERS**<br><br>**Hearing:**<br>Date:       November 15, 2006<br>Time:      10:30 a.m.<br>Judge:     Honorable Edward M. Chen<br>               Courtroom C, 15th Floor |

        PLEASE TAKE NOTICE THAT ON November 15, 2006, or as soon thereafter as the matter may be heard, Plaintiff Visto Corporation ("Visto") hereby moves pursuant to Federal Rule of Civil Procedure 54(b) for an order VACATING this Court's interlocutory Orders identified in Appendix A to this Motion.

**I.      INTRODUCTION**

        On July 17, 2006, Visto Corporation filed a Motion to Dismiss the action for lack of subject matter jurisdiction.  (Docket No. 192).  Subsequently, on August 30, 2006, at a hearing on Visto's Motion to Dismiss, Visto provided a covenant in which it promised not to sue Sproqit for

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

infringement of the patents-in-suit. (Quoted in Order Granting Plaintiff's Motion to Dismiss Based On Covenant Not To Sue; And Finding Moot Plaintiff's Motion to Dismiss And Defendant's Motion For Protective Order (Docket No. 231) ("Order Dismissing the Case") at p.2). Following supplemental briefing regarding the impact of Visto's covenant not to sue, on October 4, 2006 the Court issued an Order dismissing this action in its entirety for lack of Article III jurisdiction. *Id*.

Prior to the Court's Order Dismissing the Case, the Court issued a number of interlocutory Orders identified in Appendix A to this Motion (the "Interlocutory Orders"). Because the court lost jurisdiction of this action prior to rendering judgment, the Interlocutory Orders should be vacated.

## II.  THE COURT SHOULD VACATE ITS INTERLOCUTORY ORDERS

When a court loses Article III jurisdiction over an action before final judgment is entered, vacatur and dismissal is automatic. *GFI, Inc. v. Franklin Industries,* 55 F. Supp. 2d 565, 567 (N.D. Miss. 1999) (citing *Goldin v. Bartholow,* 166 F.3d 710, 718 (5th Cir. 1999)). The Ninth Circuit has long "treated automatic vacatur as the 'established practice,' applying whenever mootness prevents appellate review." *Dilley v. Gunn*, 64 F.3d 1365, 1369-1370 (9th Cir. 1995) citing *United States v. Munsingwear*, 340 U.S. 36, 39 (1950); see also *In re Davenport*, 40 F.3d 298, 299 (9th Cir. 1994); *Funbus Systems, Inc. v. California Pub. Utils. Comm'n*, 801 F.2d 1120, 1131 (9th Cir. 1986); *DHL Corp. v. Civil Aeronautics Bd.*, 659 F.2d 941, 944 (9th Cir. 1981); *Boggess v. Berry Corp.*, 233 F.2d 389, 393 (9th Cir. 1956).

In *GFI,* the patentee issued a covenant not to sue which rendered the declaratory judgment action moot and divested the district court of subject matter jurisdiction. *Id*. at 566 citing *Super Sack Mfg. Corp. v. Chase Packaging Corp*., 57 F.3d 1054, 1058-59 (Fed. Cir. 1995). Having reached the conclusion that the covenant divested the court of jurisdiction, the court further concluded that it was compelled to vacate its interlocutory order invalidating claims of the patent at issue as it had no jurisdiction to enter judgment on the patent claims. *Id*. at 568 citing *Goldin*, 166 F.3d. at 718 (stating "Furthermore, this court lost its Article III jurisdiction before entry of final judgment. Accordingly, under *Goldin*, vacatur of the November 20th ruling regarding those

Case3:04-cv-00651-EMC Document232 Filed10/05/06 Page3 of 4

counterclaims is automatic."); see also *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67 (1983); *New Left Education Project v. Board of Regents of University of Texas System*, 472 F.2d 218, 220 (5th Cir. 1973), vacated on other grounds, 414 U.S. 807 ("If mootness occurred prior to the rendering of final judgment by the district court, vacatur and dismissal is automatic. The district court would not have had Article III jurisdiction to render the judgment . . . .").

Here, the Court similarly recognized in its Order Dismissing the Case that Visto's covenant not to sue deprived it of jurisdiction over Sproqit's declaratory judgment counterclaims. (Order Dismissing the Case, p. 10). In fact, the Court questioned whether a justiciable controversy existed even prior to that covenant:

> . . . it should be noted that this Court, even prior to Visto's issuance of the covenant not to sue, had serious questions about the justiciability of this suit in light of Visto's waiver of claim for damages and undisputed information that Sproqit had ceased doing business and was no longer selling the accused products. Under these circumstances, Sproqit was not currently engaged in infringing activity and there was considerable doubt as to the immediacy and concreteness of its intent and ability to do so in the future. *See Sierra Applied Sciences, Inc. v. Advanced Energy Indus., Inc*., 363 F.3d 1361, 1372 (Fed. Cir. 2004) ("In the declaratory-judgment context, 'the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'"). Justiciability hinged on the rather conclusory assertions of Mr. Trooien that "[o]nce this case is litigated to a successful conclusion Sproqit will resume commercial operations . . . ." Trooien Decl. ¶ 6. It was when the Court directed the parties to engage in further discovery to flesh out Mr. Trooien's statements that Visto issued the covenant not to sue.

(Order Dismissing the Case, p. 4-5).

Because the Court lacks Article III jurisdiction, the Court should automatically vacate the Interlocutory Orders. *See Munsingwear*, 340 U.S. at 39; *Dilley*, 64 F.3d at 1369-1370; *GFI, Inc.*, 55 F. Supp. 2d at 567-68; *Goldin*, 166 F.3d. at 718; *Iron Arrow Honor Society*, 464 U.S. 67; *New Left Education Project*, 472 F.2d at 220.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

3

## III. CONCLUSION

Visto respectfully requests that the Court VACATE the Interlocutory Orders because the Court lacks Article III jurisdiction over this case due to mootness.

DATED: October 5, 2006         MANATT, PHELPS & PHILLIPS, LLP


By: /s/ Shawn G. Hansen
    Shawn G. Hansen
    *Attorneys for Plaintiff*
    VISTO CORPORATION

20166969.1