DORSEY & WHITNEY LLP
SRI K. SANKARAN (Cal. Bar No. 236584)
555 California Street, Suite 1000
San Francisco, CA 94104-1513
Telephone: (415) 781-1989
Facsimile:  (415) 398-3249

DEVAN V. PADMANABHAN (admitted *pro hac vice*)
BART TORVIK (admitted *pro hac vice*)
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

Attorneys for Defendant
Sproqit Technologies, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISTO CORPORATION,<br><br>                    Plaintiff,<br><br>     v.<br><br>SPROQIT TECHNOLOGIES, INC.,<br><br>                    Defendant. | NO.: C-04-0651 EMC<br><br>**SPROQIT'S OPPOSITION TO VISTO'S MOTION TO VACATE INTERLOCUTORY ORDERS**<br><br>Date:  November 16, 2006<br>Time:  2:30 p.m.<br>Dept:  Courtroom C, 15th Floor |

When this Court began issuing is claim construction rulings, Visto read the handwriting on the wall, and, seeing that its claim construction was being rejected and its infringement case doomed, Visto quickly moved to end the case by providing Sproqit with a covenant not to sue. Visto now seeks to wipe the *entire* slate clean, by asking the Court to vacate 22 Orders it issued during this lawsuit. But Visto rolled the dice and lost. For example, Visto lost on its motion for preliminary injunction (twice), in its effort to have this Court bound by Judge Ward's claim construction, in its effort to use new matter in the '708 Patent to construe the claims of the '192 and '131 Patents and on the construction of "independently modifiable copy." Visto sensed that it was about to receive more adverse claim

construction rulings, and therefore provided a covenant not to sue and simultaneously asked the Court to not to issue any more claim construction rulings. Having rolled the dice, Visto must now live with the consequences of its actions.

Visto premises its remarkable request on the assertion that vacatur is automatic "[b]ecause the court lost jurisdiction of this action prior to rendering judgment." Visto Br. at 2. This is not the law. "Automatic" vacatur, if it ever was the rule, is the rule no longer. Instead, "[t]he principal inquiry is . . . whether the party seeking relief from the judgment below caused the mootness by voluntary action." U.S. Bancorp v. Bonner Mall P'ship, 513 U.S. 18, 24 (1994). Because Visto caused the alleged mootness by its own actions, Visto is not entitled to vacatur. Visto's motion should be denied.

## BACKGROUND

On August 30, 2006, Visto gave Sproqit a covenant not to sue. In doing so, Visto essentially capitulated on its infringement claims against Sproqit and argued that Visto's covenant divested the Court of jurisdiction over Sproqit's declaratory judgment counterclaims. See Court's 10/4/2006 Order. The Court dismissed Visto's claims with prejudice and dismissed Sproqit's counterclaims without prejudice. Id.

## ARGUMENT

There is no basis on which to vacate the interlocutory orders in this case. First, vacatur is not appropriate when mootness has been caused by the unilateral actions of the party seeking vacatur. Second, Visto's purported authority is inapposite; in fact, Visto's own cases show that vacatur is improper under these circumstances. Third, vacatur would be unfair to Sproqit in this case. For each of these reasons, Visto's motion to vacate should be denied.

**I. Vacatur is Not Appropriate Because Visto's Unilateral Actions Caused The Alleged Mootness**

Visto claims that vacatur is automatic here because the case became moot before judgment was entered. But this is true, if at all, only when the mootness resulted from happenstance. See, e.g., Davis, Cowell, & Bowe, LLP v. S.S.A., 281 F. Supp. 2d 1154, 1155 (N.D. Cal. 2003). "Mootness due to happenstance results where a controversy presented for review has 'become moot due to circumstances unattributable to any of the parties.'" Id. (quoting U.S. Bancorp, 513 U.S. at 23). On the other hand, vacatur is not appropriate where the mootness is due to the unilateral actions of the

party seeking to have the judgment vacated. U.S. Bancorp, 513 U.S. at 24 ("The principle condition to which we have looked is whether the party seeking relief from the judgment below caused the mootness by voluntary action."); Dilley v. Gunn, 64 F.3d 1365, 1370 (9th Cir. 1995) ("[T]he equitable principles . . . cut the other direction where the appellant by his own act prevents appellate review of the adverse judgment."); Davis, 281 F. Supp. 2d at 1155-56.

Here, the alleged mootness is no happenstance. Rather, Visto unilaterally caused the alleged mootness by its own voluntary act of giving a covenant not to sue. By doing so, Visto capitulated on its infringement claims, which were dismissed with prejudice. Thus, Visto forever lost on those claims, and any "lack of continuing interest in the validity of the [patents] is the result of [Visto's] own action." Aqua Marine Supply v. AIM Machining, Inc., 247 F.3d 1216, 1221 (Fed. Cir. 2001). Accordingly, Visto "voluntarily forfeited [its] legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering [its] claim to the equitable remedy of vacatur." U.S. Bancorp, 513 U.S. at 25; see also Aqua Marine, 247 F.3d at 1221. The Court should not allow Visto "to wipe the record clear of the adverse judgment[s] by its own actions." The Ocean Conservancy v. Nat. Marine Fisheries Serv., 416 F. Supp. 2d 972, 977 (D. Haw. 2006).

## II. Visto's Case Law Does Not Support its Motion

Yet Visto seems to think that it can undo the rulings in this case merely by having capitulated. Visto cites no case, however, in which a court grants the relief it seeks—vacatur of every interlocutory order. In fact, in what is apparently the only opinion to rule on such a request, the request was rejected:

> [Plaintiff's] argument ignores that it wishes the Court to vacate all of its previous rulings. These include rulings by three different judges spanning over nine years of litigation. Several include claim construction of patents. Furthermore, the patents at issue are complex, and a special master was required due to the degree of technical complexity. Vacating all the previous rulings in these matters would likely require many of these already decided issues to be re-examined.

Nilssen v. Motorola, Inc., 2002 WL 31369410, *2-4 (N.D. Ill. 2002) (emphasis added). For the same reasons, vacatur of all the interlocutory orders in this case would be inappropriate. See also Clever Devices, Ltd. v. Digital Recorders, Inc., 2004 U.S. Dist. LEXIS 10494 (N.D. Tex. 2004) (refusing joint motion to vacate interlocutory claim construction order); Allen-Bradley Co. v. Kollmorgen Corp., 199

F.R.D. 316 (E.D. Wis. 2001) (same).   There is simply no authority for the proposition that a court should vacate its interlocutory orders when a plaintiff abandons its claims by covenanting not to sue.

The cases Visto does cite are not to the contrary.   In GFI, Inc. v. Franklin Indus., 55 F. Supp. 2d 565 (N.D. Miss. 1999), the court had previously adjudicated defendant's counterclaims on one of the patents-in-suit by declaring its claims invalid. Id. at 567.  While the lawsuit was still pending, however, the plaintiff extended a valid covenant not to sue the defendant on this patent. Id.  Plaintiff then asked the Court to vacate the portion of its order declaring the patent invalid.   Applying Fifth Circuit law,[1] the court held that "vacatur of the [invalidity] ruling regarding those counterclaims is automatic." Id. at 568 (emphasis added).  Accordingly, the court vacated a portion of the single order in which it had adjudicated the now-moot invalidity counterclaims. Id. ("[T]he portion of the court's order dated November 20, 1998, which deemed United States Patent No. 5,480,213 invalid is VACATED.") (emphasis added).  No other order was vacated.

Thus, GFI does not stand for the proposition that every order in a case must be vacated because of a covenant not to sue.  On the contrary, it holds that only interlocutory orders that actually adjudicated the mooted declaratory judgment counterclaims may be vacated.  Here, neither party's claims were ever adjudicated in any of the interlocutory Orders that Visto seeks to vacate.  There is therefore no basis for vacatur of any interlocutory Order in this case.

Visto's other cases are equally inapposite.  All of them stand for the proposition that vacatur of a judgment may be appropriate where a case becomes moot or otherwise non-justiciable as a result of happenstance while on appeal.  See, e.g., Dilley, 64 F.3d at 1369-70; cf. Davis, 281 F. Supp. 2d at 1155-56 ("On the other hand, when mootness results from settlement, absent exceptional circumstances, the losing party voluntarily forfeits its legal remedy of appeal and thereby surrenders its claim to the equitable remedy of vacatur . . . .").  This procedure makes sense where an appeal becomes moot because "[a] party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment." U.S.

---

[1]   Even the Fifth Circuit case cited in GFI notes that vacatur is generally inappropriate "if the mootness can be traced to the actions of the party seeking vacatur." Goldin v. Bartholow, 166 F.3d 710, 719 (5th Cir. 1999).

-4-

Bancorp, 513 U.S. at 25. In those cases, "vacatur clears the path for relitigation of the issues between the parties." Id. at 22 (internal quotation omitted).

This procedure is simply inapplicable here. First, the procedure of automatic vacatur simply has no application to interlocutory orders at the district court level. See, e.g., Home Indemnity Co. v. Farm House Foods Corp., 770 F. Supp. 1348 (E.D. Wis. 1991) ("The defendants' authority is unrelated to the question of whether the district court should vacate a decision and order, because a decision and order is entirely different from a judgment."). Second, the Court has already adjudicated Visto's infringement claims by dismissing them with prejudice. Thus, the Court should not take any action, such as vacatur, which "clears the path for relitigation" of these issues.

Even if these appellate review cases were on point, however, they would not support vacatur in these circumstances. Indeed, Visto badly misinterprets Dilley. Visto quotes Dilley's statement that "[i]n the decades since *Munsingwear*, we have treated automatic vacatur as the 'established practice' whenever mootness prevents appellate review." Id. at 1369. Later in the Dilley opinion, however, the Ninth Circuit abandoned this "established practice" in light of the then-recent Supreme Court opinion in U.S. Bancorp. Id. at 1370 & n.4 ("[A]fter *U.S. Bancorp*, automatic vacatur under *Munsingwear* can no longer be viewed as the 'established practice' whenever a case become moot on appeal."). The "established practice" language originated in U.S. v. Munsingwear, Inc., 340 U.S. 36, 39 (1950). In U.S. Bancorp, however, the Supreme Court explicitly noted that "the opinion in Munsingwear describing the 'established practice' for vacatur was dictum" and ignored it because "[t]his seems to us a prime occasion for invoking our customary refusal to be bound by dicta." U.S. Bancorp, 513 U.S. at 23-24.

Thus, "automatic vacatur," if it ever really was the "established practice" is not the "established practice" any longer. Instead, Dilley correctly notes that, under U.S. Bancorp, "the primary inquiry is whether the appellant caused the mootness by his own voluntary act." Id. As noted above, that is the case here, so vacatur is inappropriate. Id.; see also Allard v. DeLorean, 884 F.2d 464, 467 (9th Cir. 1989) ("[A] dissatisfied litigant should not be allowed to destroy the collateral consequences of an adverse judgment by destroying his own right to appeal."); The Ocean Conservancy, 416 F. Supp. 2d at 977 (noting that the case law "prevents a party from clearing the record of an adverse determination

by unilaterally acting to moot a case"). All of the other cases Visto cites for the proposition that vacatur is automatic predate both Dilley and U.S. Bancorp.

Accordingly, even if this case could be analogized to the cases where an appeal becomes moot while on appeal, vacatur would be inappropriate.

### III.   It Would be Inequitable and Unfair to Vacate the Orders in this Case

Although Visto is mistaken that vacatur is "automatic," it is always true that "a district court may grant vacatur of its own judgment when equitable considerations counsel in favor of vacatur." Davis, 281 F. Supp. 2d 1154, 1156 (N.D. Cal. 2003); Dilley, 64 F.3d at 1370 ("U.S. Bancorp makes clear that the touchstone of vacatur is equity."). It is, however, Visto's "burden, as the party seeking relief from the status quo . . . to demonstrate . . . equitable entitlement to the extraordinary remedy of vacatur." U.S. Bancorp, 513 U.S. at 26. Visto has not even attempted to make this showing. Moreover, here Visto's "voluntary forfeiture of review constitutes a failure of equity that makes the burden decisive," so vacatur must be denied. Id. In any event, vacatur in this case would be inequitable for several other reasons.

First, "Judicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur." U.S. Bancorp, 513 U.S. at 26 (internal quotation omitted). Here, Visto seeks vacatur to vindicate a purely private interest: it seeks to get out from under the Court's unfavorable rulings in this case. There is no other purpose, and certainly no public purpose. Indeed, vacatur would be contrary to the public's interest by denying future courts access to the substantial work this Court has already done on these issues, which are sure to arise in other lawsuits. See, e.g., Avellino v. Herron, 181 F.R.D. 294, 297 (E.D. Pa. 1998). Further, allowing vacatur in cases like this would denigrate the public's interest in fostering early settlement of lawsuits by encouraging litigants to "roll the dice" on claim construction, knowing that a they could always have the decision vacated later by their own unilateral actions. Cf. U.S. Bancorp, 513 U.S. at 27-28 ("*Some* litigants, at least, may think it worthwhile to roll the dice rather than settle . . . .").

Second, vacatur of all the Orders sought by Visto would be unfair to Sproqit by undermining the binding effect of the Court's adjudication of Visto's infringement claims. If the Court were to

apply vacatur here, it would no doubt raise a red flag in potential future lawsuits as to the preclusive effect of the Court's Judgment on Visto's claims.  That Judgment is, of course, res judicata.  But vacatur would unfairly and unjustifiably hinder Sproqit's ability to raise the res judicata defense in future litigation.  See Dilley, 64 F.3d at 1369; Amer. Games, Inc. v. Trade Products, Inc., 142 F.3d 1164, 1167 (9th Cir. 1998).

Third, the Court's Orders in this case are directly relevant to other claims Sproqit has against Visto.  As the Court may recall, Sproqit previously sued Visto for tortious interference and defamation, and the Court dismissed these claims without prejudice as premature.  Visto v. Sproqit, 360 F. Supp. 2d 1064 (N.D. Cal. 2005).  (Visto even seeks to have this published ruling vacated.)  The Court held that these tort claims were "inextricably intertwined" with the merits of Visto's infringement claims, so could safely await the resolution of the infringement claims.  Those infringement claims have now been adjudicated and dismissed with prejudice.  Because Sproqit's ability to succeed these tort claims is "inextricably intertwined" with the Court's decisions on Visto's infringement claims in this case, it would be grossly unfair to Sproqit if the Court vacated its Orders in this case.

## **CONCLUSION**

For the reasons stated above, vacatur is inappropriate in this case, and Visto's motion to vacate should be denied.

Dated:  October 25, 2006

                                                  DORSEY & WHITNEY LLP

                                                  /s/ Sri K. Sankaran
By: _____
      Sri K. Sankaran
      Attorneys for Defendant
      Sproqit Technologies, Inc.